**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Civil Case Number: _____

FILED BY_____ D.C.

AUG 0 9 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Janice Denise Baker
_____
(Write the full name of the plaintiff)

vs. Macy's Florida Stores LLC
_____

_____

_____

_____
(Write the full name of the defendant/s in this case)

**COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

**I.  Party Information**

**A.** Plaintiff: Janice Baker

Address: 4423 Lake Tahoe Circle

Inmate/Prison No.: N/A

*Year* of Birth: 1964 _____ (Do **not** include day or month, pursuant to Fed. R. Civ. P 5.2)

(Write your name, address and prison/inmate number, if applicable)

vs.

**B.** Defendant: Macy's Florida Stores LLC     Defendant: _____

Official Position: _____     Official Position: _____

Place of Employment: _____     Place of Employment: _____

(Write the full name of each defendant, official position and place of employment.  Attach a separate page if you need additional space for additional defendants. )

## II. Statement of Claim

Briefly describe the facts of your case. Describe how each defendant is involved, names of other persons involved, and dates and pl aces. Each claim should be stat ed in a separately num bered paragraph. Please use short and plain statements, with separately numbered paragraphs indicating why the relief requested should be granted. Do not include legal arguments or cite cases or statutes. Attach additional pages, if necessary.

see Attachment of Complaint for Civil Rights Act

## III. Relief Requested

Briefly state what you are requesting from the Court (what do you want the Court to do). Do not include legal arguments or cite cases or statutes. Attach additional pages, if necessary.

1) Move case from State to Federal
2) ADA for ~~Disability~~ Disability Act
3) Civil Rights Act / Civil liberties.
4) punitive damages for pain + suffering in the amount of 275,000 dollars or more

_____

_____

## IV. Jury Demand

Are you demanding a jury trial?    ✗ ___ Yes    ___ No

Signed this ___6___ day of _August_, 20 _21_

_(signature)_
_____
**Signature of Plaintiff**

I declare under penalty of perjury that the foregoing is truce and correct.

Executed on: _August 6, 2021_
_____

_(signature)_
_____
**Signature of Plaintiff**

UNITED STATES DISTRICT COURT • SOUTHERN DISTRICT OF FLORIDA

JANICE BAKER , Plaintiff,

vs.                                                   Case No. ~~21-81395-CV-DMM~~

MACY'S FLORIDA STORES , Defendant(s)

### Motion For Referral To Volunteer Attorney Program

I, JANICE BAKER , am a *pro se* party representing myself in this case, and have requested authorization to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 or am otherwise unable to afford a lawyer. Therefore, I request that the Court refer my request to the Court's Volunteer Attorney Program.   I understand that it will be up to volunteer attorneys, not the Court, to determine whether they wish to represent me.   If a volunteer attorney agrees to take my representation, I will cooperate with that counsel in the preparation and presentation of my case.

Signature: *Janice Baker*
Printed name: JANICE BAKER
Address: 4423 LAKE TAHOE CIRCLE
WEST PALM BEACH, FLORIDA 33409

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served by [specify method of service -- hand delivery/U.S. Mail/other]  on   [date] on all counsel or parties of record on the Service List below.

Signature: *Janice Baker*
Printed name: JANICE BAKER

**SERVICE LIST**
Attorney or Party Name
Attorney or Party E-mail Address
Firm Name
Street Address City, State, Zip Code
Telephone: (xxx) xxx-xxxx
Facsimile: (xxx) xxx-xxxx
Attorneys for Plaintiff/Defendant

# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

JANICE BAKER,

           **Plaintiff,**

vs.

MACYIS FLORIDA STORES LLC,

           **Defendant**

Case No.:  21-81295-CV--DMM

## MOTION TO APPEALTO PROCEED FORMA PAUPERIS AND COMPLAINT OF  CIVIL RIGHTS

Plaintiff pro-se Janice Baker would like to inform the United States District Court on the following reasons for a Motion to Appeal to proceed in Forma Pauperis:

1. The second paragraph of section 1915(a) seems to contemplate initial application to the district court for permission to proceed in forma pauperis, and although the circuit rules are generally silent on the question, the case law requires initial application to the district

- 1

court. *Hayes v. United States*, 258 F.2d 400 (5[th]Cir., 1958),

*cert. den*. 358 U.S. 856, 79 S.Ct. 87, 3 L.Ed.2d 89 (1958);

*Elkins v. United States*, 250 F.2d 145 (9th Cir., 1957) see

364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960); *United*

*States v. Farley*, 238 F.2d 575 (2d Cir., 1956) see 354 U.S.

521, 77 S.Ct. 1371, 1 L.Ed.2d 1529 (1957). D.C. Cir. Rule

41(a) requires initial application to the district court.

2. Plaintiff pro-se Janice Baker was not working when I file

My civil complaint and to proceed in Forma Pauperis with

the United States District Court on July 26, 2021.

3. Honorable Judge Middlebrooks,  Plaintiff pro-se Janice Baker

was just letting you know the amount I was getting paid monthly,

when I am in school ($950.00 dollars), and from  June 9, 2021 to

August 4, 2021 my wages were zero.

4. Honorable Judge Middlebrooks, I am only collecting Social Security

Benefits which is 1, 111 and zero income for wages. This is the reason

why  I proceed in forma pauperis.  Throughout this case from 2016

And 2020 , I received Forma Pauperis from the 15th Judicial Circuit

- 2

Court of the Palm Beaches and 4th Appeal District Circuit Court and was denied a lawyer, which my ADA Disability under **7 CFR § 247.37, Civil rights requirements, I being violated Knowing I should have Indigent Status and forma Pauperis. The Indigent Status was denied on 4/1/21 after writing the Honorable Judge Paige Gillman a Letter, stating I am not working from June 9, 2021 to present due to school being out, and filed a new Indigent Status again on June 14, 2021.**

5. **The second paragraph permits one whose indigency has been previously determined by the district court to proceed on appeal in forma pauperis without the necessity of a re determination of indigence, while reserving to the district court its statutory authority to certify that the appeal is not taken in good faith, 28 U.S.C. §1915(a), and permitting an inquiry into whether the circumstances of theparty who was originally entitled to proceed**

- 3

in forma pauperis have changed during the course of the litigation. cf. Sixth Circuit Rule 26.

6. The final paragraph establishes a subsequent motion in the court of appeals, rather than an appeal from the order of denial or from the certification of lack of good faith, as the proper procedure for calling in question the correctness of the action of the district court. The simple and expeditious motion procedure seems clearly preferable to an appeal. This paragraph applies only to applications for leave to appeal in forma pauperis. The order of a district court refusing leave to initiate an action in the district court in forma pauperis is reviewable on appeal. See *Roberts v. United States District Court*, 339 U.S. 844, 70 S.Ct. 954, 94 Ed. 1326 (1950).

- 4

7. **Honorable Judge Middlebrooks, Plaintiff pro-se Janice Baker civil rights were violated throughout this case from 2016 to 2021 concerning a Notice of Appeal which was dismissed by the 15th Judicial Circuit Court and 4th Appeal District Circuit Court due to a conformed copy and several Petition of Writs. Defendant filing the same motions more than one time, but the 4th Appeal denies there motions, when I was represented by Attorney Dave Roy, but when I begin representing myself as a pro-se, the 4th Appeal District Circuit Court Grant the same motion that was already denied When Attorney Dave Roy was my lawyer. Defendant Filed frivolous motions against plaintiff just to have Her case dismiss by the lower court and 4th Appeal District Circuit Court. (A)** Title 18, U.S.C., Section 242 Deprivation of Rights Under Color of Law :This statute makes it a crime for any person acting under color of law, statute,

- 5

ordinance, regulation, or custom to willfully deprive or

cause to be deprived from any person those rights,

privileges, or immunities secured or protected by the

Constitution and laws of the U.S.This law further prohibits

a person acting under color of law, statute, ordinance,

regulation or custom to willfully subject or cause to be

subjected any person to different punishments, pains,

or penalties, than those prescribed for punishment of

citizens on account of such person being an alien or by

reason of his/her color or race. Acts under "color of any

law" include acts not only done by federal, state, or local

officials within the bounds or limits of their lawful authority,

but also acts done without and beyond the bounds of their

lawful authority; provided that, in order for unlawful acts of

any official to be done under "color of any law," the unlawful

acts must be done while such official is purporting or pretending

to act in the performance of his/her official duties. This definition

includes, in addition to law enforcement officials, individuals

such as Mayors, Council persons, Judges, Nursing Home

- 6

Proprietors, Security Guards, etc., persons who are bound by laws, statutes ordinances, or customs.

## 8. Civil liberties

Civil liberties are guarantees and freedoms that liberal governments commit not to abridge, either by legislation or judicial interpretation, without due process. Though the scope of the term differs between countries, civil liberties may include the freedom of conscience, freedom of press, freedom of religion, freedom of expression, freedom of assembly, the right to security and liberty, freedom of speech, the right to privacy, the right to equal treatment under the law and due process, the right to a fair trial, and the right to life. Other civil liberties include the right to own property, the right to defend oneself, and the right to bodily integrity. Within the distinctions between civil liberties and other types of liberty, distinctions exist between positive liberty/positive rights and negative liberty/negative rights. Plaintiff pro-se Janice Baker, Civil Rights were violated under this Constitution, First Amendment.

## 9. 2 U.S. Code § 1985 - Conspiracy to interfere with civil rights:  (2)OBSTRUCTING JUSTICE; INTIMIDATING PARTY, WITNESS, OR JUROR IF two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the

- 7

**United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to en force, the right of any person, or class of persons, to the equal protection of the laws;**

- 8

## AMERICANS WITH DISABILITIES ACT OF 1990

10. The Americans with Disabilities Act of 1990 or ADA is a civil rights law that prohibits discrimination based on disability. It affords similar protections against discrimination to Americans with disabilities as the Civil Rights Act of 1964, which made discrimination based on race, religion, sex, national origin, and other characteristics illegal, and later sexual orientation.

# CONCLUSION

Honorable Judge Donald Middlebrooks
Plaintiff Janice Baker gave you evidence
To show how I was mistreated throughout
This Macy's case, which does shows Macy's
Florida Stores LLC, who I am filing a complaint
In this civil case, and Macy's Florida Stores LLC
Were represented by Attorneys Resnick & Louis
and Brian L. Harvell ESQ. As a planitiff pro-se
Who does not have the knowledge nor the
understanding as a lawyer, that why I filed a
form for a bono lawyer, who could word everything
like a lawyer should in this Federal setting.
Honorable Judge Donald Middlebrooks, I will never
commit perjury to you nor in your courtroom. My
ADA violation is dealing with several Indigent Status
filed at the lower court regarding my wages, and a
New Indigent Status filed on June 14, 2021, and
Writing Honorable Judge Paige Gillman, a letter

- 9

Explaining the mistake I made for not adding
up my liability debt which includes everything
I owe. Honorable Judge Donald Middlebrooks
I pay 793.00 every month on a 27,000 loan not 293.
The ADA/ Civil Rights of 1964 is part
Of the  Constitution. My Civil Rights are violated
for a number reasons listed in my Motion for
Appeal to proceed in Forma Pauperis. Plaintiff
Pro-se is asking for Punitive Damages, Civil
Right violation under Civil Liberties not being
Treated fairly to a fair trial  at the lower courts
And state courts and services that is provided
By the state and lower court regarding Indigent
Status due to ADA Act for Disabilities in the
Amount of 275,000 dollars or more what ever
The Federal Courts feels is fair in this complaint.

August 6, 2021

Mrs. Janice Baker

4423 Lake Tahoe Circle

West Palm Beach, FL 33409

Rbaker4423@att.net

- 10

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. _____**

JANICE BAKER,
_____
**Plaintiff**

**v.**

Macy's Florida Stores LLC,
_____
**Defendant.**

**CERTIFICATE OF COMPLIANCE RE ADMITTED EVIDENCE**

I, JANICE BAKE _____, as counsel for the plaintiff/defendant,

_____, hereby certify the following:

Check the applicable sections:

☐ **ALL EXHIBITS E-FILED:** All documentary exhibits and photographs of non-documentary physical exhibits offered or introduced into evidence have been electronically filed in CM/ECF.

☒ **EXHIBITS NOT E-FILED:** The following is an itemized list of exhibits that are exempt from mandatory electronic filing pursuant to Local Rule 5.3(b)(3): Exhibit 1

_____

_____

Any original exhibits that have been returned to or retained by the filing party after electronic filing shall be kept for safe keeping until the conclusion of any appeals. Upon order of court, the filing party agrees to return the original exhibits to the Clerk of Court.

This Certificate shall be filed within ten (10) days of the conclusion of a hearing or trial. Failure to timely comply with the requirements of Local Rule 5.3(b) may result in the imposition of sanctions.

Signature: _____       Date: 8-6-21 _____

Filing # 123840672 E-Filed 03/26/2021 12:48:23 PM

IN THE CIRCUIT/COUNTY COURT OF THE 15th _____ JUDICIAL CIRCUIT
IN AND FOR Palm Beach _____ COUNTY, FLORIDA

Janice Baker
_____
Plaintiff/Petitioner or in the interest of
                                    vs.
Macy's Florida Stores LLC
_____
Defendant/Respondent

CASE NO. 502018CA011132OOOOMB

## APPLICATION FOR DETERMINATION OF CIVIL INDIGENT STATUS

**Notice to Applicant:** If you qualify for civil indigence, the filing and summons fees are waived; other costs and fees are not waived.

1. I have 1____ dependents. (Include only those persons you list on your U.S. income tax return.)
   Are you Married? X Yes....No   Does your Spouse Work? X Yes....No   Annual Spouse Income?  $30,000

2. I have a net income of $960.00 _____ paid ( ) weekly ( ) every two weeks (x) semi-monthly ( ) monthly ( ) yearly ( ) other _____.
   (Net income is your total income including salary, wages, bonuses, commissions, allowances, overtime, tips and similar payments, minus  deductions required by law and other court-ordered payments such as child support.)

3. I have other income paid ( ) weekly ( ) every two weeks  ( ) semi-monthly (x) monthly ( ) yearly ( ) other _____.
   (Circle "Yes" and fill in the amount if you have this kind of income, otherwise circle "No")

| | | | |
|---|---|---|---|
| Second Job.............................Yes $ 0 | No | Veterans' benefits.............................Yes $ 0 | No |
| Social Security benefits | | Workers compensation.........................Yes $ 0 | No |
| For you.............................Yes $ 1111 | No | Income from absent family members....Yes $ 0 | No |
| For child(ren).....................Yes $ 0 | No | Stocks/bonds......................................Yes $ 0 | No |
| Unemployment compensation......Yes $ 0 | No | Rental income.....................................Yes $ 0 | No |
| Union payments.....................Yes $ 0 | No | Dividends or interest..........................Yes $ 0 | No |
| Retirement/pensions................Yes $ 0 | No | Other kinds of income not on the list ......Yes $ 0 | No |
| Trusts.................................Yes $ 0 | No | Gifts..................................................Yes $ 0 | No |

I understand that I will be required to make payments for costs to the clerk in accordance with §57.082(5), Florida Statutes, as provided by law, although I may agree to pay more if I choose to do so.

4. I have other assets: (Circle "yes" and fill in the value of the property, otherwise circle "No")

| | | | |
|---|---|---|---|
| Cash.................................Yes $ 0 | No | Savings account.................................Yes $ 0 | No |
| Bank account(s)...................Yes $ 0 | No | Stocks/bonds.....................................Yes $ 0 | No |
| Certificates of deposit or | | Homestead Real Property*...................Yes $ 0 | No |
| Money market accounts...........Yes $ 0 | No | Motor Vehicle*...................................Yes $ 5,000 | No |
| Boats*...............................Yes $ 0 | No | Non-homestead real property/real estate* ...... Yes $ 0 | No |
| | | Other assets*....................................Yes $ 0 | No |

Check one: I ( ) DO (x) DO NOT expect to receive more assets in the near future.  The asset
is $0.00 _____.

5. I have total liabilities and debts of $_____ as follows:  Motor Vehicle $0 _____, Home $75,000 _____, Boat
$0 _____, Non-homestead Real Property $0 _____, Child Support paid direct $0 _____, Credit Cards
$500 _____, Medical Bills $10,000 _____, Cost of medicines (monthly) $200 _____, Other $27,000 _____.

6. I have a private lawyer in this case..........☐ Yes   ☑ No

A person who knowingly provides false information to the clerk or the court in seeking a determination of indigent status under s. 57.082, F.S. commits a misdemeanor of the first degree, punishable as provided in s.775.082, F.S. or s. 775.083, F.S. I attest that the information I have provided on this application is true and accurate to the best of my knowledge.

Signed on March 26, _____, 20 21 .
1984 _____ 8210 _____
Year of Birth   Last 4 digits of Driver License or ID Number
Email address: rbaker4423@att.net
4423 Lake Tahoe Circle West Palm Beach, Florida 33409
Address: Street, City, State, Zip Code

_____
Signature of Applicant for Indigent Status
Print Full Legal Name Janice Denise Baker
Phone Number/s: 561-578-4336

This form was completed with the assistance of: _____
                                    Clerk/Deputy Clerk/Other authorized person.

**CLERK'S DETERMINATION**
Based on the information in this Application, I have determined the applicant to be ☐ Indigent ☐ Not indigent, according to s. 57.082, F.S.

Dated on _____, 20 ___.

_____
Clerk of the Circuit Court
By _____, Deputy Clerk

APPLICANTS FOUND NOT TO BE INDIGENT MAY SEEK REVIEW BY A JUDGE BY ASKING FOR A HEARING TIME. THERE IS NO FEE FOR THIS REVIEW.
Sign here if you want the judge to review the clerk's decision _____

Updated 5/1/2019

Filing # 123840672 E-Filed 03/29/2021 06:56:56 PM

IN THE CIRCUIT/COUNTY COURT OF THE 15th ___ JUDICIAL CIRCUIT
IN AND FOR Palm Beach ___ COUNTY, FLORIDA

Janice Baker
Plaintiff/Petitioner or in the interest of

vs.

Macy's Florida Stores LLC
Defendant/Respondent

CASE NO. 502016CA011132OOOOMB

## APPLICATION FOR DETERMINATION OF CIVIL INDIGENT STATUS

**Notice to Applicant:** If you qualify for civil indigence, the filing and summons fees are waived; other costs and fees are not waived.

1. I have 1 ___ dependents. *(Include only those persons you list on your U.S. income tax return.)*
Are you Married? ✔Yes...No  Does your Spouse Work? ✔Yes...No  Annual Spouse Income? $30,000 ___

2. I have a net income of $950.00 ___ paid ( ) weekly ( ) every two weeks (✔) semi-monthly ( ) monthly ( ) yearly ( ) other ___.
*(Net income is your total income including salary, wages, bonuses, commissions, allowances, overtime, tips and similar payments, minus deductions required by law and other court-ordered payments such as child support.)*

3. I have other income paid ( ) weekly ( ) every two weeks ( ) semi-monthly (✔) monthly ( ) yearly ( ) other ___.
*(Circle "Yes" and fill in the amount if you have this kind of income, otherwise circle "No")*

| | | | |
|---|---|---|---|
| Second Job ...........Yes $ 0 No | Veterans' benefits .............Yes $ 0 No |
| Social Security benefits | Workers compensation.........Yes $ 0 No |
| For you ...........Yes $ 1111 No | Income from absent family members...Yes $ 0 No |
| For child(ren) ...........Yes $ 0 No | Stocks/bonds .............Yes $ 0 No |
| Unemployment compensation ...Yes $ 0 No | Rental income .............Yes $ 0 No |
| Union payments ...........Yes $ 0 No | Dividends or interest.........Yes $ 0 No |
| Retirement/pensions...........Yes $ 0 No | Other kinds of income not on the list ...Yes $ 0 No |
| Trusts...........Yes $ 0 No | Gifts .............Yes $ 0 No |

I understand that I will be required to make payments for costs to the clerk in accordance with §57.082(5), Florida Statutes, as provided by law, although I may agree to pay more if I choose to do so.

4. I have other assets: *(Circle "yes" and fill in the value of the property, otherwise circle "No")*

| | | | |
|---|---|---|---|
| Cash ...........Yes $0 No | Savings account .............Yes $0 No |
| Bank account(s)...........Yes $0 No | Stocks/bonds .............Yes $0 No |
| Certificates of deposit or | Homestead Real Property* .......Yes $0 No |
| Money market accounts...........Yes $0 No | Motor Vehicle* .............Yes $5,000 No |
| Boats* ...........Yes $0 No | Non-homestead real property/real estate* ...Yes $0 No |
| | Other assets* .............Yes $0 No |

Check one: I ( ) DO (✔) DO NOT expect to receive more assets in the near future.  The asset is $0.00.

5. I have total liabilities and debts of $ ___ as follows: Motor Vehicle $0 ___, Home $75,000 ___, Boat $0 ___, Non-homestead Real Property $0 ___, Child Support paid direct $0 ___, Credit Cards $500 ___, Medical Bills $10,000 ___, Cost of medicines (monthly) $200 ___, Other $27,000 ___.

6. I have a private lawyer in this case..........☐Yes  ☑No

A person who knowingly provides false information to the clerk or the court in seeking a determination of indigent status under s. 57.082, F.S. commits a misdemeanor of the first degree, punishable as provided in s.775.082, F.S. or s. 775.083, F.S. I attest that the information I have provided on this application is true and accurate to the best of my knowledge.

Signed on March 26, ___, 2021 ___.

1984 ___ 8210 ___
Year of Birth  Last 4 digits of Driver License or ID Number
Email address: rbaker4423@att.net
4423 Lake Tahoe Circle West Palm Beach, Florida 33409
Address: Street, City, State, Zip Code

Signature of Applicant for Indigent Status
Print Full Legal Name Janice Denise Baker
Phone Number/s: 561-578-4336

This form was completed with the assistance of: ___
Clerk/Deputy Clerk/Other authorized person.

**CLERK'S DETERMINATION**

Based on the information in this Application, I have determined the applicant to be ☐ Indigent, ☐ Not Indigent, according to s. 57.082, F.S.

Dated on ___, 20 ___.
Clerk of the Circuit Court
By ___, Deputy Clerk

APPLICANTS FOUND NOT TO BE INDIGENT MAY SEEK REVIEW BY A JUDGE BY ASKING FOR A HEARING TIME. THERE IS NO FEE FOR THIS REVIEW.
Sign here if you want the judge to review the clerk's decision ___

Updated 5/1/2019

Filing # 97925221 E-Filed 10/27/2019 01:48:20 PM

DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA

FOURTH DISTRICT

JANICE BAKER

      APPELLANT,

VS.

MACY'S FLORIDA STORES LLC,

      APPELLEE,

CASE No: 19-3261

T.C. Case No: 502016CA011132

Dear Honorable Chief Judge Spencer D. Levine,

My name is Janice Baker and I get long term disability as well as indigent

status from the 15th Judicial Circuit Court of Florida of the Palm Beaches,

and 4th Appeal District Court.   According to Florida Statues 57.082 (1) I am

Eligible for court-appointed counsel; which I was denied these things in

The lower court as well the 4th Appeals District Court, and I had to pay

Attorney Dave Roy, a lot of money who did not represent the Appellant

fairly in the Oral Argument, and not showing the evidence that I filed recently

to the 4th Appeal District Court on October 21, 2019.

According to the Florida Constitution, Article V, Section 4, It states

the 4th Appeal District Court had a duty to file a Petition of Writ of

Certiorari, but they did not and Attorney Dave Roy, refuses to do one for

His client, so the Appellant Janice Baker pro-se had to file a Petition of Writ

of Certiorari; which states Petitioner of Writ of Certiorari, and the 4th Appeal

District Court accepted my mistake, but I could amend it to fix the
Mistake to Petition of Writ of Certiorari and Petition of Appendix,
and now the Appellee send a Motion for Sanction on case # 18-3618 making
the Appellant out to be untruthful with her evidence, which I introduce this
Evidence to Attorney Dave Roy, the lower courts, appellee, and now the
4th Appeals District Circuit Court.

I am very upset by the appellee accusation trying to get me to pay money to
them for telling the truth, and if it's not the truth? why not look at the evidence
at the lower court according to Florida Statues 57.105 (1) (a) (b) (2) (3) (a) (b).
I feel the Appellant FCRA is being violated by the Appellee trying to keep the
4th Appeal District Circuit Court from investigating the truth in this case.

I gave the Appellee all the Appellant evidence before I hired Attorney
Dave Roy, which includes a tape recording regarding the surveillance camera
that the Appellee is trying to keep from the 4th Appeal District Circuit Court,
and I informed Judge Meenu Sasser of my discovery, and these are the same
evidence that I submitted on October 21, 2019 in my Petitioner of Writ of
Certiorari and Petitioner of Appendix.

I would like for the 4th Appeal District Circuit Court to appoint me a private counselor
according to Florida Statues 57.082 (1) and 57.081(1) to get to the bottom of this case
why the lower court never closed the Appellant case, and why the Appellee was given
a Final Judgment when this case is still open at the lower case. As the Appellant pro-se
I should be treated fairly in this case just like the lawyers in this case. See attachment
Of the Florida Statues that I am referring too.

I hereby a certify copy of this letter will be e-filed or mailed to Robert J. Squire

And Resnick/Louis at 444 Brickell Avenue Suite #300, Miami, Florida 33131 on

This 27th day of October 2019

October 27, 2019

Mrs. Janice Baker

4423 Lake Tahoe Circle

West Palm Beach, Florida 33409

Rbaker4423@att.net

(561) 578-4336



**Fourth District Court of Appeal**
**110 South Tamarind Avenue**
**West Palm Beach, Florida  33401**
**(561) 242-2000**

## ACKNOWLEDGMENT OF NEW CASE

DATE: October 23, 2019

STYLE:    JANICE D. BAKER          v.    MACY'S FLORIDA STORES, LLC

## 4DCA#: 19-3261

The Fourth District Court of Appeal has received the Petition for Writ of Certiorari reflecting a filing date of October 21, 2019.

The county of origin is Palm Beach.

The lower tribunal case number provided is 502016CA011132.

Fee Status: Waived

The Fourth District Court of Appeal's case number must be utilized on all pleadings and correspondence filed in this cause.  Moreover, ALL PLEADINGS MUST INCLUDE THE ATTORNEY'S FLORIDA BAR NUMBER and a physical address.

---

## ELECTRONIC FILING IS MANDATORY FOR ALL ATTORNEYS
**Incoming filings must be submitted through the Florida Courts E-Filing Portal.**
**Outgoing filings will be sent by the Court through eDCA Casemail (https://edca.4dca.org).**
**Attorneys who have not registered for eDCA will not receive paper documents from the court.**

---

## FILING FEES MAY NOW BE PAID ELECTRONICALLY THROUGH THE FLORIDA COURTS E-FILING PORTAL – SEE THE COURT'S WEBSITE FOR INSTRUCTIONS

---

cc:      Robert J.  Squire          Janice D. Baker              Clerk Palm Beach
         Hon. Meenu Sasser

tw

# M A N D A T E

### from

## DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

This cause having been brought to the Court by appeal, and after due consideration the Court having issued its opinion;

YOU ARE HEREBY COMMANDED that such further proceedings be had in said cause as may be in accordance with the opinion of this Court, and with the rules of procedure and laws of the State of Florida.

WITNESS the Honorable Spencer D. Levine, Chief Judge of the District Court of Appeal of the State of Florida, Fourth District, and seal of the said Court at West Palm Beach, Florida on this day.

**DATE:**                    October 25, 2019
**CASE NO.:**                18-3618
**COUNTY OF ORIGIN:**        Palm Beach
**T.C. CASE NO.:**           502016CA011132XXXXMB

**STYLE:**    **JANICE BAKER**         v.    **MACY'S FLORIDA STORES, LLC**

**LONN WEISSBLUM, Clerk**
**Fourth District Court of Appeal**

Served:

cc:  Dave K. Roy              Robert J. Squire          Brian L Harvell
     Janice D. Baker          Clerk Palm Beach

kr



**Fourth District Court of Appeal**
**110 South Tamarind Avenue**
**West Palm Beach, Florida  33401**
**(561) 242-2000**

## ACKNOWLEDGMENT OF NEW CASE

DATE: December 10, 2018

STYLE:   JANICE BAKER               v.   MACY'S FLORIDA STORES, LLC

### 4DCA#: 18-3618

The Fourth District Court of Appeal has received the Notice of Appeal reflecting a filing date of December 7, 2018.

The county of origin is Palm Beach.

The lower tribunal case number provided is 502016CA011132XXXXMB.

Fee Status: Waived

Case Type:                        Civil                 Other                        Final

The Fourth District Court of Appeal's case number must be utilized on all pleadings and correspondence filed in this cause.  Moreover, ALL PLEADINGS MUST INCLUDE THE ATTORNEY'S FLORIDA BAR NUMBER and a physical address.

## ELECTRONIC FILING IS MANDATORY FOR ALL ATTORNEYS.  Please visit edca.4dca.org to register for eDCA, the court's electronic filing system.

## ATTORNEYS WHO HAVE NOT REGISTERED FOR eDCA WILL NOT RECEIVE FURTHER PAPER DOCUMENTS FROM THE COURT

cc:      Robert J. Squire          Janice Baker              Clerk Palm Beach

kw

Case# 50-2016-CA-011326xxxMB

4D21-1183

JANICE BAKER, Plaintiff

VS

Macy's Florida Stores, Defendant

Dear Honorable Judge Paige Gillman,

My name is Janice Baker, pro-se of this macy's case. I apply for Civil Indigent Status because I get Social Security Benefits, but I was called to the duty of the Board of Nursing to work at the School Board in the isolation room for COVID-19 as an LPN.

I get paid by contract of the 15th & 30th of every month but when school is out I do not get paid. and the amount is different with me for pay. I never had to pay before until now please investigate this the indigent status

Janice Bak

## 2016CA011132 JANICE BAKER V MACY'S FLORIDA STORES LLC

From: Rios Gonzalez, Nidia (nrios@mypalmbeachclerk.com)

To: rbaker4423@att.net

Date: Thursday, April 8, 2021, 12:00 PM EDT

Good afternoon,

As per our conversation, here is the copy of the Application for Civil Indigent Status signed for judge's review of clerk's decision with your letter attached.

Thank you,

**Nidia Rios Gonzalez**

Clerk of the Circuit Court & Comptroller, Palm Beach County
*Serving the Citizens of Palm Beach County*
205 N. Dixie Hwy.
West Palm Beach, FL 33401
561 355-6824 Direct

www.mypalmbeachclerk.com

**Tell us how we're doing at www.mypalmbeachclerk.com/survey.**

 Follow us
ON TWITTER

*Please be advised that Florida has a broad public records law, and all correspondence to me may be subject to disclosure.  Under Florida public records laws email addresses are public records. If you do not want your email address released in response to a public records request, do not send electronic mail to this entity. Instead, contact this office by phone or in writing.*

 c5266d1b-9926-46ae-ae14-748af050af62.pdf
128.6kB

**Filing # 124204807 E-Filed 04/01/2021 04:07:40 PM**

IN THE CIRCUIT/COUNTY COURT OF THE 15th _____ JUDICIAL CIRCUIT
IN AND FOR Palm Beach _____ COUNTY, FLORIDA

Janice Baker
_____
Plaintiff/Petitioner or In the Interest of
vs.

CASE NO. 502016CA011132XXXXMB

Macy's Florida Stores LLC
_____
Defendant/Respondent

## APPLICATION FOR DETERMINATION OF CIVIL INDIGENT STATUS

**Notice to Applicant:** If you qualify for civil indigence, the filing and summons fees are waived; other costs and fees are not waived.

1. I have 1 _____ dependents. (Include only those persons you list on your U.S. income tax return.)
   Are you Married? (Yes.) No   Does your Spouse Work? (Yes.) No   Annual Spouse Income? $36,000

2. I have a net income of $ 950.00 _____ paid ( ) weekly ( ) every two weeks (✓) semi-monthly ( ) monthly ( ) yearly ( ) other _____.
   (Net income is your total income including salary, wages, bonuses, commissions, allowances, overtime, tips and similar payments, minus deductions required by law and other court-ordered payments such as child support.)

3. I have other income paid ( ) weekly ( ) every two weeks ( ) semi-monthly (✓) monthly ( ) yearly ( ) other _____
   (Circle "Yes" and fill in the amount if you have this kind of income, otherwise circle "No")

| | | | | | |
|---|---|---|---|---|---|
| Second Job | Yes $ 0 | No | Veterans' benefits | Yes $ 0 | No |
| Social Security benefits | | | Workers compensation | Yes $ 0 | No |
| For you | (Yes $ 1111 | No | Income from absent family members | Yes $ 0 | No |
| For child(ren) | Yes $ 0 | No | Stocks/bonds | Yes $ 0 | No |
| Unemployment compensation | Yes $ 0 | No | Rental income | Yes $ 0 | No |
| Union payments | Yes $ 0 | No | Dividends or interest | Yes $ 0 | No |
| Retirement/pensions | Yes $ 0 | No | Other kinds of income not on the list | Yes $ 0 | No |
| Trusts | Yes $ 0 | No | Gifts | Yes $ 0 | No |

I understand that I will be required to make payments for costs to the clerk in accordance with §57.082(5), Florida Statutes, as provided by law, although I may agree to pay more if I choose to do so.

4. I have other assets: (Circle "yes" and fill in the value of the property, otherwise circle "No")

| | | | | | |
|---|---|---|---|---|---|
| Cash | Yes $ 0 | No | Savings account | Yes $ 0 | No |
| Bank account(s) | Yes $ 0 | No | Stocks/bonds | Yes $ 0 | No |
| Certificates of deposit or | | | Homestead Real Property* | Yes $ 0 | No |
| Money market accounts | Yes $ 0 | No | Motor Vehicle* | Yes $ 5,000 | No |
| Boats* | Yes $ 0 | No | Non-homestead real property/real estate* | Yes $ 0 | No |
| | | | Other assets* | Yes $ 0 | No |

Check one: I ( ) DO (✓) DO NOT expect to receive more assets in the near future.  The asset is $ 0.00

5. I have total liabilities and debts of $ _____ as follows:  Motor Vehicle $ 0 _____, Home $ 75,000 _____, Boat $ 0 _____, Non-homestead Real Property $ 0 _____, Child Support paid direct $ 0 _____, Credit Cards $ 500 _____, Medical Bills $ 10,000 _____, Cost of medicines (monthly) $ 200 _____, Other $ 27,000 _____.

6. I have a private lawyer in this case .......... ☐ Yes   ☑ No

A person who knowingly provides false information to the clerk or the court in seeking a determination of indigent status under s. 57.082, F.S. commits a misdemeanor of the first degree, punishable as provided in s.775.082, F.S. or s. 775.083, F.S. I attest that the information I have provided on this application is true and accurate to the best of my knowledge.

Signed on March 26, _____, 2021.

1964 _____ 8210 _____        _Janice Baker_____
Year of Birth        Last 4 digits of Driver License or ID Number        Signature of Applicant for Indigent Status

Email address: rbaker4423@att.net        Print Full Legal Name Janice Denise Baker
                                          Phone Number/s: 561-578-4336

4423 Lake Tahoe Circle West Palm Beach, Florida 33409
Address: Street, City, State, Zip Code

This form was completed with the assistance of: _____
                                                Clerk/Deputy Clerk/Other authorized person.

### CLERK'S DETERMINATION

Based on the information in this Application, I have determined the applicant to be ☐ Indigent ☐ Not Indigent, according to s. 57.082, F.S.

Dated on _____, 20 ____.

                                          _____
                                          Clerk of the Circuit Court
                                          By _____, Deputy Clerk

APPLICANTS FOUND NOT TO BE INDIGENT MAY SEEK REVIEW BY A JUDGE BY ASKING FOR A HEARING TIME. THERE IS NO FEE FOR THIS REVIEW.
Sign here if you want the judge to review the clerk's decision _____

Updated 5/1/2019

Filing # 124591917 E-Filed 04/08/2021 03:51:36 PM

## DISTRICT COURT OF APPEALS, FOURTH DISTRICT

**JANICE BAKER,**

      **APPELLANT/PETITIONER,**

    **vs.**

**MACY'S FLORIDA STORES LLC,**

      **APPELLEE/RESPONDENT,**

**Case No.: 4D-21-1183**

**L.T. NO: 502016CA011132XXXX MB**

TO WHOM IT MAY CONCERN:

MY NAME IS JANICE BAKER, APPELLANT PRO-SE INFORMING THE CLERK OF THE 4TH DISTRICT CIRCUIT COURT, I ASK THE HORNOR JUDGE PAIGE GILLMUM TO REVIEW MY CIVIL INDIGENT STATUS DUE TO WORKING AT BROWARD COUNTY SCHOOL BOARD AS A TEMPOARY ISOLATION NURSE FOR COVID-19. STATING TOO THE HONORABLE JUDGE PAIGE GILLMUM I GET PAID ON THE 15TH AND 30TH OF EVERY MONTH, WHICH I MARKED SEMI MONTHLY WHICH I BELIEVE IS THE SAME AS EVERY MONTH IF NOT I MADE A MISTAKE ON THE CIVIL INDIGENT STATUS FORM. I DO NOT GET PAID EVERY YEAR BECAUSE WHEN SCHOOL IS OUT I DO NOT GET PAID AS AN LPN WORKING IN THE ISOLATION FOR COVID-19.

I AM ASKING THE 4TH APPEAL CIRCUIT DISTRICT COURT TO CONTINUE HAVING MY NOTICE TO APPEAL FROM THE 15TH CIRCUIT COURT ON STANDBY UNTIL THE HONORABLE JUDGE REVIEW MY CIVIL INDIGENT STATUS, BEFORE PAYING FEE'S

THANK YOU,

*Janice Baker*

JANICE BAKER

Case # 50-2016-CA-011320000

JANICE BAKER, Plaintiff        4D21-1183

VS

Macy's Florida Stores, Defendant

Dear Honorable Judge Paige Gillman,

My name is Janice Baker, pro se of this Macy's case. I apply for Civil Indigent Status because I get Social Security Benefits, but I was called to the duty of the Board of Nursing to work at the School Board in the isolation room for COVID-19 as an LPN. I get paid by contract of the 15th & 30th of every month but when School is out I do not get paid. and the amount is different with me for pay. I never had to pay before until now please investigate this the Inigent Status

Janice Baker



# THE FOURTH DISTRICT COURT
# OF APPEAL

110 South Tamarind Avenue

West Palm Beach, FL 33401

(561) 242-2000

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RECEIPT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Receipt Number:* R 2021-1037960

*Form of Payment:* Check

*Check Number:* 1130

*Lower Tribunal Case Numbers:* 502016CA011132

*Issue Date:* **04/16/2021**

*Name:* Janice D. Baker *C*

4423 LAKE TAHOE CIRCLE
WEST PALM BEACH, FL
33409

*Note:*

| Service Type | Case Number | Case Style | | Amount |
|---|---|---|---|---|
| Filing Fee $300 | 4D21-1183 | JANICE BAKER vs MACY'S FLORIDA STORE, LLC | | $300.00 |
| | | | **Total:** | $300.00 |

**Page 1 of 1**

**JANICE D BAKER**
4423 LAKE TAHOE CIR
WEST PALM BCH, FL 33409-7853

1130

30-7426/3140

4-16-21 _Date_

Pay to the
Order of ____4th District Circuit Court____ | $ 300.00

____three hundred_____ xoo  _Dollars_

USAA FEDERAL SAVINGS BANK
10750 McDERMOTT PWY
SAN ANTONIO, TEXAS 78288-0544
(210) 456-8000 1-800-832-3724

USAA

For CASa #4D21-1183          Janice Baker          MP

⑆ 3 1 4 0 7 4 2 6 9 ⑆     ⑈ 1 6 0 2 3 7 6 4 5 ⑈     1 1 3 0
TRANSIT ROUTING NUMBER          ACCOUNT NUMBER

MyFloridaCounty Payment Service



Main Circuit Civil Probate  - Receipt

## Your payment has been successfully processed

## Main Circuit Civil Probate  Receipt Number: 31056306

### 04/16/2021 03:51 PM

**Service Information**

Case Nbr./Description: 16ca1132

**Payment Amount**

Amount: $100.00

Service Fee: $3.50

Total: $103.50

**Credit Card Info**

Name on Card: BAKER JANICE

Card Number: ***********6883

There is a non-refundable 3.5% fee per transaction to provide this service.
This service fee is charged by MyFloridaCounty.com.
Your Credit Card Statement will display the vendor name of MyFloridaCounty.com for billing details.
For information on refunds or for general inquiries, please call customer support on (877) 326 8689.



**JOSEPH ABRUZZO**

**RECEIPT**
3991482

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

Printed On:
04/16/2021 03:56
Page 1 of 1

| Receipt Number: 3991482 - Date 04/16/2021 Time 3:56PM | |
|---|---|
| **Received of:** JANICE BAKER<br>4423 LAKE TAHOE CIRCLE<br>West Palm Beach, FL 33409 | |
| **Cashier Name:** DGarcia | **Balance Owed:** 100.00 |
| **Cashier Location:** Main Branch Circuit Civil/Probate/<br>Marriage License | **Total Amount Paid:** 100.00 |
| **Receipt ID:** 10317491 | **Remaining Balance:** 0.00 |
| **Division:** AK: Circuit Civil Central - AK(Civil) | |

| Case# 50-2016-CA-011132-XXXX-MB - PLAINTIFF/PETITIONER: BAKER, JANICE | | | |
|---|---|---|---|
| Item | Balance | Paid | Bal Remaining |
| Fees | 100.00 | 100.00 | 0.00 |
| **Case Total** | **100.00** | **100.00** | **0.00** |

| Payments | | |
|---|---|---|
| Type | Ref# | Amount |
| CREDIT | 31056806 | 100.00 |
| **Total Received** | | **100.00** |
| **Total Paid** | | **100.00** |

**How was your service today?** Please visit www.mypalmbeachclerk.com/survey or send your
feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION AK
CASE NO. 50-2016-CA-011132-XXXX-MB

JANICE BAKER,
     Plaintiff/Petitioner

vs.

MACYS FLORIDA STORES LLC,
     Defendant/Respondent.

_____/

## ORDER ON PLAINTIFF'S MOTION FOR JUDICIAL REVIEW

     THIS CAUSE came before the Court in Chambers on what this Court is treating as a Motion for Judicial Review of Clerk's Indigent Status. Based on a review of the Motion, the court file, and being otherwise fully advised in the premises, it is hereby

     ORDERED AND ADJUDGED that Plaintiff's Motion is DENIED. The Plaintiff does not qualify for civil indigent status pursuant to Section 57.082(4), Florida Statutes.

     **DONE AND ORDERED**, in West Palm Beach, Palm Beach County, Florida this 13th day of April, 2021.

50-2016-CA-011132-XXXX-MB     04/13/2021
Paige Gillman
Circuit Judge

**COPIES TO:**

| | | |
|---|---|---|
| ALEXANDRIA GARCIA | No Address Available | agarcia@rlattorneys.com |
| BRYAN K. BOYSAW | No Address Available | bryan@boysawlaw.com |
| | | deloris@boysawlaw.com |
| G. WARE CORNELL JR. | No Address Available | ware@warecornell.com |
| | | brittne@warecornell.com |
| | | lisa@warecornell.com |
| JANICE BAKER | 4423 LAKE TAHOE CIRCLE West Palm Beach, FL 33409 | DRBAKER4423@ATT.NET |
| JANICE BAKER | No Address Available | rbaker4423@att.net |

Case No. 50-2016-CA-011132-XXXX-MB

| | | |
|---|---|---|
| ROBERT J. SQUIRE | 1001 BRICKELL BAY VIEW DRIVE<br>SUITE 2716<br>MIAMI, FL 33131 | RSQUIRE@RLATTORNEYS.COM<br>bharvell@rlattorneys.com<br>aiftikhar@rlattorneys.com |
| RODNEY G ROMANO | No Address Available | tamara@matrixmediation.com |
| TRICIA BLAIR | No Address Available | tblair@rlattorneys.com |

Filing # 124798367 E-Filed 04/13/2021 10:02:32 AM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION AK
CASE NO. 50-2016-CA-011132-XXXX-MB

JANICE BAKER,
        Plaintiff/Petitioner

vs.

MACYS FLORIDA STORES LLC,
        Defendant/Respondent.
_____/

**District Court of Appeal**

## ORDER ON PLAINTIFF'S MOTION FOR JUDICIAL REVIEW

THIS CAUSE came before the Court in Chambers on what this Court is treating as a Motion for Judicial Review of Clerk's Indigent Status. Based on a review of the Motion, the court file, and being otherwise fully advised in the premises, it is hereby

**DONE AND ORDERED**, in West Palm Beach, Palm Beach County, Florida this 13th day of April, 2021.

50-2016-CA-011132-XXXX-MB      04/13/2021
Paige Gillman
Circuit Judge

**COPIES TO:**

ALEXANDRIA GARCIA No Address Available          agarcia@rlattorneys.com
BRYAN K. BOYSAW       No Address Available      bryan@boysawlaw.com
                                                deloris@boysawlaw.com

G. WARE CORNELL JR. No Address Available         ware@warecornell.com
                                                brittne@warecornell.com
                                                lisa@warecornell.com

JANICE BAKER          4423 LAKE TAHOE CIRCLE    DRBAKER4423@ATT.NET
                      West Palm Beach, FL 33409
JANICE BAKER          No Address Available      rbaker4423@att.net

Page 1 of 2

RECEIVED, 04/13/2021 10:05:31 AM, Clerk,

Case No. 50-2016-CA-011132-XXXX-MB

| | | |
|---|---|---|
| ROBERT J. SQUIRE | 1001 BRICKELL BAY VIEW DRIVE SUITE 2716 MIAMI, FL 33131 | RSQUIRE@RLATTORNEYS.COM bharvell@rlattorneys.com aiftikhar@rlattorneys.com |
| RODNEY G ROMANO | No Address Available | tamara@matrixmediation.com |
| TRICIA BLAIR | No Address Available | tblair@rlattorneys.com |

### IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
### FOURTH DISTRICT, 110 SOUTH TAMARIND AVENUE, WEST PALM BEACH, FL 33401

April 09, 2021

CASE NO.: 4D21-1183
L.T. No.:   502016CA011132

JANICE BAKER                        v.   MACY'S FLORIDA STORE, LLC

Appellant / Petitioner(s)                Appellee / Respondent(s)

**BY ORDER OF THE COURT:**

ORDERED that appellant's April 8, 2021 motion is treated as a motion for extension of time to pay the filing fee and is granted.  Appellant shall pay the filing fee on or before April 30, 2021.

Served:

cc:  Robert J. Squire          Janice D. Baker *C*

ct

**LONN WEISSBLUM, Clerk**
**Fourth District Court of Appeal**

From: Janice Baker <rbaker4423@att.net>
Sent: Tuesday, October 29, 2019 4:42 PM
To: FSC <FSC@flcourts.org>
Subject: ADA grievance complaint

My name is Janice Baker, I have ling term disability and I filled out both Civil Indigent Status

For the 15th Judicial Circuit Court of Palm Beach County and 4th Appeals District Court which

States I have a right to a lawyer according to Florida Status 57.081 and 57.082, after being

Denied of these services.

I had to represent myself after Attorney Bryan Boysaw, Ware Connell, and Dave Roy withdrew

Themselves from this case after asking the Florida Bar, Appeals District Court and 15th Judicial

Circuit Court for help after being misrepresented by these lawyers, and I recently found out

That the lower courts never close my case, but the judge gave the Defendant final judgment

Which doesn't make any since.

I ask the Florida Supreme Court for help after the 4th Appeal Circuit Court refused to do a

Petition of Writ of Certiorari which left the Appellant pro-se to issue her own Petition of Writ

Of Certiorari to the 4th Appeal District Circuit Court , after the Florida Supreme Court denied

My claim due elaborated decision.

I feel my Florida Constitution Article V, Section 4  and Section 3 have let this ADA disability

Person down by not offering a lawyer to her according to Florida Status 57.081 and 57.082

And now the Appellee trying to file a Motion of Sanction on the Appellant which doesn't

Make any since when I provided the lower courts, 4th Appeals, Florida Supreme court my

Evidence for review.

Thank you,

Janice Baker

Sent from Mail for Windows 10

RE: ADA grievance complaint

From: FSC (fsc@flcourts.org)

To: rbaker4423@att.net

Date: Thursday, October 31, 2019, 02:38 PM EDT

Dear Mrs. Baker:

In response to your e-mail relative to your ADA grievance, please be advised that we are unsure what relief you are requesting from this Court. If you are attempting to file a case with the Florida Supreme Court, this letter is without prejudice for you to refile a proper writ petition seeking specific relief. Absent a proper writ petition and/or appeal, our office is without jurisdiction to assist you. You may also want to refer to the Appellate Practice Section of The Florida Bar's Pro Se Handbook available online http://prose.flabarappellate.org/default.asp . However, if you are seeking review of a lower tribunal decision, you must provide a copy of the lower tribunal's decision that you wish this Court to review.

Please be advised that the Florida Supreme Court may act only in those cases which are properly before it as mandated by the Florida Constitution and it appears your correspondence fails to invoke the Court's jurisdiction. If you are attempting to file a court case with the Florida Supreme Court, you must do so by using the statewide portal or by delivering paper documents to our office.

Sincerely,

John A. Tomasino, Clerk

The Florida Supreme Court

500 South Duval Street

Tallahassee, Flordia 32399

(5)  APPOINTMENT OF COUNSEL.—In appointing counsel after a determination that a person is indigent under this section, the court shall first appoint the office of criminal conflict and civil regional counsel, as provided in s. 27.511, unless specific provision is made in law for the appointment of the public defender in the particular civil proceeding. The court shall also order the person to pay the application fee under subsection (1), or enroll in a payment plan if he or she is unable to pay the fee, if the fee remains unpaid or if the person has not enrolled in a payment plan at the time the court appoints counsel. However, a person who is found to be indigent may not be refused counsel.

**57.082  Determination of civil indigent status.**—

(1)  APPLICATION TO THE CLERK.—A person seeking appointment of an attorney in a civil case eligible for court-appointed counsel, or seeking relief from payment of filing fees and prepayment of costs under s. 57.081, based upon an inability to pay must apply to the clerk of the court for a determination of civil indigent status using an application form developed by the Florida Clerks of Court Operations Corporation with final approval by the Supreme Court.

any judicial or administrative agency proceeding or who initiates such proceeding shall receive the services of the courts, sheriffs, and clerks, with respect to such proceedings, despite his or her present inability to pay for these services. Such services are limited to filing fees; service of process; certified copies of orders or final judgments; a single photocopy of any court pleading, record, or instrument filed with the clerk; examining fees; mediation services and fees; private court-appointed counsel fees; subpoena fees and services; service charges for collecting and disbursing funds; and any other cost or service arising out of pending litigation. In any appeal from an administrative agency decision, for which the clerk is responsible for preparing the transcript, the clerk shall record the cost of preparing the transcripts and the cost for copies of any exhibits in the record. A party who has obtained a certification of indigence pursuant to s. 27.52 or s. 57.082 with respect to a proceeding is not required to prepay costs to a court, clerk, or sheriff and is not required to pay filing fees or charges for issuance of a summons.

FACT SHEET OCR

U.S. Department of Health and Human Services • Office for Civil Rights • Washington, D.C. 20201 • (202) 619-0403

# YOUR RIGHTS UNDER THE AMERICANS WITH DISABILTIES ACT

## What Is the Americans with Disabilities Act?

The Americans with Disabilities Act (ADA) of 1990 provides comprehensive civil rights protections to individuals with disabilities in the areas of employment, state and local government services, public accommodations, transportation, and telecommunications.

## Who Is Protected Under the ADA?

The ADA protects *qualified individuals with disabilities*. An *individual with a disability* is a person who has a physical or mental impairment that substantially limits major life activities; has a record of such an impairment; or is regarded as having such an impairment. *Major life activities* means functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working. Under the ADA, *a qualified individual with a disability* is an individual with a disability who meets the essential eligibility requirements for receipt of services or participation in programs or activities. Whether a particular condition constitutes a disability within the meaning of the ADA requires a case-by-case determination.

*Physical or mental impairments* include, but are not limited to: visual, speech, and hearing impairments; mental retardation, emotional illness, and specific learning disabilities; cerebral palsy; epilepsy; muscular dystrophy; multiple sclerosis; orthopedic conditions; cancer; heart disease; diabetes; and contagious and noncontagious diseases such as tuberculosis and HIV disease (whether symptomatic or asymptomatic).

## What Is Title II of the ADA?

Title II of the ADA prohibits discrimination against *qualified individuals with disabilities* on the basis of disability in all programs, activities, and services of public entities. Public entities include state and local governments and their departments and agencies. Title II applies to all activities, services and programs of a public entity.

The Office for Civil Rights (OCR) within the U.S. Department of Health and Human Services has been designated enforcement responsibility under Title II of the ADA for state and local health care and human service agencies.

### Specific Requirements

Public entities **may not**:

- ✗ Refuse to allow a person with a disability to participate in, or benefit from, their services, programs or activities because the person has a disability.

- ✗ Apply eligibility criteria for participation in programs, activities and services that screen out or tend to screen out individuals with disabilities, unless they can establish that such criteria are necessary for the provision of services, programs or activities.

- ✗ Provide services or benefits to individuals with disabilities through programs that are separate or different, unless the separate programs are necessary to ensure that the benefits and services are equally effective.

Public entities **must**:

- ✔ Provide services, programs and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities.

- ✔ Make reasonable modifications in their policies, practices and procedures to avoid discrimination on the basis of disability, unless they can demonstrate that a modification would fundamentally alter the nature of their service, program or activity.

- ✔ Ensure that individuals with disabilities are not excluded from services, programs and activities because buildings are inaccessible.

- ✔ Provide auxiliary aids to individuals with disabilities, at no additional cost, where necessary to ensure effective communication with individuals with hearing, vision, or speech impairments. (Auxiliary aids include such services or devices as: qualified interpreters, assistive listening headsets, television captioning and decoders, telecommunications devices for the deaf [TDDs], videotext displays, readers, taped texts, brailled materials, and large print materials.)

## Who May File a Complaint with OCR?

Any individual who believes that he or she or a specific individual or class of individuals has been subjected to discrimination on the basis of disability, in a health or human service program or activity conducted by a covered entity, may file a complaint with OCR. Complaints must be filed within 180 days from the date of the alleged discrimination. OCR may extend the 180-day deadline if you can show "good cause."

Include the following information in your written complaint, or request a Discrimination Complaint Form from an OCR Regional or Headquarters office (complaints must be signed by the complainant or an authorized representative):

- Your name, address, and telephone number.
- Name and address of the entity you believe discriminated against you.
- How, why, and when you believe you were discriminated against.
- Any other relevant information.

Send your complaint to the Regional Manager at the appropriate OCR Regional Office, or to the address below. Upon receipt, OCR will review the information provided. If we determine we do not have the authority to investigate your complaint, we will, if possible, refer it to an appropriate agency. Complaints alleging employment discrimination on the basis of disability against a single individual may be referred to the U. S. Equal Employment Opportunity Commission for processing.

Private individuals may also bring lawsuits against a public entity to enforce their rights under Title II of the ADA; and may receive injunctive relief, compensatory damages, and reasonable attorney's fees.

**For Further Information, Contact:**
**Director**
**Office for Civil Rights**
**U. S. Department of Health and Human Services**
**200 Independence Avenue, SW - Room 506-F**
**Washington, D.C. 20201**

**Hotlines: 1-800-368-1019 (Voice)   1-800-537-7697 (TDD)**
**E-Mail: ocrmail@hhs.gov      Website: http://www.hhs.gov/ocr**

Your Rights Under the Americans with Disability Act
(H-140/June 2000 – revised June 2006 - English)

# EXHIBIT 2

**IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA**
**FOURTH DISTRICT, 110 SOUTH TAMARIND AVENUE, WEST PALM BEACH, FL 33401**

December 10, 2018

CASE NO.: **4D18-3618**
L.T. No.:   502016CA011132XXXXMB

JANICE BAKER                         v.   MACY'S FLORIDA STORES, LLC

Appellant / Petitioner(s)                    Appellee / Respondent(s)

**BY ORDER OF THE COURT:**

It appearing that the order to which the Notice of Appeal is directed is a non-appealable, non-final order, appellant(s) shall have thirty (30) days from the date of this order to obtain a final order and to file a copy in this court.  Failure to do so will result in sua sponte dismissal of the appeal.  *Dobrick v. Discovery Cruises, Inc.*, 581 So. 2d 645 (Fla. 4th DCA 1991); *see also Rust v. Brown*, 13 So. 3d 1105, 1107 (Fla. 4th DCA 2009) ("An order merely granting a motion for summary judgment is not a final order because it does not enter judgment for or against a party.").

ORDERED that the trial court is specifically authorized, pursuant to Florida Rule of Appellate Procedure 9.600(b), upon appropriate application, to enter a final order in these proceedings.

Served:

cc:   Robert J. Squire              Janice Baker                Clerk Palm Beach

kw

**LONN WEISSBLUM, Clerk**
**Fourth District Court of Appeal**

## IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
### FOURTH DISTRICT, 110 SOUTH TAMARIND AVENUE, WEST PALM BEACH, FL 33401

December 26, 2018

**CASE NO.: 4D18-3618**
L.T. No.:     502016CA011132XXXXMB

JANICE BAKER                     v.   MACY'S FLORIDA STORES, LLC

Appellant / Petitioner(s)              Appellee / Respondent(s)

**BY ORDER OF THE COURT:**

ORDERED, within ten (10) days from the date of this order, appellant shall file a response which advises this court as to whether her December 17, 2018 "Motion for Reconsideration" should be treated as her initial brief.

Served:

cc:  Robert J. Squire              Janice Baker

kh

*Lonn Weissblum*

**LONN WEISSBLUM, Clerk**
**Fourth District Court of Appeal**

**IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT, 110 SOUTH TAMARIND AVENUE, WEST PALM BEACH, FL 33401**

December 27, 2018

CASE NO.: 4D18-3618
L.T. No.:    502016CA011132XXXXMB

JANICE BAKER                             v.   MACY'S FLORIDA STORES, LLC

Appellant / Petitioner(s)                      Appellee / Respondent(s)

**BY ORDER OF THE COURT:**

ORDERED that appellant's December 27, 2018 motion for extension of time is granted, and the time for appellant to comply with this court's December 26, 2018 order is extended thirty (30) days from the date of this order.

Served:

cc:   Robert J. Squire          Janice D. Baker

kh

LONN WEISSBLUM, Clerk
Fourth District Court of Appeal

**IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA**
**FOURTH DISTRICT, 110 SOUTH TAMARIND AVENUE, WEST PALM BEACH, FL 33401**

January 14, 2019

CASE NO.: 4D18-3618
L.T. No.:     502016CA011132XXXXMB

JANICE BAKER                    v.   MACY'S FLORIDA STORES, LLC

Appellant / Petitioner(s)                    Appellee / Respondent(s)

**BY ORDER OF THE COURT:**

ORDERED that the appellant's December 21, 2018 motion for reconsideration is denied as moot in light of the filing of the initial brief, without prejudice to filing a proper pleading.

Served:

cc:  Robert J. Squire         Janice D. Baker

kh

*Lonn Weissblum*

**LONN WEISSBLUM, Clerk**
**Fourth District Court of Appeal**



**IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT, 110 SOUTH TAMARIND AVENUE, WEST PALM BEACH, FL 33401**

February 18, 2019

CASE NO.: 4D18-3618

L.T. No.:      502016CA011132XXXXMB

JANICE BAKER                          v.   MACY'S FLORIDA STORES, LLC

---

Appellant / Petitioner(s)                  Appellee / Respondent(s)

**BY ORDER OF THE COURT:**

ORDERED that appellant's February 11, 2019 "unopposed motion to allow striking and refiling of initial brief" is treated as a motion for leave to amend the initial brief and is granted. The initial brief is stricken from the docket. An amended brief in compliance with the Florida Rules of Appellate Procedure shall be filed within twenty (20) days from the date of this order. Further,

ORDERED that appellant's January 15, 2019 "petitions for rehearing and rehearing en banc, motion for clarification" is denied. Further,

ORDERED that appellee's January 22, 2019 motion for extension of time is denied without prejudice to refile once appellant files the amended initial brief. Further,

ORDERED that appellant's January 22, 2019 motion to file flash drive is denied. Further,

ORDERED that appellant's January 28, 2019 "notice of appearance and motion to file emails" is denied. Further,

Upon consideration of appellant's February 11, 2019 response, it is ORDERED that appellee's January 30, 2019 "amended motion to dismiss the appeal or strike the initial brief" is denied.

Served:

cc:  Dave K. Roy              Robert J. Squire              Brian L Harvell

kh



**LONN WEISSBLUM, Clerk**
**Fourth District Court of Appeal**

**IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT, 110 SOUTH TAMARIND AVENUE, WEST PALM BEACH, FL 33401**

May 09, 2019

CASE NO.: 4D18-3618
L.T. No.:    502016CA011132XXXXMB

JANICE BAKER                    v.   MACY'S FLORIDA STORES, LLC

| Appellant / Petitioner(s) | Appellee / Respondent(s) |

**BY ORDER OF THE COURT:**

ORDERED that appellee's May 8, 2019 notice of withdrawal of motion for an extension of time to file appellee's brief is treated as a motion to withdraw said document and is granted. The appellee's May 7, 2019 motion for extension of time to file appellee's answer brief is considered withdrawn.


Served:

cc:   Dave K. Roy            Robert J. Squire            Brian L Harvell

kh



**LONN WEISSBLUM, Clerk**
**Fourth District Court of Appeal**

**IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA**
**FOURTH DISTRICT, 110 SOUTH TAMARIND AVENUE, WEST PALM BEACH, FL 33401**

June 20, 2019

CASE NO.: 4D18-3618
L.T. No.:    502016CA011132XXXXMB

JANICE BAKER                    v.   MACY'S FLORIDA STORES, LLC

---

Appellant / Petitioner(s)              Appellee / Respondent(s)

**BY ORDER OF THE COURT:**

ORDERED that appellant's June 19, 2019 motion to supplement the record is granted. The material requested in the motion shall be included in the record on appeal. The clerk of the lower tribunal shall prepare and file the supplemental material in this court within ten (10) days from the date of this order. Appellant shall monitor the supplementation process.


Served:

cc:   Dave K. Roy              Robert J. Squire              Brian L Harvell
      Clerk Palm Beach

kh


*Lonn Weissblum*

**LONN WEISSBLUM, Clerk**
**Fourth District Court of Appeal**

FILED
JUN 2 0 2019
SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

000999

**IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA**
**FOURTH DISTRICT, 110 SOUTH TAMARIND AVENUE, WEST PALM BEACH, FL  33401**

July 25, 2019

CASE NO.: 4D18-3618

L.T. No.:    502016CA011132XXXXMB

JANICE BAKER                              v.   MACY'S FLORIDA STORES, LLC

---

Appellant / Petitioner(s)                          Appellee / Respondent(s)

**BY ORDER OF THE COURT:**

After reviewing the briefs, the court, pursuant to Florida Rule of Appellate Procedure 9.320, has dispensed with oral argument.  The case will be submitted to a conference by a panel of the court.

Served:

cc:  Dave K. Roy                 Robert J.  Squire                    Brian L Harvell

mj

LONN WEISSBLUM, Clerk
**Fourth District Court of Appeal**



DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JANICE BAKER,**
Appellant,

v.

**MACY'S FLORIDA STORES, LLC,**
Appellee.

No. 4D18-3618

[October 3, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Meenu Sasser, Judge; L.T. Case No. 50-2016-CA-011132-XXXX-MB.

Dave K. Roy of Roy & Associates, P.A., West Palm Beach, for appellant.

Brian L. Harvell and Robert J. Squire of Resnick & Louis, P.C., Miami, for appellee.

PER CURIAM.

*Affirmed.*

DAMOORGIAN, CIKLIN and GERBER, JJ., concur.

\*          \*          \*

*Not final until disposition of timely filed motion for rehearing.*

**IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA**
**FOURTH DISTRICT, 110 SOUTH TAMARIND AVENUE, WEST PALM BEACH, FL 33401**

October 31, 2019

CASE NO.: **4D19-3261**
L.T. No.:    502016CA011132

JANICE D. BAKER                         v.    MACY'S FLORIDA STORES, LLC

_____
Appellant / Petitioner(s)                              Appellee / Respondent(s)

**BY ORDER OF THE COURT:**

ORDERED that the document Petitioner filed on October 28, 2019 titled "Motion to Chief Judge Honorable Spencer D. Levine" is stricken as unauthorized. Petitioner has no right to the appointment of counsel in this civil proceeding; further,

ORDERED that respondent's October 29, 2019 amended motion for sanctions is denied; further,

ORDERED that the petition for writ of certiorari is dismissed. To the extent petitioner is asking for rehearing or a written opinion in 4D18-3618, the request is untimely. Fla. R. App. P. 9.330(a)(1).

GROSS, DAMOORGIAN and KLINGENSMITH, JJ., concur.


Served:

cc:     Robert J. Squire            Janice D. Baker            Clerk Palm Beach
        Hon. Meenu Sasser

dl

_____
**LONN WEISSBLUM, Clerk**
**Fourth District Court of Appeal**



Filing # 98285869 E-Filed 11/03/2019 06:14:30 PM

**IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA**
**FOURTH DISTRICT, 110 SOUTH TAMARIND AVENUE, WEST PALM BEACH, FL 33401**

October 31, 2019

CASE NO.: 4D19-3261
L.T. No.:     502016CA011132

JANICE D. BAKER                    v.    MACY'S FLORIDA STORES, LLC

Appellant / Petitioner(s)                    Appellee / Respondent(s)

**BY ORDER OF THE COURT:**

ORDERED that the document Petitioner filed on October 28, 2019 titled "Motion to Chief Judge Honorable Spencer D. Levine" is stricken as unauthorized. Petitioner has no right to the appointment of counsel in this civil proceeding; further,

ORDERED that respondent's October 29, 2019 amended motion for sanctions is denied; further,

ORDERED that the petition for writ of certiorari is dismissed. To the extent petitioner is asking for rehearing or a written opinion in 4D18-3618, the request is untimely. Fla. R. App. P. 9.330(a)(1).

GROSS, DAMOORGIAN and KLINGENSMITH, JJ., concur.


Served:

cc:      Robert J. Squire          Janice D. Baker          Clerk Palm Beach
         Hon. Meenu Sasser

dl

*Lonn Weissblum*

**LONN WEISSBLUM, Clerk**
**Fourth District Court of Appeal**



RECEIVED, 11/03/2019 06:16:43 PM, Clerk, Fourth District Court of Appeal

**IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA**
**FOURTH DISTRICT, 110 SOUTH TAMARIND AVENUE, WEST PALM BEACH, FL 33401**

November 06, 2019

CASE NO.: **4D19-3261**
L.T. No.:     502016CA011132

JANICE D. BAKER                    v.   MACY'S FLORIDA STORES, LLC

---
Appellant / Petitioner(s)                         Appellee / Respondent(s)

**BY ORDER OF THE COURT:**

ORDERED that the document filed by Petitioner on November 4, 2019 titled Amended Petition for Writ of Certiorari is treated as a motion for rehearing of this Court's October 31, 2019 order dismissing this case. The motion is denied.

Served:

cc:  Robert J. Squire          Janice D. Baker

kr

*Lonn Weissblum*

**LONN WEISSBLUM, Clerk**
**Fourth District Court of Appeal**



## IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
### FOURTH DISTRICT, 110 SOUTH TAMARIND AVENUE, WEST PALM BEACH, FL 33401

November 15, 2019

CASE NO.: **4D19-3261**

L.T. No.:   502016CA011132

JANICE D. BAKER                v.    MACY'S FLORIDA STORES, LLC

---

Appellant / Petitioner(s)                Appellee / Respondent(s)

### BY ORDER OF THE COURT:

ORDERED that the Petition for Writ of Certiorari filed November 14, 2019 is stricken as unauthorized. This case is closed and no further filings are permitted. Petitioner is cautioned that any further frivolous filing may result in sanctions, including a bar on pro se filing in this Court. *See Johnson v. Bank of New York Mellon Trust Co.*, 136 So. 3d 507, 508 (Fla. 2014); *Riethmiller v. Riethmiller*, 133 So. 3d 926 (Fla. 2013); *May v. Barthet*, 934 So. 2d 1184, 1186 (Fla. 2006).

Served:

cc:  Robert J. Squire          Janice D. Baker              Clerk Palm Beach

dl

*Lonn Weissblum*

**LONN WEISSBLUM, Clerk**
**Fourth District Court of Appeal**



# M A N D A T E

## from

## DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

This cause having been brought to the Court by appeal, and after due consideration the Court having issued its opinion;

YOU ARE HEREBY COMMANDED that such further proceedings be had in said cause as may be in accordance with the opinion of this Court, and with the rules of procedure and laws of the State of Florida.

WITNESS the Honorable Spencer D. Levine, Chief Judge of the District Court of Appeal of the State of Florida, Fourth District, and seal of the said Court at West Palm Beach, Florida on this day.

| | |
|---|---|
| **DATE:** | **October 25, 2019** |
| **CASE NO.:** | **18-3618** |
| **COUNTY OF ORIGIN:** | **Palm Beach** |
| **T.C. CASE NO.:** | **502016CA011132XXXXMB** |

**STYLE:   JANICE BAKER          v.      MACY'S FLORIDA STORES, LLC**

_Lonn Weissblum_

**LONN WEISSBLUM, Clerk**
**Fourth District Court of Appeal**

Served:

cc:   Dave K. Roy              Robert J.  Squire            Brian L Harvell
      Janice D. Baker          Clerk Palm Beach

kr

# EXHIBIT 3

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

JANICE Baker,                          ) Case No.:  2016CA011132 AK
                                       )
                   Plaintiff,          ) AFFIDAVIT OF JANICE BAKER
                                       )
vs.                                    )
                                       )
MACY'S FLORIDA STORES, LLC.            )
                                       )
A FOREIGN LIMITED LIABILITY COMPANY    )        **COPY**
                                       )  **RECEIVED FOR FILING**

                                              **MAY 1 6 2018**

                   Defendant
                                            **SHARON R. BOCK**
_____   **CLERK & COMPTROLLER**
                                            **CIRCUIT CIVIL DIVISION**

COMES NOW JANICE BAKER, and presents the following sworn

Testimony:

1) My name is Janice Baker and I am 53 years old

2) I am of sound mind and competent to provide the following

   Testimony.

3) All my following testimony is based on personal knowledge

4) I went to Macy's Store in Palm Beach Gardens Mall before

   Mother's Day on 05/7/2016 to purchase something for Mother's

   Day.

5) The Defendant used the wrong pictures in deposition on

   02/14/2017 showing the Karen Kane sign. Exhibit A are

   the correct pictures, I took on the day of my incident

   which was 5/7/2016. Page 1 number 2 Line 4-6.

6) The court reporter used a laptop in deposition, which

   I never told the court reporter, or the defendant that

AFFIDAVIT OF JANICE BAKER - 1

1    "I saw the table in the deposition transcript, and the

2    use of a laptop anybody could type or change people words

3    around to favor their case. Attorney Bryan Boysaw have camera

4    around his building and inside his office, and it will show

5    the court reporter carrying a laptop to take down the testimony

6    on 2/14/2017.

7    7) The Interrogatories Questionnaire given to the plaintiff

8    By the defendant, but the plaintiff answers were change and

9    Name forged under Florida Statues of forgery Chapter 831.01

10   And I answer these Interrogatories Questionnaire on white

11   Copy paper numbered and return the papers to Johnny Neal

12   From Attorney Bryan Boysaw office. Exhibit B will show

13   Copies of the defendant Interrogatories Questionnaire

14   compared to the answers that I wrote on white copy paper.

15   Page 2 number 4 line 14-21

16   8) The defendant asks for Medicare information on plaintiff

17   to gain Power of Attorney or become the plaintiff's personal

18   assistant, because she gets Social Security Benefits through

19   Medicare. Exhibit C will show copies of Medicare forms I fill

20   out, so the defendant could have PHI information on plaintiff,

21   but not Power of Attorney or become my Personal Representative.

22   Page 2 number 5 line 22-27.

23   9) Attorney Bryan Boysaw had this Macy's case in May 16, 2016

24   And waited until 09/20/2016 to file his complaint. Exhibit

25   D copies of letters I received from Attorney Bryan Boysaw

26   Regarding this surveillance tape and contract between us

27   Two so he could become my lawyer in this Macy's case. Page 2

28   Number 6 line 28-32.

AFFIDAVIT OF JANICE BAKER - 2

10)      I believe Attorney Bryan Boysaw and the defendant or

Macy's

Are hiding the video tape especially when Attorney Bryan

Boysaw ask for the surveillance tape on June 17,2016.

Exhibit D Page 2 number 6 line 28-32.

11)      I believe Attorney Bryan Boysaw sold my Macy's case to the

Defendant, and destroyed all my evidence that I gave him

When I hired him to represent me? Exhibit C page 2 number 5

Line 22-27.

12)      May 9, 2016, I received a call from Macy's Corporation who

Told me? they saw on video tape how hard I hit the floor?

They will be sending me a gift card. Exhibit E A gift card

In the amount of $150.00 dollars from EGC General Liability

Page 3 number 9 line-42-45

13)      Attorney Bryan send in a demand letter for past medical

bills;

Which I do not owe any money and I believe he put in a demand

For reinjures to my lower back since I fell at Macy's store?

This demand letter never includes any of my new paralysis of

the right shoulder tear and surgery, right trochanter bursitis

Of the hip and deep laceration of right leg. Exhibit F copy of

Demand letter showing past medical bills pertaining to three

Funding application, and not new paralysis. Page 3 number 10

Line-46-52.

14)      When I fell on 05/7/2016 at Macy's, I had an MRI of the

right

Shoulder, right hip, and Physical Therapy for these injuries.

Exhibit G copies of diagnostic tests for right hip, right

AFFIDAVIT OF JANICE BAKER - 3

1   Shoulder and Physical Therapy progress notes concerning new

2   paralysis. Page 3, number 11 Line-53-56 on page 4

3   15)        Due to right trochanter bursitis of the right hip, right

4   Shoulder tear with surgery and deep laceration of right leg,

5   I am still getting Physical Therapy and unable to have surgery

6   Of the right hip. Exhibit H copies of pending orders for trochanter

7   Bursitis removal and picture of the right laceration of leg. Page

8   4 number 12 Line-57-61.

9   16)        Linda Davis who showed up for court on 5/14/2018 at 8:45

10  a.m.

11  as a witness: couldn't show the judge her pictures of "how

12  I was lying down on the floor" at Macy's store, due to the

13  way I filed for a hearing for the Motion of Summary Judgement,

14  but Linda Davis did show Richard and Janice Baker the pictures

15  on her phone. Exhibit I Linda Davis, witness in this case left

16  a message on the plaintiff answering machine stating "How I was

17  lying down on the floor" at Macy's store and a copy of CD/flash

18  drive will be provided so; the judge could listen for herself if

19  the witness doesn't show up for court in this Macy's case. Page 4

20  number 13 Line-62-70

21  17)        Attorney Bryan Boysaw put a lien on this Macy's case to

22  keep from

23  Rebuttal this Motion of Summary Judgement by the defendant, which

24  Was done on 03/24/2017, and stating I cancel the mediation for

25  5/3/2017, which Attorney James Munsey was the one who canceled

26  The mediation due to personal reasons. Exhibit J will show the

27  Cancelation for mediation by Attorney James Munsey, and emails

28  That were sent by Attorney James Munsey to Attorney Bryan Boysaw

AFFIDAVIT OF JANICE BAKER - 4

And Janice Baker showing, he had to cancel mediation for personal

Reason. Page 4 number 14 Line-71-7.

18)          Since my injuries, I am not able to perform the necessary

duties

As a wife like I use too, I use to be able to clean up the bath-

Room, mopping floors, I can cook and do laundry but not for a

Long period of time standing, and sex life with my husband went

From 3 times a week to 0-1 month and I feel my husband deserves

Loss of consortium in this Macy's case. Exhibit K copies of

Pre-existing and new injuries. Page 4-5 number 15 Line-79-85

19)          On 1/17/2018, the defendant for Macy's tried to offer me

25,000 to 50,000 dollars when Attorney Bryan Boysaw put

In a demand letter for 300,000 which didn't include the

New injuries I sustain from this fall which includes right

Shoulder surgery with tear, right trochanter bursitis of hip,

And deep laceration of right leg and pre-existing injuries of

Lower back, but it did include past medical bills related to

Three funding application for car accident in 09/14/2012,

And nothing for loss of consortium at this mediation.

Exhibit G page 3 and 4 Line 53-54 and page 3 number 10

Line-46-52.

20)          Attorney Bryan Boysaw and his client (Janice Baker) had a

Meeting sometime in November of 2016, I got permission to

Tape our conversation which includes Delores Johnson,

Attorney Bryan Boysaw, Janice Baker, Richard Baker and

Johnny Neal and in this conversation Attorney Bryan Boysaw

States that the defendant is not going to give up the video

Tape to show Macy's was at fault. Exhibit L CD/flash drive

AFFIDAVIT OF JANICE BAKER - 5

Of conversation between Attorney Bryan Boysaw and his client

Admitting on tape the defendant is not going to hand over the

Video tape for Macy's. page 5 number 17 Line-92-100

21)        Attorney Ware Cornell did a Declaration under penalty of

perjury

Of Janice Baker showing everything, I said in the affidavit is

True, because I signed my signature towards the end to show that

I was telling the truth regarding my Macy's pictures. Exhibit M

A copy of Attorney Ware Cornell Declaration and pictures that

Janice Baker took at the time of her injuries and the defendant

Pictures showing the Karen Kane sign.

22)        As a client of Attorney Bryan Boysaw, who refuses to hand

over

My complete files and Attorney Robert Squire, I feel I was

bullied, taken advantage due to my total disability,

misrepresented,

And Civil Rights Act of 1992, Chapter 760.01,760.02 and 760.11 and

Disability violations involving senior citizen, person who has

disability,

Military service member, or the spouse or dependent child of a

military

Service member, civil penalties presumption- Florida Statutes

501.2077.


Further Janice Baker sayeth naught.

DATED this _16_ day of _May_ ,2018




AFFIDAVIT OF JANICE BAKER - 6

Signature:

*[signature]*

Print Name:

NOTARY BLOCK

STATE OF FLORIDA

COUNTY OF PALM BEACH

Signed and sworn to (or affirmed) before me

on May 16th 2018 (date) by

Janice Denise Baker (name(s) of person(s) making

statement).

(Seal) Nida Mohammed My commission expires: September 5, 2021

Signature of Notarial

Officer:

*[notary seal]*
NIDA MOHAMMED
MY COMMISSION # GG 138795
EXPIRES: September 5, 2021
Bonded Thru Notary Public Underwriters

AFFIDAVIT OF JANICE BAKER - 7



CASE # 20SBC A011132A

# Affidavit of Richard Baker

STATE OF FLORIDA
COUNTY OF *Palm Beach*

The undersigned, RICHARD BAKER, being first duly sworn, do hereby state under oath and under penalty of perjury that the following facts are true:

1. I am over the age of 18 and am a resident of the State of Florida. I have personal knowledge of the facts herein, and, if called as a witness, could testify completely thereto.

2. I suffer no legal disabilities and have personal knowledge of the facts set forth below.

3. 3) My name is Richard Baker and I am 60 years of age. 4) My wife Janice Baker have a tape recording with me on it giving her permission to tape my conversation at Attorney Bryan Boysaw office. 5) I was at the meeting when Attorney Bryan Boysaw states "the defendant was not going to give up the video tape"regarding my wife fall at Macy's. 6) Linda Davis, the witness sent me pictures of my wife injuries to my cell phone and I notice it was the same set-up from my wife original pictures. 7) Since my wife fall at Macy's my responsibilities have changed, now I am mopping and cleaning the bathroom because of her right hip trochanter bursitis (walking with a limp), right shoulder tear with surgery and deep laceration of right leg. 8) sex life went from 3 times a week to 0-1 once month due to her new injuries on the right side of body. I certify the statement I am given is the truth in this Macy's case.

I declare that, to the best of my knowledge and belief, the information herein is true, correct, and complete.

Executed this 22 day of May , 20 18 .

Richard Baker
Richard Baker

CASE # 2016 CA 011132

## NOTARY ACKNOWLEDGEMENT

STATE OF FLORIDA, COUNTY OF _Palm Beach_, ss:

The foregoing Affidavit was acknowledged before me this _22nd_ day of
_____May_____, _2018_ by Richard Baker , who is personally known to me or who
have produced _Florida Drivers License_ as identification, and being first duly
sworn on oath according to law, deposes and says that he/she has read the foregoing Affidavit
subscribed by him/her, and that the matters stated herein are true to the best of his/her information,
knowledge and belief.

_____
Signature of person taking acknowledgment

NIDA MOHAMMED
MY COMMISSION # GG 138795
EXPIRES: September 5, 2021
Bonded Thru Notary Public Underwriters

_Nida Mohammed_
Name typed, printed, or stamped

_Notary Public State of Florida_
Title or rank

_GG 138795_
Serial number (if applicable)

Filing # 123840672 E-Filed 03/29/2021 06:56:56 PM

CASE# 50-2016-CA-011132-XXXX-MB

# CIRCUIT COURT OF THE 15TH JUDICIAL DISTRICT AND FOR PALM BEACH COUNTY

**JANICE BAKER, PLAINTIFF,**

   **VS.**

**MACY'S FLORIDA STORE LLC, DEFENDANT**

## NOTICE OF APPEAL
————————————————

**U.S. SUPREME COURT OF THE U.S.A
ON WRIT OF CERTIORARI
TO THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

PLEADING TITLE - 1

CASE# 50-2016-CA-011132-XXXX-MB

1

2                                    i

3                        **TABLE OF CONTENTS**

4

5  **TABLE OF AUTHORITIES**………………………………………ii, iii

6  **REASON FOR GRANTING THE PETITION FOR REHEARING**

7
8  **AND REVIEW**………………………………………………...1-3

9  **THIS COURT SHOULD GRANT REHEARING TO CLARIFY**

10  **PATENT ELIGIBILITY IN LIGHT OF RECENT EVENTS NOT**

11
12  **PREVIOUSLY PRESENTED**……………………………….1-3

13  I.      Petitioner previous Attorney Ware Cornell filed a Memorandum

14
15          In Opposition to Respondent Motion for Summary Judgment 3

16  II.     Declaration under Penalty of Perjury of Janice Baker filed by

17
18          Attorney Ware Cornell………………………………….3.4

19
20  III.    Why the Respondent's Motion fail

21  IV.     Hearing from Judge Meenu Sasser Courtroom on 12/6/18

22
23          By Phipps Reporting……………………………………14-15

24  **FLORIDA RULES OF PROFESSIONAL CONDUCT**……………...15-18

25
26  **CONCLUSION**……………………………………………...18

27

28
    PLEADING TITLE - 2

CASE# 50-2016-CA-011132-XXXX-MB

1
2                                    ii
3
4
5                    **TABLES OF AUTHORITIES**
6
7        **CASES**
8    Scott v. Gordon, 321 So. 2d 619 (Fla. 3d DCA 1975.............2
9
10   SuperAmerica v. Dupont, 933 So. 2d 75 (Fla. DCA 2006.......4
11   Wills v. Sears, Roebuck & Co. 3351 So. 2d 29 (Fla. 1977.......5
12
13   Visingardi v. Tirone, 193 So. 2d 601 (Fla. 1966...................5-10
14
15   Holl v. Talcott 191 So. 2d 40 (Fla. 1966............................5-10
16   Foley v. Weaver Drugs, Inc., 177 So. 2d 221 (Fla. 1965..........5-6
17
18   Stephens v. Moody, 225 So. 2d 586 (Fla. 1st DCA 1969...........10
19
20   Maury v. City Stores, Inc., 214 So. 2d 776 (Fla. 3d DCA 1968...10
21   Suhr v. Dade County, 198 So. 2d 837 (Fla. 3d DCA 1967.........10
22
23   Hoffman v. Jones, 280 So. 2d 431 (Fla. 1973.....................11
24   Blackburn v. Dorta, 348 So. 2d 287 (Fla.1977.....................1
25
26   Croft v. York, 244 So. 2d 161, 163-64 (Fla. 1st DCA 1971.........11-12
27   Certi. Denied, 247 So. 2d 78 (Fla. 1971...............................11-12
28

PLEADING TITLE - 23

1

2                                        **iii**

3

4  **First Realty Corp v. Standard Steel Treating Co., 268 So. .......13**

5  **2d 410, 413 (Fla. 4ᵗʰ DCA 1972...........................................13**

6

7  **Constitution and Statues**

8  **U.S. CODE 28a Rule 56 ..........................................7-18**

9

10  **U.S. CODE 717r. Rule 44. 2.......................................1**

11

12  **U. S. CODE 753..................................................15**

13  **28 U. S. CODE 2246 ...........................................18**

14

15  **28 U. S. CODE 3006...........................................18**

16  **Fla. R. Civ. P. 1.510 (c)......................................9-11**

17

18  **ARTICLE V. SECTION 3(b) 3 CONSTITUTION..............6**

19

20

21

22

23

24

25

26

27

28

**PLEADING TITLE - 24**

**1**

### REASON FOR GRANTING THE NOTICE OF APPEAL:

**For Pursuant to Florida Rules 9.130** (c) The notice,

designated as a notice of appeal of nonfinal order, shall

to be substantially in the form prescribed by rule 9.900 (c)

Except in criminal cases, a conformed copy of the order

or orders designated in the **Notice** of **Appeal** shall be

attached to the notice.  **Janice Baker,** respectfully ask

the lower courts for a full review of new hearing after

being denied by the **Department** of **Justice** to have the

Florida Bar or Legal Aid to get involved in this case.

See attachment from the **Department** of **Justice**.

This case involving a non-final judgement given to the

Respondent on December 6, 2018. On 02/24/2020 and

10/05/2020, the court denying both Petitions for Writ

Of Certiorari, and leave to proceed in forma pauperis

PLEADING TITLE - 3

**2**

on **No. 19-719** was denied but not **No. 19-7068. Rule 15.3**
states the Respondent shall prepare its brief in opposition to
the Petitioner writ of certiorari, which the Respondent fail
to do so after filing a motion to extend the time to file a
response according to **Rule 14.1 (b)(iii)** which was later
granted on 2/10/20 through 03/09/20 to respond to the
Petitioner's writ of certiorari filed on 11/18/19. According
to **Rule 15.5** the Clerk will distribute the Petition to the
Court for its consideration upon receiving an express waiver
of the right to file a brief in opposition or if no waiver or
brief in opposition is filed upon the expiration of the time
allowed for filing which is 14 days, and a reply brief shall
be addressed to new points raised in the brief in opposition
according to **Rule 15.6.** if the Court considers that the issue
presented is a mixed question of law and fact, the issue is
inappropriate for summary judgment. **Scott v. Gordon,**

PLEADING TITLE - 4

1
2
## 3
3
4
**321 So. 2d 619 (Fla. 3d DCA 1975.** According to the Oral

Argument from the 4th District Court of Appeals it states

before **Per Curiam, Affirmed "Not Final Until Disposition**

**of Timely Filed Motion for Rehearing** on October 3, 2019,

which the Petitioner's lawyer Dave Roy should have addressed?

Petitioner did on 10/21/19, 11/04/19, and 11/14/19 filing a Petition

Writ of Certiorari with the 4th District Circuit Courts of Appeal,

which the Clerk denied along with Appendix showing the evidence

associated with this civil case.



## I.   THIS COURT SHOULD GRANT NOTICE TO APPEAL

   **TO CLARIFY PATENT ELIGIBILITY IN LIGHT OF**

   **RECENT EVENTS NOT PREVIOUSLY PRESENTED**

   To the Defendant's Motion for Summary Judgment

   Petitions for rehearing of an order denying certiorari

**PLEADING TITLE - 5**

**4**

Are granted: (1) if a petition can demonstrate "intervening

Circumstances of a substantial or controlling effect"; or

(2) if a petitioner raises "other substantial grounds not

Previously presented. **R. 44.2.** Counsel, Ware Cornell Esq.

Submitted his Plaintiff's **Memorandum** in Opposition to

The Defendant Motion for Summary Judgment on 12/01/17.

Stating to be entitled to a summary judgment, a party moving

for summary judgment must conclusively demonstrate

the nonexistence of an issue of material fact, and the court

must draw every possible reasonable inference in favor

of the party against whom the summary judgment is sought.

This is a difficult bar to reach for a moving party and it is

meant to be so, Florida has a long-standing tradition policy

in favoring jury trials and determination on the merits

**Speedway Super America v. Dupont, 933 So. 2d 75**

PLEADING TITLE - 6

**5**

    **(Fla. DCA 20,** petition for review dismissed as improvident granted April 15, 2007.

## II. PETITIONER'S DECLARATION UNDER PENALTY OF PERJURY: Attorney Ware Cornell filed Plaintiff's

declaration under penalty of perjury on December 1, 2017, showing Plaintiff pictures which were totally different from The Defendant's pictures which show a Karen Kane sign and Different clothing on the mannequin at Macy store.

## III. WHY THE RESPONDENT'S MOTION FAILS:

According to **Wills v. Sears, Roebuck & Co 3 351 So. 2d 29 (Fla. 1977).**  Mrs. Wills case is like the Plaintiff's Macy's case? Concerning Petition for Writ of Certiorari to review a decision of the District Court of Appeal, Third District, reported **at 336 So. 2d 1190,** which affirmed **per curiam** without opinion an order of the trial court granting

PLEADING TITLE - 7

# 6

summary judgment to respondent, Sears, Roebuck & Company

The present decision is alleged to be in conflict with *Visingardi v. Tirone,* **193 So. 2d 601 (Fla. 1966);** *Holl v. Talcott* **191 So. 2d 40 (Fla. 1966),** and other decisions setting forth

the law applicable to summary judgment, which states that

grant of summary judgment is improper if there is any genuine

issue as to material fact because the record proper in this

cause reflects conflict in decision between this case and those

cited, we have jurisdiction. *Foley v. Weaver Drugs, Inc.,* **177 So. 2d 221 (Fla. 1965); Article V, Section 3(b)(3) Constitution.**

Petitioner Janice Baker, case is similar like Mrs. Wills

Who was seriously injured while shopping at Respondent's?

Store to purchase a "banana" seat for her bicycle. Petitioner

Janice Baker went to Macy's to purchase something for

Mother's Day on May 7, 2016.  Mrs. Wills alleged that

PLEADING TITLE - 8

# 7

respondent created a dangerous condition by placing the

demonstration bicycle in a display area upon a carpet

tacked down and secured in place by a metal rim.

Plaintiff Janice Baker was looking at clothes and

when she turns around her right foot got caught under

A lower table hitting the sharp edges of the lower table

causing new injuries to the right side of body the Karen

Kane sign was never present. Defendants tried to point

the blame on Mrs. Wills for her negligence and injuries

she sustains at the Defendant store, but Plaintiff, Mrs. Wills

denied these affirmative defenses. Later the Defendant file

Their Motion for Summary arguing there existed no genuine

issues as to any material fact and consequently, Sears was

entitled to judgment as a matter of law, which is the same

Verdict they gave to the Defendant in this Macy's case based

on the pleadings.  Defendant own answers to the Petitioner's

**8**

interrogatories, and photographs, not in the court file but

presented to the judge at the time of the hearing, the trial

court granted Respondent's Motion for Summary Judgment

but did not set forth any reason for doing so. Petitioner

Janice Baker hearing was on 12/6/2018, showing the

judge pictures of me lying on the floor at Macy, Affidavits,

Police reports for shoplifters, and letter written by Attorney

Bryan Boysaw office asking for surveillance camera and

My evidence are material facts according **28a U.S Code**

**Rule 56. Summary Judgment 4) Affidavit of**

**Declaration** an affidavit or declaration used to

support or oppose a motion must be made on personal

knowledge, set out facts that would be admissible in

evidence and show that the affiant or declarant is

competent to testify on the matters stated.

Petitioners for Mrs. Wills filed a motion for rehearing

PLEADING TITLE - 10

**9**

and attached thereto an affidavit in which Mrs. Wills

explained in greater detail the assertions of respondent's

negligence as set forth in her original complaint.

However, the trial court denied this motion for rehearing

again, without stating any reasons, therefore, after the District

Court of Appeal, Third District, per curiam affirmed without

opinion, petitioners sought review in this Court.  Petitioners

now assert that the trial court erred: (1) in ordering summary

judgment in favor of respondent, since Respondent failed to

sustain its burden of clearly demonstrating the absence of any

genuine issues of material fact: (2) in granting summary

judgment for respondent based on respondent's own answers

of the petitioners' interrogatories; and (3) in failing to grant

the Petitioners' motion for rehearing because we believe

that there were unresolved genuine issues of material fact

present sub judice, even in view of the respondent's answers

PLEADING TITLE - 11

**10**

to interrogatories and the photographs considered by the court,

it is unnecessary to consider the arguments of petitioners as

to the propriety of basing a summary judgment thereon. Nor

need we determine the issue raised concerning denial of

rehearing. A party moving for summary judgment must

meet a twofold requirement: The judgment sought shall

be rendered forthwith if the pleadings, depositions, answers

to interrogatories and admissions on file together with the

affidavits in support or opposition, or both, if any, show

[1] that there is no genuine issue as to any material fact

and [2] the moving party is entitled to a judgment as a

matter of law. **Fla.R. Civ.P. 1.510(c)**. In order to carry

its burden as to the first of these requirements, the movant

must show conclusively the absence of any genuine issue

of material fact, **Visingardi v. Tirone, supra; Holl v.**

**Talcott, supra**. The Holl court additionally, stated that

PLEADING TITLE - 12

**11**

the burden of parties moving for summary judgment is

greater than the burden which the plaintiff must carry

at trial because the movant must prove a negative the

nonexistence of a genuine issue of material fact. Id.

Movant's burden is even more onerous in negligence

actions were summary judgment procedures historically

have been employed with special care. **Holl v. Talcott,**

**supra, Stephens v. Moody, 225 So. 2d 586 (Fla.1st DCA**

**1969); Maury v. City Stores, Inc., 214 So. 2d 776 (Fla.3d**

**DCA 1968); Suhr v. Dade County, 198 So. 2d 837 (Fla.3d**

**DCA 1967).** The necessity for exercise of such caution is

emphasized by virtue of this Court's adoption of comparative

negligence, **Hoffman v. Jones, 280 So. 2d 431 (Fla. 1973)**,

and its recent abolition assumption of risk as an absolute

defense **Blackburn v. Dorta, 348 So. 2d 287 (Fla. 1977).**

Unless a movant can show unequivocally that there was no

**PLEADING TITLE - 13**

**12**

negligence, or that plaintiff's negligence was the sole

proximate cause of the injury, courts will not be disposed

to granting a summary judgment in his favor. Respondent

argues that when a movant refutes the material factual

issues raised in the complaint and shows the nonexistence

of a genuine issue as to any material fact, summary judgment

is proper if the opposing party merely stands upon the allegations

of the complaint and fails to present anything to show a disputed

issue of fact. While we agree with this statement of law, we find

it inapplicable to the instant cause where respondent has initially

failed to meet its task of proving the requirements of **Fla.R.Civ.**

**P. 1.510(c). Croft v. York, 244 So. 2d 161, 163, 164 (Fla. 1st**

**DCA 1971), cert. denied, 247 So.2d 78 (Fla 1971**

In the instant case, there were genuine issues of material

fact Petitioners assert in their complaint that a Sears' employee

instructed Mrs. Wills to mount the demonstration bicycle.

PLEADING TITLE - 14

# 13

Respondent directly controverts this fact by answering that

no employee gave petitioner Helen E. Wills any instruction

Petitioners allege in their complaint that Sears bicycle

demonstration area was negligently designed and maintained.

Respondent's answer adamantly denies this allegation given

the above pleadings: it is apparent that genuine issues of

material fact is in dispute. Did respondent's answers to

interrogatories propounded by petitioners resolve the disputed

issues incontrovertibly in favor of respondent to eliminate all

genuine issues of material fact. Plaintiff Janice Baker experienced

these same issues as Mrs. Wills went through with the defendant.

trying to eliminate all genuine issues of material fact in her Macy's

case like for examples Defendant using a Karen Kane sign, witness

Linda Davis pictures does not show a Karen Kane sign being

present in the area where the Plaintiff fell, destroying surveillance

PLEADING TITLE - 15

## 14

camera to keep the truth from the Courts, and writing a false

Affidavit showing Mrs. Judy Collins as manager for Macy's

and not Michelle Languedoc. Mindful as we are of the

presumption of correctness which attaches to an order

of the trial court, nevertheless we must draw every

possible inference in favor of the party against whom

the motion is made. **First Realty Corp. v. Standard Steel**

**Treating Co., 268 So. 2d 410, 413 (Fla.4th DCA 1972**).

Accordingly, we find that respondent has not carried its

burden of showing conclusively that there was no genuine

issue as to any material fact. The petition for certiorari is

granted, and the decision of the District Court of Appeal,

Third District is quashed with directions to remand to the

trial court for proceedings not inconsistent with this opinion.

Petitioner Janice Baker petition of writ of certiorari should

PLEADING TITLE - 16

## 15

have being granted by District Circuit Court of Appeal,

Fourth District and Florida Supreme Court after crying

Out for help to the Florida Bar and Florida Supreme

Court which leads to Petitioner filing a complaint against

Attorney Robert J. Squire and Bryan Boysaw. Petitioner

Janice Baker had ADA Accommodation for hearing

impairment with Phipps Reporting taking for courtroom

hearing on 12/6/2018 with **Judge Meenu Sasser**, giving

evidence in court with husband Richard Baker as a witness,

this transcript by Phipps Reporting did not include evidence

which was given in court to show material facts concerning

this Macy's case. Petitioner Janice Baker had to rebuttal the

transcript taken by Phipps Reporting due to inaccuracy.

**28 U.S. CODE 753** states a reporter transcript. **(d)**The

Judicial Conference shall prescribe records which shall be

maintained and reports which shall be filed by the reporters.

PLEADING TITLE - 17

**16**

Such records shall be inspected and audited in the same

manner as the records and accounts of clerks of the district

courts and may include records showing: **(1)** the quantity of

transcripts prepared.

**FLORIDA RULES OF PROFESSIONAL CONDUCT**

**Rule 4-3.4 Fairness to Opposing Party and Counsel**

a lawyer shall not unlawfully obstruct another party's

access to evidence or otherwise unlawfully alter, destroy,

or conceal a document or other material that the lawyer

knows or reasonably should know is relevant to pending

or a reasonably foreseeable proceeding; nor counsel or

assistant another person to do any such act.  Under this

rule I believe the Respondent is hiding evidence concerning

the surveillance camera, which I was told by Palm Beach

Garden Police Department that they report to Macy's in

PLEADING TITLE - 18

# 17

the Palm Beach Garden Mall for shoplifting. Respondent

caught on surveillance camera a customer setting fire in

the bra department at Macy's at the Paddock Mall.

Attorney Bryan Boysaw send a letter to the Palm Beach

Gardens Mall to Macy's asking for the surveillance camera

On 6/17/2016, and the manager at that time was Michelle

Languedor not Judy Collins.  I believe Attorney Bryan Boysaw

Received a copy of the surveillance camera because he wrote

a demand letter to Mrs. Cynthia Rheude at Macy's on 10/14/16

And not to the Respondent.  Petitioner hired her attorney on

May 16, 2016 if Macy was represented by the Respondent on

Same month.


**Rule 4-4.1 Truthfulness:** in Statements to Others in the

course of representing a client a lawyer shall not make

a false statement of material fact or law to a third person.

# 18

In this case Attorney Bryan Boysaw staff took his client

answers on white copy paper and change them on the

Interrogatories Questionnaire and then forged Petitioner

signature, also the Deposition in which I rebuttal giving

Respondent the correct information on 2/13/2017.

Giving Respondent pictures of Petitioner and witness

Linda Davis In the Opposition of Respondent Motion

for Summary Judgment, and the pictures they filed in

Their motion showing a Karen Kane sign is inaccurate.

# Rule 4.1-2 Scope of Representation

Lawyer shall abide by a client's decisions concerning the

Objectives of representation, subject to subdivisions (c)

(d) and (e) and shall consult with the client as to the means

By which they are to be pursued. A lawyer shall abide by a

Client 's decision whether to make or accept an offer of

Settlement of a matter. In this case Attorney Bryan Boysaw

PLEADING TITLE - 20

## 19

Did not respect me as his client and later dismiss himself

to keep this case from going to trial.

## CONCLUSION:

Plaintiff Janice Baker received an email from the Department

Of Justice to contact Legal Aid and the Florida Bar due to this

Case having merits.  Plaintiff Janic Baker do not have the

knowledge nor the experience due to my disability/ LPN, I was

represented by Attorney Bryan Boysaw who took this Macy's

case on 05/16/16 and filing a complaint against Defendant on

September 30, 2016. According to **28a U.S. Code 56, 28 U.S.**

**Code 2246, and 28 U.S. Code 3006** is my truth presented to

the Court for Notice to Appeal on a non-final order from

Defendant Motion for Summary Judgment.

PLEADING TITLE - 21

CASE# 50-2016-CA-011132-XXXX-MB

1
2
3                                    **20**
4
5
6
     I hereby and certify a e-filing of this Notice of Appeal will be sent to
7
8    Robert J. Squire, Esq. Resnick & Louis, P.C. at 444 Brickell Avenue,
9    Suite #300 Miami, Florida 33131 on March 26, 2021
10
11
12
13                                  March 26, 2021
14
15                                  Mrs. Janice Baker
16                                  4423 Lake Tahoe Circle
17
18                                  West Palm Bech, Florida 33409
19                                  Rbaker4423@att.net
20
21
22
23
24
25
26
27
28
     PLEADING TITLE - 22

Filing # 128950867 E-Filed 06/17/2021 11:48:34 AM

# IN THE FOURTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

**JANICE BAKER,**

     **Appellant,**

vs.

**MACY'S FLORIDA STORES LLC,**

     **Appellee**

**CASE NO: 4D21-1183**

**L.T.CASE NO:50-2016-CA-011132**

# APPELLANT APPENDIX FOR  REVIEW

# DUE TO A CONFORMED COPY

**Janice Baker**

**4423 Lake Tahoe Circle**

**West Palm Beach, Florida 33409**

**Rbaker4423@att.net**

L.T.CASE NO:50-2016-CA-011132 - 1

| EXHIBIT 1 03/23/21 03/24/21 03/26/21 PAGES 1-39 | EXHIBIT 2 01/09/19 10/21/19 11/4/19 11/17/19 10/09/19 PAGES 40-65 | EXHIBIT 3 03/26/21 & 03/29/21 04/01/21 04/08/21 PAGES 66-80 | EXHIBIT 4 04/22/21 04/29/21 6/11/21 PAGES 81-108 | EXHIBIT 5 5/5/16 5/7/16 PAGES 109-112 | FLORIDA APPELLANT RULES PAGES 1-22 |
|---|---|---|---|---|---|
| FILING # 12357669 WITH ATTACHMENT | FILING # 97573086 WITH ATTACHMENT | FILING # 123840672 WITH ATTACHMENT | FILING # 125452637 WITH THE APPELLE'S ATTACHMENT Which was not docket and no conformed copy | CONSENT FORMS FROM MEDICARE FILED IN DOCKET FOR POWER OF ATTORNEY BY THE APPELLEE'S | 9.040 |
| FILING # 123706677 WITH ATTACHMENT | FILING # 98285869 WITH ATTACHMENT | FILING # 124204870 WITH ATTACHMENT | FILING # 125897624 Appellant responding to the Appellee's Motion from file # 125452637 | | 9.110 |
| FILING # 123840672 WITH ATTACHMENT | FILING # 98865961 WITH ATTACHMENT | FILING # 124204807 WITH ATTACHMENT | FILING # 128621992 APPELLEE'S SAME MOTION WHICH APPELLANT HAVE A RIGHT TO RESPONSE TO IT WITH-IN 10 DAY'S FROM 6/11/21 | | 9.220 |
| | FILING # 96983222 WITH ATTACHMENT | FILING # 123591917 WITH ATTACHMENT | EMAIL FROM THE APPELLEE TELLING ME TO RESPOND TO FILE # 125452637 | | |
| | FILING # 97259794 WITH ATTACHMENT | | | | |

**Florida Rules of
Appellate Procedure**

Blog - Latest News

FLORIDA

# FLORIDA
# RULE 9.040.
# GENERAL
# PROVISIONS

—

**(a) Complete Determination.** In all proceedings a court shall have such jurisdiction as may be necessary for a complete determination of the cause.

**(b) Forum.**

(1) If a proceeding is commenced in an inappropriate court, that court shall transfer the cause to an appropriate court.

(2) After a lower tribunal renders an order transferring venue, the appropriate court to review otherwise reviewable nonfinal orders is as follows:

(A) After rendition of an order transferring venue, the appropriate court to review

the nonfinal venue order, all other reviewable nonfinal orders rendered prior to or simultaneously with the venue order, any order staying, vacating, or modifying the transfer of venue order, or an order dismissing a cause for failure to pay venue transfer fees, is the court that would review nonfinal orders in the cause, had venue not been transferred.

(B) After rendition of an order transferring venue, the appropriate court to review any subsequently rendered reviewable nonfinal order, except for those orders listed in subdivision (b)(2)(A), is the court that would review the order, if the cause had been filed in the lower tribunal to which venue was transferred.

(C) The clerk of the lower tribunal whose order is being reviewed shall perform the procedures required by these provisions regarding transfer of venue, including accepting and filing a notice of appeal. If necessary to facilitate nonfinal review, after an order transferring venue has

been rendered, the clerk of the lower tribunal shall copy and retain such portions of the record as are necessary for review of the nonfinal order. If the file of the cause has been transferred to the transferee tribunal before the notice of appeal is filed in the transferring tribunal, the clerk of the transferee tribunal shall copy and transmit to the transferring tribunal such portions of the record as are necessary for review of the nonfinal order.

**(c) Remedy.** If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought; provided that it shall not be the responsibility of the court to seek the proper remedy.

**(d) Amendment.** At any time in the interest of justice, the court may permit any part of the proceeding to be amended so that it may be disposed of on the merits. In the absence of amendment, the court may disregard any procedural error or defect that does not adversely affect the substantial rights of the parties.

**(e) Assignments of Error.** Assignments of error are neither required nor permitted.

**(f) Filing Fees.** Filing fees may be paid by check or money order.

**(g) Clerks' Duties.** On filing of a notice prescribed by these rules, the clerk shall forthwith transmit the fee and a certified copy of the notice, showing the date of filing, to the court. If jurisdiction has been invoked under rule 9.030(a)(2)(A)(v) or (a)(2)(A)(vi), or if a certificate has been issued by a district court of appeal under rule 9.030(a)(2)(B), the clerk of the district court of appeal shall transmit copies of the certificate and decision or order and any suggestion, replies, or appendices with the certified copy of the notice. Notices to review final orders of county and circuit courts in civil cases shall be recorded.

**(h) Non-Jurisdictional Matters.** Failure of a clerk or a party timely to file fees or additional copies of notices or petitions or the conformed copy of the order or orders designated in the notice of appeal shall not be jurisdictional; provided that such failure may be the subject of appropriate sanction.

**(i) Request to Determine Confidentiality of Appellate Court Records.** Requests to determine the confidentiality of appellate records are governed by Florida Rule of Judicial Administration 2.420.

## Committee Notes

**1977 Amendment.** This rule sets forth several miscellaneous matters of general applicability.

Subdivision (a) is derived from the last sentence of former rule 2.1(a)(5)(a), which concerned direct appeals to the supreme court. This provision is intended to guarantee that once the jurisdiction of any court is properly invoked, the court may determine the entire case to the extent permitted by substantive law. This rule does not extend or limit the constitutional or statutory jurisdiction of any court.

Subdivisions (b) and (c) implement article V, section 2(a), Florida Constitution. Former rule 2.1(a)(5)(d) authorized transfer if an improper forum was chosen, but the former rules did not address the problem of improper remedies being sought. The advisory committee does not consider it to be the responsibility of the court to seek the proper remedy for any party, but a court may not deny relief because a different remedy is proper. Under these provisions a case will not be dismissed automatically because a party seeks an improper remedy or invokes the jurisdiction of the wrong court. The court must instead treat the case as if the proper remedy had been sought and transfer it to the

court having jurisdiction. All filings in the case have the same legal effect as though originally filed in the court to which transfer is made. This rule is intended to supersede Nellen v. State, 226 So. 2d 354 (Fla. 1st DCA 1969), in which a petition for a common law writ of certiorari was dismissed by the district court of appeal because review was properly by appeal to the appropriate circuit court, and Engel v. City of North Miami, 115 So. 2d 1 (Fla. 1959), in which a petition for a writ of certiorari was dismissed because review should have been by appeal. Under this rule, a petition for a writ of certiorari should be treated as a notice of appeal, if timely.

Subdivision (d) is the appellate procedure counterpart of the harmless error statute, section 59.041, Florida Statutes (1975). It incorporates the concept contained in former rule 3.2(c), which provided that deficiencies in the form or substance of a notice of appeal were not grounds for dismissal, absent a clear showing that the adversary had been misled or prejudiced.

Amendments should be liberally allowed under this rule, including pleadings in the lower tribunal, if it would not result in irremediable prejudice.

delaying transmittal of a notice of criminal appeal for which no fee has been filed for the period of time necessary to obtain an order regarding solvency for appellate purposes and the appointment of the public defender for an insolvent defendant. This provision requires recording of the notice if review of a final trial court order in a civil case is sought. When supreme court jurisdiction is invoked on the basis of the certification of a question of great public interest, the clerk of the district court of appeal is required to transmit a copy of the certificate and the decision to the court along with the notice and fees.

Subdivision (h) is intended to implement the decision in Williams v. State, 324 So. 2d 74 (Fla. 1975), in which it was held that only the timely filing of the notice of appeal is jurisdictional. The proviso permits the court to impose sanctions if there is a failure to timely file fees or copies of the notice or petition.

The advisory committee considered and rejected as too difficult to implement a proposal of the bar committee that the style of a cause should remain the same as in the lower tribunal.

It should be noted that these rules abolish the practice of permitting Florida trial courts to certify

**Florida Rules of
Appellate Procedure**

Blog - Latest News

### FLORIDA

# RULE 9.110. APPEAL PROCEEDINGS TO REVIEW FINAL ORDERS OF LOWER TRIBUNALS AND ORDERS GRANTING NEW TRIAL IN JURY AND NONJURY CASES

———

**(a) Applicability.** This rule applies to those proceedings that:

(1) invoke the appeal jurisdiction of the courts described in rules 9.030(a)(1), (b)(1)(A), and (c)(1)(A);

(2) seek review of administrative action described in rules 9.030(b)(1)(C) and (c)(1)(C); and

(3) seek review of orders granting a new trial in jury and nonjury civil and criminal cases described in rules 9.130(a)(4) and 9.140(c)(1)(C).

**(b) Commencement.** Jurisdiction of the court under this rule shall be invoked by filing a notice, accompanied by any filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed, except as provided in rule 9.140(c)(3).

**(c) Exception; Administrative Action.** In an appeal to review final orders of lower administrative tribunals, the appellant shall file the notice with the clerk of the lower administrative tribunal within 30 days of rendition of the order to be reviewed, and shall also file a copy of the notice, accompanied by any filing fees prescribed by law, with the clerk of the court.

**(d) Notice of Appeal.** The notice of appeal shall be substantially in the form prescribed by rule 9.900(a). The caption shall contain the name of the lower tribunal, the name and designation of at least 1 party on each side, and the case number in

the lower tribunal. The notice shall contain the name of the court to which the appeal is taken, the date of rendition, and the nature of the order to be reviewed. Except in criminal cases, a conformed copy of the order or orders designated in the notice of appeal shall be attached to the notice together with any order entered on a timely motion postponing rendition of the order or orders appealed.

**(e) Record.** Within 50 days of filing the notice, the clerk shall prepare the record prescribed by rule 9.200 and serve copies of the index on all parties. Within 110 days of filing the notice, the clerk shall electronically transmit the record to the court.

**(f) Briefs.** The appellant's initial brief shall be served within 70 days of filing the notice. Additional briefs shall be served as prescribed by rule 9.210.

**(g) Cross-Appeal.** An appellee may cross-appeal by serving a notice within 15 days of service of the appellant's timely filed notice of appeal or within the time prescribed for filing a notice of appeal, whichever is later. The notice of cross-appeal, accompanied by any filing fees prescribed by law, shall be filed either before service or immediately thereafter in the same manner as the notice of appeal.

**(h) Scope of Review.** Except as provided in subdivision (k), the court may review any ruling or matter occurring before filing of the notice. Multiple final orders may be reviewed by a single notice, if the notice is timely filed as to each such order.

**(i) Exception; Bond Validation Proceedings.** If the appeal is from an order in a proceeding to validate bonds or certificates of indebtedness, the record shall not be transmitted unless ordered by the supreme court. The appellant's initial brief, accompanied by an appendix as prescribed by rule 9.220, shall be served within 20 days of filing the notice. Additional briefs shall be served as prescribed by rule 9.210.

**(j) Exception; Appeal Proceedings from District Courts of Appeal.** If the appeal is from an order of a district court of appeal, the clerk shall electronically transmit the record to the court within 60 days of filing the notice. The appellant's initial brief shall be served within 20 days of filing the notice. Additional briefs shall be served as prescribed by rule 9.210.

**(k) Review of Partial Final Judgments.** Except as otherwise provided herein, partial final judgments are reviewable either on appeal from the partial final

judgment or on appeal from the final judgment in the entire case. A partial final judgment, other than one that disposes of an entire case as to any party, is one that disposes of a separate and distinct cause of action that is not interdependent with other pleaded claims. If a partial final judgment totally disposes of an entire case as to any party, it must be appealed within 30 days of rendition. The scope of review of a partial final judgment may include any ruling or matter occurring before filing of the notice of appeal so long as such ruling or matter is directly related to an aspect of the partial final judgment under review.

**(l) Premature Appeals.** Except as provided in rule 9.020(h) [https://rules.floridaappellate.com/rule-9-020/] , if a notice of appeal is filed before rendition of a final order, the appeal shall be subject to dismissal as premature. However, the lower tribunal retains jurisdiction to render a final order, and if a final order is rendered before dismissal of the premature appeal, the premature notice of appeal shall be considered effective to vest jurisdiction in the court to review the final order. Before dismissal, the court in its discretion may grant the parties additional time to obtain a final order from the lower tribunal.

**(m) Exception; Insurance Coverage Appeals.** Judgments that determine the existence or nonexistence of insurance coverage in cases in which a claim has been made against an insured and coverage thereof is disputed by the insurer may be reviewed either by the method prescribed in this rule or that in rule 9.130.

## Committee Notes

**1977 Amendment.** This rule replaces former rules 3.1, 3.5, 4.1, 4.3, 4.4, and 4.7. It applies when (1) a final order has been entered by a court or administrative agency; (2) a motion for a new trial in a jury case is granted; or (3) a motion for rehearing in a non-jury case is granted and the lower tribunal orders new testimony. It should be noted that certain other non-final orders entered after the final order are reviewable under the procedure set forth in rule 9.130. This rule does not apply to review proceedings in such cases.

Except to the extent of conflict with rule 9.140 governing appeals in criminal cases, this rule governs: (1) appeals as of right to the supreme court; (2) certiorari proceedings before the supreme court seeking direct review of administrative action (for example, Industrial Relations Commission and

Public Service Commission); (3) appeals as of right to a district court of appeal, including petitions for review of administrative action under the Administrative Procedure Act, section 120.68, Florida Statutes (Supp. 1976); (4) appeals as of right to a circuit court, including review of administrative action if provided by law.

This rule is intended to clarify the procedure for review of orders granting a new trial. Rules 9.130(a)(4) and 9.140(c)(1)(C) authorize the appeal of orders granting a motion for new trial. Those rules supersede Clement v. Aztec Sales, Inc., 297 So. 2d 1 (Fla. 1974), and are consistent with the decision there. Under subdivision (h) of this rule the scope of review of the court is not necessarily limited to the order granting a new trial. The supreme court has held that "appeals taken from new trial orders shall be treated as appeals from final judgments to the extent possible." Bowen v. Willard, 340 So. 2d 110, 112 (Fla. 1976). This rule implements that decision.

Subdivisions (b) and (c) establish the procedure for commencing an appeal proceeding. Within 30 days of the rendition of the final order the appellant must file 2 copies of the notice of appeal, accompanied by the

appropriate fees, with the clerk of
the lower tribunal; except that if
review of administrative action is
sought, 1 copy of the notice and the
applicable fees must be filed in the
court. Failure to file any notice
within the 30-day period constitutes
an irremediable jurisdictional defect,
but the second copy and fees may be
filed after the 30-day period, subject
to sanctions imposed by the court.
See Williams v. State, 324 So. 2d 74
(Fla. 1975); Fla. R. App. P. 9.040(h).

Subdivision (d) sets forth the
contents of the notice and eliminates
the requirement of the former rule
that the notice show the place of
recordation of the order to be
reviewed. The rule requires
substantial compliance with the form
approved by the supreme court. The
date of rendition of the order for
which review is sought must appear
on the face of the notice. See the
definition of "rendition" in Florida
Rule of Appellate Procedure 9.020,
and see the judicial construction of
"rendition" for an administrative
rule in Florida Admin. Comm'n v.
Judges of the District Court, 351 So.
2d 712 (Fla. 1977), on review of Riley-
Field Co. v. Askew, 336 So. 2d 383
(Fla. 1st DCA 1976). This requirement
is intended to allow the clerk of the
court to determine the timeliness of
the notice from its face. The advisory
committee intended that defects in

the notice would not be jurisdictional or grounds for disposition unless the complaining party was substantially prejudiced.

This rule works significant changes in the review of final administrative action. The former rules required that a traditional petition for the writ of certiorari be filed if supreme court review was appropriate, and the practice under the Administrative Procedure Act, section 120.68, Florida Statutes (Supp. 1976), has been for the "petition for review" to be substantially similar to a petition for the writ of certiorari. See Yamaha Int'l Corp. v. Ehrman, 318 So. 2d 196 (Fla. 1st DCA 1975). This rule eliminates the need for true petitions in such cases. Instead, a simple notice is filed, to be followed later by briefs. It is intended that the notice constitute the petition required in section 120.68(2), Florida Statutes (Supp. 1976). There is no conflict with the statute because the substance of the review proceeding remains controlled by the statute, and the legislature directed that review be under the procedures set forth in these rules. Because it is a requirement of rendition that an order be written and filed, this rule supersedes Shevin ex rel. State v. Public Service Comm'n, 333 So. 2d 9 (Fla. 1976), and School Bd. v. Malbon, 341 So. 2d 523 (Fla. 2d DCA 1977), to

the extent that those decisions assume that reduction of an order to writing is unnecessary for judicial review.

This rule is not intended to affect the discretionary nature of direct supreme court review of administrative action taken under the certiorari jurisdiction of that court set forth in article V, section 3(b)(3), Florida Constitution. Such proceedings remain in certiorari with the only change being to replace wasteful, repetitive petitions for the writ of certiorari with concise notices followed at a later date by briefs. The parties to such actions should be designated as "petitioner" and "respondent" despite the use of the terms "appellant" and "appellee" in this rule. See commentary, Fla. R. App. P. 9.020.

Subdivisions (e), (f), and (g) set the times for preparation of the record, serving copies of the index on the parties, serving briefs, and serving notices of cross-appeal. Provision for crossappeal notices has been made to replace the cross-assignments of error eliminated by these rules.In certiorari proceedings governed by this rule the term "cross- appeal" should be read as equivalent to "cross-petition." It should be noted that if time is measured by service, rule 9.420(b) requires filing to be

**Florida Rules of
Appellate Procedure**

Blog - Latest News

### FLORIDA
# RULE 9.220.
# APPENDIX

——

**(a) Purpose.** The purpose of an appendix is to permit the parties to prepare and transmit copies of those portions of the record deemed necessary to an understanding of the issues presented. It may be served with any petition, brief, motion, response, or reply but shall be served as otherwise required by these rules. In any proceeding in which an appendix is required, if the court finds that the appendix is incomplete, it shall direct a party to supply the omitted parts of the appendix. No proceeding shall be determined until an opportunity to supplement the appendix has been given.

**(b) Contents.** The appendix shall contain a coversheet, an index, a certificate of service, and a

conformed copy of the opinion or order to be reviewed and may contain any other portions of the record and other authorities. Asterisks should be used to indicate omissions in documents or testimony of witnesses. The cover sheet shall state the name of the court, the style of the cause, including the case number if assigned, the party on whose behalf the appendix is filed, the petition, brief, motion, response, or reply for which the appendix is served, and the name and address of the attorney, or pro se party, filing the appendix.

**(c) Electronic Format.** The appendix shall be prepared and filed electronically as a separate Portable Document Format ("PDF") file. The electronically filed appendix shall be filed as 1 document, unless size limitations or technical requirements established by the Florida Supreme Court Standards for Electronic Access to the Courts require multiple parts. The appendix shall be properly indexed and consecutively paginated, beginning with the cover sheet as page 1. The PDF file(s) shall:

(1) be text searchable;

(2) be paginated so that the page numbers displayed by the PDF reader exactly match the pagination of the index;

**1977 Adoption.** This rule is new and has been adopted to encourage the use of an appendix either as a separate document or as a part of another matter. An appendix is optional, except under rules 9.100, 9.110(i), 9.120, and 9.130. If a legal size (8 1/2 by 14 inches) appendix is used, counsel should make it a separate document. The term "conformed copy" is used throughout these rules to mean a true and accurate copy. In an appendix the formal parts of a document may be omitted if not relevant.

**1980 Amendment.** The rule has been amended to reflect the requirement that an appendix accompany a suggestion filed under rule 9.125.

**1992 Amendment.** This amendment addresses the transitional problem that arises if legal documents filed before January 1991 must be included in an appendix filed after that date. It encourages the reduction of 8 ½ by 14 inch papers to 8 ½ by 11 inches if practicable, and requires such documents to be bound separately if reduction is impracticable.

Updated with <u>rule changes effective October 1, 2017</u> [<u>http://www.floridasupremecourt.org/decisi</u> <u>1377.pdf]</u>.  For more information about these changes, check out the <u>Florida Appellate Procedure Blog</u>

questions to an appellate court. The former rules relating to the internal government of the courts and the creation of the advisory committee have been eliminated as irrelevant to appellate procedure. At its conference of June 27, however, the court unanimously voted to establish a committee to, among other things, prepare a set of administrative rules to incorporate matters of internal governance formerly contained in the appellate rules. The advisory committee has recommended that its existence be continued by the supreme court.

**1980 Amendment.** Subdivision (g) was amended to direct the clerk of the district court to transmit copies of the district court decision, the certificate, the order of the trial court, and the suggestion, replies, and appendices in all cases certified to the supreme court under rule 9.030(a)(2)(B) or otherwise certified under rule 9.030(a)(2)(A)(v) or (a)(2)(A)(vi).

**1992 Amendment.** Subdivision (h) was amended to provide that the failure to attach conformed copies of the order or orders designated in a notice of appeal as is now required by rules 9.110(d), 9.130(c), and 9.160(c) would not be a jurisdictional defect, but could be the basis of appropriate sanction by the court if

the conformed copies were not included with the notice of appeal.

**2000 Amendment.** In the event non-final or interlocutory review of a reviewable, non-final order is sought, new subdivision 9.040(b)(2) specifies which court should review such order, after rendition of an order transferring venue to another lower tribunal outside the appellate district of the transferor lower tribunal. It is intended to change and clarify the rules announced in Vasilinda v. Lozano, 631 So. 2d 1082 (Fla. 1994), and Cottingham v. State, 672 So. 2d 28 (Fla. 1996). The subdivision makes the time a venue order is rendered the critical factor in determining which court should review such non-final orders, rather than the time fees are paid, or the time the file is received by the transferee lower tribunal, and it applies equally to civil as well as criminal cases. If review is sought of the order transferring venue, as well as other reviewable non-final orders rendered before the change of venue order is rendered, or ones rendered simultaneously with it, review should be by the court that reviews such orders from the transferring lower tribunal. If review is sought of reviewable, non-final orders rendered after the time the venue order is rendered, review should be by the court that reviews such orders

Filing # 123706677 E-Filed 03/24/2021 04:06:24 PM

## DOJ-ID 41167-CTX

From:  IntakeUnit, DRS (CRT) (drs.intakeunit@usdoj.gov)

To:      rbaker4423@att.net

Date:   Tuesday, March 9, 2021, 07:53 AM EST

**Response: Your Civil Rights Division Report – 41167-CTX from the Disability Rights Section**

Dear Janice Baker,

You contacted the Department of Justice on December 8, 2020. After careful review of what you submitted, we have decided not to take any further action on your complaint.

**What we did:**

Team members from the Civil Rights Division reviewed the information you submitted.  Based on our review, we have decided not to take any further action on your complaint.  We receive several thousand reports of civil rights violations each year.  We unfortunately do not have the resources to take direct action for every report.

Your report number was 41167-CTX.

**What you can do:**

We are not determining that your report lacks merit. Your issue may still be actionable by others – your state bar association or local legal aid office may be able to help.

To find a local office:

American Bar Association

www.findlegalhelp.org

(800) 285-2221

Legal Service Corporation (or Legal Aid Offices)

www.lsc.gov/find-legal-aid

(202) 295-1500

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RECEIVED, 1/9/2019 9:18 PM, Clerk, Fourth District Court of Appeal

## DISTRICT COURT OF APPEALS, FOURTH DISTRICT

JANICE BAKER,

      APPELLANT/PETITIONER,

vs.

MACY'S FLORIDA STORES LLC,

      APPELLEE/RESPONDENT,

Case No.:  4D18-3618

L.T. NO: 502016CA011132XXXX MB

## APPELLANT'S INITIAL BRIEF

JANICE BAKER

4423 LAKE TAHOE CIRCLE

WEST PALM BEACH, FLORIDA 33409

561-578-4336

Rbaker4423@att.net

ROBERT J. SQUIRE

RESNICK & LOUIS P.C.

444 BRICKELL AVENUE

SUITE# 300

MIAMI, FLORIDA 33131

L.T. NO: 502016CA011132XXXX MB - 1

Filing # 97573086 E-Filed 10/21/2019 10:20:24 AM

RECEIVED, 10/21/2019 10:21:36 AM, Clerk, Fourth District Court of Appeal

### DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
### FOURTH DISTRICT

JANICE BAKER,

      PETITIONER,

vs.

MACY'S FLORIDA STORE LLC,

      RESPONDENT,

CASE No. 4D18-3618

L.T. CASE NO: 50-2016-CA-011132

## PETITIONER OF WRIT OF CERTIORARI

Mrs. Janice Baker

4423 Lake Tahoe Circle

West Palm Beach, Florida 33409

Rbaker4423@att.net

561-578-4336

L.T. CASE NO: 50-2016-CA-011132 – 1

Filing # 97573086 E-Filed 10/21/2019 10:20:24 AM

DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA

FOURTH DISTRICT

JANICE BAKER,

       Plaintiff,

vs.

MACY'S FLORIDA STORES LLC,

       RESPONDENT

Case No: 4D18-3618

L.T. CASE NO: 50-2016-CA-011132

APPENDIX OF PETITIONER

Mrs. Janice Baker

4423 Lake Tahoe Circle

West Palm Beach, Florida 33409

Rbaker4423@att.net

561-578-4336

L.T. CASE NO: 50-2016-CA-011132 – 1

Filing # 97259794 E-Filed 10/14/2019 09:46:43 PM



IN THE U.S SUPREME COURT OF FLORIDA, TALLAHASSEE, FLORIDA

JANICE BAKER,

           PETITIONER,

vs.

MACY'S FLORIDA STORES LLC,

           RESPONDENT

CASE NO. 4D18-3618

L.T. CASE NO. 502016CA011132XXXXMB

APPENDIX OF PETITIONER

MRS. JANICE BAKER

4423 LAKE TAHOE CIRCLE

WEST PALM BEACH, FL 33409

561-578-4336

RBAKER4423@ATT.NET

L.T. CASE NO. 502016CA011132XXXXMB – 1

Filing # 98865961 E-Filed 11/14/2019 10:41:31 AM

1

2

3

4

DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA

FOURTH DISTRICT

JANICE BAKER,

               PETITIONER,

vs.

MACY'S FLORIDA STORES LLC,

               RESPONDENT,

Case No: 4D19-3261

L.T. CASE NO: 50-2016-CA-011132

APPENDIX OF PETITION

Mrs. Janice Baker

4423 Lake Tahoe Circle

West Palm Beach, Florida 33409

Rbaker4423@att.net

561-578-4336

25

26

27

28

L.T. CASE NO: 50-2016-CA-011132 – 1

Filing # 98865961 E-Filed 11/14/2019 10:41:31 AM

DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

JANICE BAKER,

        PETITIONER,

vs.

MACY'S FLORIDA STORE LLC,

        RESPONDENT,

CASE No. 4D19-3261

L.T. CASE NO: 50-2016-CA-011132

PETITION OF WRIT OF CERTIORARI

Mrs. Janice Baker

4423 Lake Tahoe Circle

West Palm Beach, Florida 33409

Rbaker4423@att.net

561-578-4336

L.T. CASE NO: 50-2016-CA-011132 – 1

22

I hereby a copy of this correct Petition of Writ of Certiorari will

be e-file or mail to Robert J. Squire of Resnick & Louis P.C. at 444 Brickell

Avenue, Suite 300 Miami, Florida 33131 on this 14th day of November

2019

November 14, 2019
Mrs. Janice Baker
4423 Lake Tahoe Circle
West Palm Beach, FL 33409
Rbaker4423@ att.net
561-578-4336

L.T. CASE NO: 50-2016-CA-011132 – 29

Filing # 125897624 E-Filed 04/29/2021 09:08:53 PM

IN THE FOURTH DISTRICT COURT OF APPEAL

STATE OF FLORIDA

JANICE BAKER,

        APPELLANT,

vs.

MACY'S FLORIDA STORES LLC.

        APPELLEE

Case No.: 4D21-1183

L.T. Case No: 50-2016-CA-011132

---

**REBUTTAL MOTION TO DISMISS FOR NONCOMPLAIANCE WITH ORDER, FRIVOLOUS APPEALM AND MOTION FOR SANCTIONS**

## I. INTRODUCTION

### A. INITIAL CASE IN CIRCUIT COURT

Appellant pro-se, Janice Baker disagree completely with the Appellee's

paragraph accept the Motion for Reconsideration, which was denied

by Honorable Judge Sasser, after the Appellee's were granted

Motion for Summary Judgment. Appellant's case took place

in the month of May16, 2016 by lawyer Attorney Bryan Boysaw

and this Motion for Summary Judgment should have been addressed

by Attorney Bryan Boysaw since he was still my lawyer from 3/24/17

to 6/6/17. Attorney Bryan Boysaw filed his complaint on 9/30/16 which

will show my case was not obvious nor open in paragraph number 9, 13

(a)(b), 14 and 15 does not show a Karen Kane sign present anywhere.

1

- 1

How could this be frivolous? When the appellant's evidence are base on

material facts at the courts **Exhibit 1** will be all the evidence used in this case.

### B.    INITIAL APPEAL OF INITIAL CASE

Appellant agree to some of the Apellee's paragraph but not all, Yes,

I fail so many times trying to perfect my Appeal and Petition of Writ of

Certiorari, but the courts allowed and acknowledged the Appellant cases

Due to my disability as a pro-se, who doesn't have the experience like

The Appellee in his law firm. According to Florida Status 57.081 and 57.082

Appellant suppose to have representation in this case so a proper Appeal

And Petition could be written for the Appellant pro-se in this civil case.

The Appellant pro-se Civil Rights Act of 1964 and ADA Act of 1990

Have being violated for not getting the justice I deserve in this case,

And the Appelle firm are making false defamation/libel claims against

me is very hard breaking especially when all my material and facts were

presented in court on 12/6/2018. **Exhibit 2** will be all evidence related

To this Macy's case.

### C.  UNAUTHORIZED, SERIAL, REPETITIVE, 4TH DCA APPEAL

Appellant pro-se, Janice Baker disagree with the Appellee's

Entire Paragraph,  because On 12/7/18 Appellant pro-se filed

An  incorrect appeal, after the Appellee was granted a Motion

For Summary Judgment and the Appeal was not accepted by

the 4th Appeal District Circuit Court .  Appellant pro-se had

30 day's to get the Final Judgment into the 4th Appeal District

Circuit Court office. December 14, 2018 Appellant wrote the

4th Appeal District Circuit Court a Notice which includes the Final

Judgment so this case could take place. Appellant filed a Motion for

Reconsideration twice with the 15th Judicial Circuit Court

And the 4th Appeal District Circuit Court, which both were denied

on 12/14/18 and 12/21/18 but the 4th Appeal District Circuit Court

state in the Motion for Reconsideration was moot without prejudice.

On 12/26/18 the 4th Appeal District Circuit Court wrote? I have 10 day's

with a response to treat the Motion for Reconsideration as my Initial Brief,

which I filed this Initial Brief on 1/9/19, which is the truth but stricken

From 4th Appeal District Circuit Court docket, and the Appellee ask for

an extension to respond to the Appellant's brief on 1/22/19.  Appellant

pro-se filed so many motions with the 4th Appeal District'Circuit Court

to appear in court, have all the judges to look over my case, and I was

denied all these things on 2/18/19.  January 31, 2019 Attorney Dave Roy

filed a Notice of Appearance to inform the 4th District Circuit Court.

Attorney Dave Roy was able to correct the Appellant's Initial Brief on

March 11, 2019, but entering the Appellee's evidence and not the

Appellant pro-se evidence from her original Initial Brief which were

stricken from docket by the clerk of the 4th Appeal District Circuit

Court.  Before this amended Initial Brief took place the Appellee

filed several Motion to Strike and Dismiss this Appeal on 1/30/19

which were later denied by the 4th Appeal District Circuit Court on

February 18, 2019 while being represented by Attorney Dave Roy.

This Motion to Dismiss the Appellant pro-se Appeal filed on 3/29/21

Is related to the same Motion to Dismiss the Appeal filed on 01/ 30/19,

Which was later denied on February 18, 2019. Appellant Pro-se is not a

**3**

- 3

1    lawyer nor have the experience, but I do know a Motion to Dismiss

2    And Motion for Summary Judgment is the same, which means this

3    Motion for Summary Judgment was given to the Appellee and it

4    was not base on material facts but being lawyers in this case helped

5    them to win this Motion for Summary Judgment and the Appellant

6    pro-se, who is a disability person is not getting the respect from the

7    clerks in this courts and I don't believe the Honorable Judges are

8    Not aware of what's going on in the court system because I have

9    been honest through out this case given material facts along with

10   photos, while representing myself in this case. Appellee ask for

11   extension twice to respond to Appellant pro-se brief on 3/25/19

12   and 3/27/19? Why would experience lawyers with knowledge

13   need to have extension if there material and facts are true in this

14   Macy's case. Appellee responded to the Appellant Brief on

15   May 8, 2019 which is not fair to the Appellant pro-se when

16   Appellant Rules give you 10 to 30 days to respond to an order.

17   I believe the Appellee lawyer and Attorney Dave Roy agree to

18   an Oral Argument, because the Appellee failed to respond to

19   Appellant Initial Brief on time, which lead to Per-Curiam

20   (Affirmed) but in bold black letters it show's **Not Final until**

21   **disposition of timely filed Motion for Rehearing**, which I don't

22   understand why Appellant pro-se lawyer (Attorney Dave Roy) did

23   not file another motion on her behalf since he was still the Appellant's

24   Lawyer on October 3, 2019, which lead to Appellant filing a

25   Writ of Certiorari on 10/21/19 which was acknowledged by the

26   4th Appeal District Circuit Court from case 4D18-3618 to 4D19-3261.

27

28

- 4

1    Appellant pro-se filed several Writ of Certiorari which all were denied

2    except the October 21, 2019  Writ of Certiorari. **Exhibit 3** Appellant true

3    Material and facts of evidence.

4

5    C.  **FLORIDA SUPREME COURT**

6    Appellant Disagree with the Appellee  paragraph completely, because

7    Appellant filed a complaint with the Florida Bar against Attorney Bryan

8    Boysaw violating the **Code of  Ethics** as a lawyer concerning his client,

9    and Attorney Robert Squire violating the **Code of Ethics** hiding evidence

10   related to the Surveillance Camera that shows the severity of the Appellant

11   pro-se injuries related in this Macy's case, which lead to the withdrawal of

12   Attorney Ware Cornell who were trying to get Appellant to withdraw her

13   complaint against both lawyers.  I emailed the  ADA department of the

14   Florida Supreme Court giving them the same evidence, I gave the 15th

15   Judicial Circuit Court, 4th Appeal District Circuit Court, and the US

16   Supreme Court showing how the Appellant pro-se **ADA Act of 1990**

17   and **Civil Right Act of 1964** is being violated throughout this Macy's case.

18   Appellant pro-se Janice Baker was given the OK!!! from the Florida

19   Supreme Court, clerk to file a correct Petition of Writ because they do not

20   have jurisdiction, which lead the Appellant pro-se to refile the Petition

21   of Writ of Certiorari on 11/4/19, and 11/14/19, which the clerk at the

22   4th Appeal District Circuit Court went against the Florida Supreme Court

23   Ruling, which is not fair to the Appellant pro-se in this Macy's case

24   **Exhibit 4** Appellant evidence showing  the  truth in this case.

25

26

27

28

- 5

**D. U.S SUPREME COURT**

Appellant disagree with the Appellee completely in this paragraph,

On November 18, 2019, the Appellant pro-se filed 3,000 pages to

Proceed to forma pauperis due to my disability for case# 19-7068

Which my Petition was denied but not the Forma Pauperis which I

Supposed to have a lawyer to represent me in this Macy's case.

Appellant pro-se filed another Petition using 1500 pages for case

19-7191 to proceed to Foram Pauperis which was denied but

Not the Petition and the Appellant pro-se had to pay $300 dollars.

After paying the U.S. Supreme Court money to review the Appellant

Petition, Appellant found out the Petition was denied, the Appellant

Was never given any type of explanation, so I wrote Honorable

Judge John Robert and clerk, Harris Scott a letter giving them

Important information pertaining to this Macy's case. Appellant

pro-se believe the clerk in the courts did not care about my **ADA**

**Act of 1990 and Civil Rights Act of 1964,** who took oath to protect the

People of the Court not the other way around,protecting the lawyers.

Exhibit 5 will be Appellant evidence to show the truth in her Macy's case.


**E. INSTANT APPEAL**

Appellant have a right to file another Notice to Appeal due to the

Discovery of this Macy's case.  At the U.S. Supreme Court under

Case # 19-7191 it shows my case is still pending and it does not

Show the Petition of Writ of Certiorari was denied, and the 15th

Judicial Circuit Court shows this Macy's case was reopen and

If this wasn't true, the 4th Appeal District Circuit Court wouldn't

- 6

Never given the Appellant pro-se an Acknowledge Letter for a new case# 4D21-1183. **Exhibit 6** will be the evidence the Appellant will be using in her defense.

## II. RELIEF REQUESTED

Appellent pro-se, Janice Baker relief request is for the Honorable Judges and clerks in this case to look over her true evidence, which Includes photos of Janice Baker and Linda Davis which are original Set-up, Affidavits from Janice and Richard Baker, Attorney Bryan Boysaw sending a letter to Macy's Store at the Palm Beach Garden's Mall asking for ta copy of the surveillance camera, the injuries the Appellant sustain a laceration of right leg, right shoulder surgery and injuries to right hip. Appellant asking the Honorable Judges Of the 4th Appeal District Circuit Court to allow the Notice of Appeal which was not denied when Attorney Dave Roy was the lawyer representing the Appellant pro-se Janice Baker on March 11, 2019. I asking the Honorable Judges to reward Appellant pro-se for defamation/libel claim made against the Appellant when there is no frivolous filing made. This material facts are the truth in this Macy's case and sanctions should be filed against the Appellee for keeping evidence away from the Appellant pro-se.surrounding The surveillance camera which could resolve this Macy's case.

## III. CONCLUSION

Appellant pro-se, Janice Baker is asking the Honorable Judges to grant the Notice of Appeal, because the Appellee filed this Motion to Dismiss this Appeal twice which were denied twice by the 4th Appeal District

- 7

Circuit Court when Attorney Dave Roy was representing the Appellant.

Appellant pro-se **Civil Right Act of 1964** and **ADA Act of 1990** are being violated to keep the Appellant case from being heard and evidence are not being taking into consideration to win this case as a pro-se.. I am asking the Honorable Judges in this case to reward me **275,000** dollars for **punitive damages, defamation/libel claim** and injuries I sustain from this fall on May 7, 2016 .

**Exhibit 1 through 6** are the Appellant pro-se evidence to the courts

I hereby certify a copy of this **Rebuttal Appellee Motion** to **Dismiss for Noncompliance With Order, Frivolous Appeal, and Motion for Sanction** will be E-filed or emailed to Resnick & Louis, P.C. at 444 Brickell Avenue, Suite 300, Miami, Florida 33131 on April 29, 2021

April 29, 2021

Mrs. Janice Baker

4423 Lake Tahoe Circle

West Palm Beach, Florida 33409

Rbaker4423@att.net

Filing # 126422377 E-Filed 05/07/2021 05:04:37 PM

# DISTRICT COURT OF APPEALS, FOURTH DISTRICT

**JANICE BAKER,**

    **APPELLANT**

        **CASE NO: 4D21-1183**

**MACY'S FLORIDA STORES, LLC**

    **APPELLEE**        **L.T. NO: 502016CA01113XXXXMB**

## MOTION TO REOPEN CASE #4D21-1183

The Plaintiff pro-se, by and through respectfully request the 4th Appeal District Circuit Court to reopen case #4D21-1183 according to pursuant to 9.300 (d)10 as follow:

1. Appellant pro-se was never informed by mail of the outcome of This Motion to Dismiss Appellant case due to a conformed copy.

2. Appellant pro-se never received any type of order to have a conformed copy due to the Appellant email was exposed

DEFENDANT'S NAME - 1

To dark web.

3.  Due to appellant pro-se disability, I should have been informed by mail
    What a conformed copy? Throughout this case Appellant never was
told to do one with case# 4D18-3618 to 4D19-3261.

4.  Appellant pro-se Janice Baker always did e-filing making copies of
    Certified of Certificate and if this is a conformed copy I was never
    Informed of this by mail nor email due to issues with dark web.

5. Appellant pro-se asking the 4th Appeal District Circuit Court to reopen
   My case# 4D21-1183, because I was never informed of these things
   Concerning a conformed copy before when representing myself as a
   Appellant pro-se due my disability.

6. Appellant pro-se Civil Rights of 1964 and ADA Act of 1990 are being
   Violated over something I do not understand in lawyer term, and as a
   Disable person.

7. Appellant pro-se is attaching a copy of the Certified Certificate and if this
   Is a conformed copy for e-filing, I am not aware as a disabled person,

DEFENDANT'S NAME - 2

1
2
3      Who was just responding to the Appellee Motion to Dismiss this appeal,
4      Which was stamped by the 4th Appeal District Circuit Court.
5
6
7      I hereby an e-filing copy of this Motion to Reopen Case # 4D21-1183 will be sent
8      to Robert J. Squire, Esq. Resnick & Louis, P.C. at 444 Brickell Bay Drive, Suite
9      #300 Miami, Florida 33131 on May 7, 2021
10
11
12
13                                              May 7, 2021
14                                              Janice Baker
15                                              4423 Lake Tahoe Circle
16                                              West Palm Beach, Florida 33409
17                                              Rbaker4423@att.net
18                                              
19
20
21
22
23
24
25
26
27
28

DEFENDANT'S NAME - 3

# THIS IS A COPY OF MY EXPERIAN REPORT SHOWING DARK WEB ALERT

# Compromised Email Address Alert

Your email address has been found online. This may indicate possible identity theft.

What is Dark Web Internet Surveillance Monitoring?

Dark Web Internet Surveillance monitors the depths of the web to identify activity associated with your identity. Once you provide the personal information you'd like to monitor, Dark Web Internet Surveillance searches through thousands of websites and millions of data points using a variety of data gathering techniques — including chat room monitoring, crawling/scraping, and forum extraction.

**Email Address:**

rbaker4423@att.net

**Password:**

Password found

**Potential Site:**

clearvoicesurveys.com

**Reported Date:**

April 29, 2021

Additional exposed information was found

**Zip:**

33409

**First Name:**

Janice

**Last Name:**

Baker

*What is the risk?*

Identity thieves can use your email address, or take it over for fraudulent purposes. This information can be used to create a false identity to "prove" who they are and access your accounts that use email as the User ID. Email accounts can be taken over by resetting your password via email. It is also another piece of information to help them build a false identity that can be used to establish new accounts and purchase merchandise online.

*What should you do now?*

- If we were able to indicate the potential site in which the email was associated, immediately change the password for that potential site that was compromised.
- If you use that same email and password combination as your login credentials on other websites or online accounts, we recommend that you change the passwords at those locations as well.

unrelated words with spaces between them and since your information may have been breached, it's probably a good idea to change your email account password to minimize the risk to other accounts that may be connected to your email address. (Read more about the latest password guidelines here.)

*Still unsure how to proceed?*

Contact Membership Support at 1-855-962-6943 if you are unsure of how to proceed. We'll help you determine if an identity theft event has occurred and guide you through any necessary restoration activities.

Filing # 128950867 E-Filed 06/17/2021 11:48:34 AM

**IN THE FOURTH DISTRICT COURT OF APPEAL STATE OF FLORIDA**

JANICE BAKER,

       Plaintiff,

vs

MACY'S FLORIDA STORES LLC,

       Defendant

Case No.: 4D21-1183

LT. CASE NO: 50-2016-CA-011132

**APPELLANT  REBUTTAL APPELLEE'S MOTION TO REOPEN AND MOTION**

**TO DISMISS FOR FRIVOLOUS APPEAL AND MOTION FOR SANCTIONS**

### A    INTRODUCTION

1. **Appellant pro-se Janice Baker is telling the court the truth about**

   **the Appellant Motion to Reopen case # 4D21-1183 was exposed to**

   **the dark web from Experian Credit Union,  Appellant doesn't**

   **Need to make up a false statement just to get this case reopen,**

   **also Appellant learned a conformed copy should not cause my**

   **Case to be dismissed at all according to the Appellant Florida Rules**

   **And if this conformed copy is the issue in this case? The clerk '**

   **Should have sent out a letter or email telling me to correct the**

   **Rebuttal that I sent to the Appellee for there 4/22/2021 motion.**

**1**

- 1

This is the reason why I say my Civil/ADA Rights have been

Violated through out this case According to Appellant Florida Rules

9.110 it states as follows: (d) Notice of Appeal. The notice of

appeal shall be substantially in the form prescribed by

rule 9.900(a). The caption shall contain the name of the lower

tribunal, the name and designation of at least 1 party on each

side, and the case number in the lower tribunal. The notice shall

contain the name of the court to which the appeal is taken,

the date of rendition, and the nature of the order to be reviewed.

Except in Criminal cases, a conformed copy of the order or orders

designated in the Notice of Appeal shall be attached to the notice

Together with any order entered on a timely motion postponing

Rendition of the order or orders appealed.. Appellant Motion to

Reopen case should be granted base on these finding regarding a

conformed copy listed on Line 1-2 of page 2. Exhibit 1

2. Appellant Notice of Appeal was authorized by the lower court

Clerk on 03/23/21 and 3/26/21, because Appellant received a

call from Nidia Rios Gonzalez telling Appellant I can't use

the Notice of Appeal showing Petition of Writs from the U.S.

Supreme Court and 4th District Circuit Court, and a new Notice

of Appeal was brought to the lower court in March or April,

2

-2

And e-filed my Notice of Appeal  on 3/23/2021, and 3/26/201

surveillance camera will show Appellant was seen at the

lower court twice filing the notice, and paying 100.00

to the clerk of the lower court and not 300 dollars. Later I

Paid 300 dollars to the 4th District Appeal Court handing

Over a copy for there record, and never knew it was the

Responsibility of the clerk of the lower court to send over

the Notice of Appeal to the 4th Appeal District Circuit Court

Exhibit 1 will show the truth regarding Florida Appellant Rules

2. Appellant is an aggrieved party, who Civil and ADA Rights have

being violated throughout this Macy's case,  who get's disability

from Social Security Administration.  The Appellee's have been

writing defamation and libel claims against me throughout this

case causing my case not to be heard by the Honorable Judges

at the lower courts and 4th District Court. Appellant believe she

did not lose her petition at the U.S Supreme Court  because

It shows this Macy's case is still pending under case # 19-7191,

also I learn under the Appellant Florida Rules why this case

Went back to lower court and 4th Appeal District Circuit Court,

Because Appellant case got to be sent by the lower court or

4th Appeal District Circuit Court after the Appellant writes the

3

- 3

Petition of Writs which I was denied these things when I had Civil Indigent Statues for case #4D18-3618 and 4D19-3261. Exhibit 1, 2

3. Appellant pro-se Janice Baker never ask the lower court nor 4TH District Court for a Motion for Extension to pay 300.00 dollar for court fee's.  The clerk of the 4th District Circuit Court word my Letter incorrectly to Honorable Judge Paige Gillmum as a Motion for Extension on 4/8/2021 not I. This letter was asking Honorable Judge Paige Gillmum to review my Civil Indigent Status for the lower courts, because Appellant had Civil Indigent Status throughout her case.  On 4/8/21 the 4th District Court grant this Motion for Extension, which the Appellant never requested. This was just a letter to Honorable Judge Paige Gillmum to review my request For Civil Indigent Status.  Exhibit 1, 3 will show my letter to the judge and not a Motion for Extension to pay 300.00 dollars.

4. Appellee's of this law firm is so quick to point fingers at the Appellant, who are really doing the right thing in this Macy's Case compared to them, who are violating the Codes of Ethics as lawyers and getting away with there actions. Like for instance, On 4/22/21 I received an email from the Appellee's, who filed this

4

- 4

same response for 06/11/21,  After Appellant rebuttal their motion

on 4/29/21, I was told a conformed copy is needed, which cause the

case to be dismissed, but Appellee's case was not dismissed for doing

What the Appellant did regarding a conformed copy, also this 4/22/21

Is not on docket to show why I rebuttal there Motion, which is not

Fair? This is the reason why the Appellant said her Civil and ADA

Rights are being violated throughout this motion. Which is against

the law according to Florida rules 9.220 (a) (b),  Exhibit 1, 4 will show

the two response for 4/22/21 and 6/11/21 and Appellant responding

to the 4/22/21 response.


5. Appellant doesn't have a problem accepting the truth concerning her

Macy's case, all the evidence I have provided to the clerks at the lower

Court, 4th Appeal District Circuit Court, The Florida Bar, The Florida

Supreme Court and the U.S. Supreme Court are not allowing the Honorable

Judges to hear my cry for help as a disability person, and my Civil / ADA

Rights are being taken away from me in this Macy's case, also I believe my

Case was sold to the Appellee's by my previous lawyer, who tried to get

me to sign a Power of Attorney to the Appellee's in this case? I could

Not understand why do I need to sign a Power of Attorney to the Appellee's ?

Who were not representing me in this Macy's case. Appellant evidence

will show the Appellee's name on the Medicare forms asking for Power

5

- 5

Of Attorney and not my previous attorney who supposed to be representing

Me and not the Appellee's in this Macy's case? Which I refused to sign for

Exhibit 1, 5

6. On 4/29/21 Appellant answer these questions from the Appellee's

Motion on 4/22/21, which they never had a conformed copy for

This motion, but corrected there mistake on 6/11/21, speaking

about the same thing in there first motion, which is not docket

in this case, which lead the 4th Appeal District Circuit Court to

Dismiss my motion which I learned it was against the Appellant

Florida Rules to dismiss my case according to Florida Rules 9.110

concerning a conformed copy (d) Exhibit 1, will show the reason

why I rebuttal the Motion for 4/22/21.

7. According to Appellant Florida Rules 9.040 (2)(a) showing the lower courts

Are responsible for transferring venue to the appropriate court for review

(c) the lower courts are responsible for filing a Notice of Appeal which the

Appellant filed with the lower court in person which is known as a conformed

copy.  (g) clerk duties shall forthwith transmit the fee and a certified copy of

The notice showing the date of filing to the court. (h) states if failure of a clerk

Or a party timely to file fees or additional copies of notices or petitions or

The conformed copy of the order or orders shall not be jurisdictional;

6

- 6

Provided that such failure may be the subject of appropriate sanction.

In the  Appellant case I took two Notice of Appeal to the lower court

Which was stamped as a conformed copy, and gave  4th Appeal District

Circuit Court copies of what the lower court stamped for their records.

Never knew it was the responsibility of the lower court to send the

Notice of  Appeal to the 4th Appeal District Circuity Court. Exhibit 1

8. 1977 Amendment Subdivisions (b) (c) states Article V, section 2(a)

Florida Constitution states the advisory committee does not consider

It to be the responsibility of the court to seek the proper remedy for any

Party, but a court may not deny relief because a different remedy is

Proper. Under these provisions a case will not be dismissed automatically.

According to Nellen v. State, 226 So. 2d 354 (Fla. 1st DCA (1969) and

Engel v. City of North Miami, 115 So. 2d 1 (Fla.1959).  Which the

Appellant feel her Petition of Writ should have never being dismissed

by the clerk of the 4th Appeal District Circuit Court, because they were

filed on time or should have been sent to the Florida Supreme and US

Supreme Court because it was there duty after getting an affirmed on

10/3/19.  Which lead the Appellant to file a Petition of Writ with the

Florida Supreme Court on October 9, 2019 the original was given to

The 4th Appeal District Circuit Court and e-filed on 10/14/19.

7

- 7

Exhibit 1, Petition for the Florida Supreme Court and Appellant

Florida Rules

9. According to Subdivision (h) is intended to implement the decision

In Williams v. State, 324 So. 2d 74 (Fla. 1975), in which it was held

That only the timely filing of the Notice of Appeal is jurisdictional.

The provision permits the court to impose sanctions if there is a failure

To timely file fees or copies of the Notice or Petition. Which Appellant

Fee's were paid on time after being turn down for indigent for disability,

Which doesn't show Liability and Debt amount which should have been

Added up with the total asset.  Exhibit 1 and  Civil Indigent Statutes

10. 1980 Amendment. Subdivision (g) was amended to direct the clerk

Of the district court to transmit copies of the district court decision,

The certificate, the order of the trail court, and the suggestion, replies,

And appendices in all cases certified to the Supreme Court under

Rule 9.030 (a) (2) (B) or otherwise certified under rule 9.030(a)

(2) (A)(v) or (a)(2) (A)(vi) which the 4th Appeal District Circuit

Court did not do this for the Appellant I was told it was my

Responsibility to file my Petition of Writs to the Florida Supreme

Court and U. S. Supreme Court, which I learn differently from

this 1980 Amendment which is not fair to the Appellant pro-se.

8

- 8

My Civil/ADA Rights are being violated by the Appellee's and the

Clerk, who are not allowing the Honorable judges of the lower court,

Florida Supreme Court, 4th Appeal District Circuit Court and the

US . Supreme Court to hear my Macy's case this is the reason why

my Petition of Writ was denied by US and Florida Supreme Court.

Exhibit 1 Appellant Florida Rules

11. 1992 Amendment. Subdivision (h) was amended to provide

That the failure to attach conformed copies of the order or orders

Designated in a Notice of Appeal as is now required by rules

9.110 (d), 9.130 (c) and 9.160 (c) would not be a jurisdictional

Defect, but could be the basis of appropriate sanction by the court

If the conformed copy was not included with the Notice of Appeal.

Which means the Appellee'of this law firm, and clerk of the 4th

Appeal District Circuit Court are not obeying the rules and regulations

Of this court system, and not allowing Appellant to have a fair trial

So she could be heard by the Honorable judges of the lower court and

4th Appeal District Circuit Court to review my Macy's case. Exhibit 1

12. According to Rule 9.220 (a) (b) Appendix is used to permit parties

To prepare and transmit copies of those portions of the record deemed

Necessary to an understanding of the issues presented . It may be served

9

- 9

With Petitions, Brief, Motion, Response, or Reply but shall be served.

If the court finds that the appendix is incomplete, it shall direct a party

To supply the omitted parts of appendix. No proceeding shall be

Determined until an opportunity to supplement the appendix has

been given. Appellant gave the lower court a true copy of Notice

of Appeal in 4 of 2021, because the one that I filed at the 4th Appeal

District Circuit Court on 3/23/21 at the lower court is incorrect,

because Appellant had to removed the U. S. Supreme Court,

4th Appeal District Circuit Court and Petition of Writs from

the Notice Of Appeal, after speaking with head of clerk to

Correct the Notice of Appeal.  Appellant gave the clerk the Appendix

showing the original copies, which is a conformed copy, and to review

Case at the 4th Appeal District Circuit Court, which was not filed

Into docket at the  4th Appeal District Circuit Court by the lower

court. Exhibit 1

13. 1977 Adoption. This rule is new and has been adopted to encourage

The use of an appendix  either as a separate document or as a part

Of another matter. Appendix is optional., except under rules 9.100

9110(i) , 9.120, and 9.130 . the term conformed copy is used throughout

These rules to mean a true and accurate copy, which Appellant did provide

To the lower court for the Notice of Appeal as well as follow-up motions

10

To the 4th Appeal District Court through e-filing filing electronically

Throughout this Macy's case. In as appendix the formal part of a document

May be omitted if not relevant. Exhibit 1

14. According to Florida Appellant Rule 9.110 (a)(1) invoke the appeal

Jurisdiction of the courts described in rules 9.030(a)(1),(b)(1)(A), and

(c)(1)(A) (3) seek review of orders granting a new trial in jury and

Non-jury civil and criminal cases described in rules 9.130(a) (4) and

9.140(c)(1)(C). Honorable Judge Garrison order 2[n] attorney and

Appellee to have mediation? Mediation took place on 1/28/17 by

Robbin Hawkins, who supposed to report back to Honorable Judge

Garrison on the outcome of the mediation, which never took place

And never filed into docket of the outcome of the mediation on 1/28/17.

Appellant never had another court date with Honorable Judge Garrison

To set-up for trial while being represented by three lawyers who took this

Case but treated the client wrong in the process. (b) Commencement.

Jurisdiction of the court under this rule shall be invoked by filing a notice,

accompanied by law, which the clerk of the lower tribunal within 30 days

of rendition of the order to be reviewed, except as provided in rule 9.140

(c)(3). Appellant provide the clerk with the new Notice of Appeal without

the US Supreme Court and 4th Appeal District Circuit Court showing

On the Petition of Writ, which I was told they can't use in the lower court.

11

- 11

(e) Within 50 day's of filing the notice, the clerk shall prepare the record

prescribed by Rule 9.200 and serve copies of the index on all parties.

Within 110 days filing the notice the clerk shall electronically transmit

the record to the court. Appellee's are trying to have this case dismiss

in court after writing the judge a letter regarding the Civil Indigent

Status which shows I had the right to have the judge to review due to the

50 day's of notice and the clerk transferring the forms to the 4th Appeal

District Circuit Court, also I learned Appellant liability debts was not

added to show Civil Indigent Statues, which should have been shown

before the review. (f)(j) Briefs- According to Florida Appellant Rules it

shows the Appellants Initial brief shall be served within 70 days of

filing a notice. Additional briefs shall be served as prescribed by rule

9.210, which Appellant filed her brief on 1/9/19, which was stricken

from docket with Appendix showing the truth on merits, which the

Clerk had no wright stricken anything from docket for case #

4D18-3618 according to the court system ( I) Premature Appeals are

except in the lower court for review, and Appellant believe her

premature Appeal was filed incorrectly but later corrected after

Receiving the final judgment which was given to the Appellee's

Without any merit or material facts. After learning the truth

About the Appellant Florida rules for Premature Appeal, I

12

- 12

Feel I should have been represented by the courts due to my

disability in case# 4D18-3618, and 4D-19-3261. Exhibit 1

15. 1977 Amendment. The rule replaces former rules 3.1, 3.5, 4.1,

4.3, 4.4, and 4.7 . It applies when (1) a final order has been entered

By the court or administrative agency; (2) a Motion for a new trial

In a jury case is granted, which Appellant is being denied a new

Trial by the clerk of 4th Appeal District Circuit Court. (3) a Motion

For rehearing in a non-jury case is granted and the lower tribunal

Orders new testimony. It should be noted that certain other non-final

Orders entered after the final order are reviewable under the

Procedure set forth in rule 9.130. This rule is intended to clarify

the procedure for review of orders granting a new trial. Rule 9.130

(a) (4) and 9.410(c)(1)(c)authorize the appeal of orders granting a

Motion for new trial . Those rules Supersede Clement v. Aztec

Sales, Inc., 297 So. 2d (Fla. 1974), and are consistent with the

decision there. Under subdivision (h) of this rule the scope of review

of the court is not necessarily limited to the order granting a new trial.

The supreme court has held that "Appeals taken from new trial orders

shall be treated as appeals from final judgement to the extent possible.

Bowen v. Willard, 340 So. 2d 110, 112 (Fla. 1976). This rule implements

that decision. Subdivision (b) (c) Shows Appellant have a right to file a

13

- 13

Notion of Appeal within 30 days not to have the motion to be dismiss

By the Appellee's and the clerk of the 4th Appeal District Circuit Court.

This Notice of Appeal should have been granted according to Williams

v. State, 324 So. 2d 74  (Fla. 1975); Fla. R. App. P. 9.040(h)

Florida Statutes (Supp. 1976), has been for the "Petition for review"

To be substantially similar to a Petition for the Writ of Certiorari.

See Yamaha Int'l Corp v. Ehrman, 318 So. 2d 196 (Fla. 1st DCA 1975

This rule eliminates a need for true Petitions in such cases. Instead a

Simple notice is filed, to be followed later by briefs. It is intended that

The notice constitute the petition required in section 120.68(2), Florida

Statutes (Supp.1976). Appellant Petition of Writs have been denied

By the clerk at the 4th Appeal District Circuit Court so many times

Which cause a case to be  wrongfully closed in this court system.

**Exhibit 1 Florida Appellant Rules**


### B.        CONCLUSION

Appellant pro-se Janice Baker have no reason to commit perjury in this

Macy's case, after reviewing the Appellant Florida Rules, I feel I being

Treated unfairly by the Appellee's and the clerk at the 4th Appeal District

Circuit Court, who took an oath to serve and protect the Constitution of

America, but instead they abused there power as lawyers by doing the

Wrong thing in this court system.  My Civil/ADA Rights have being so

14

- 14

Violated by these lawyers after learning the truth of what is right and

Wrong in the Appellant Florida Rules.  I would like the Honorable

Judges from the lower court and 4th Appeal District Circuit Court to

Investigate my concerns because I should have been treated right in

This case and allowing my case to be granted according to the Appellant

Rules that I have discovered, also I would like the Honorable Judges to

Reward more than 275,000 dollar for keeping my Notice of Appeal,

Petition of Writs, Initial Brief and Motions from being granted knowing

I was entitled to have my case granted to me all the long in this Macy's

case.

I hereby and certify a copy of this Rebuttal to Appellee's Response to

Appellant Motion to Reopen case will be e-filed on June 17, 2021 for

Resnick &  Louis, PC at 444 Brickell Avenue, Suite 300  Miami,

Florida 33131

> June 17, 2021
>
> Mrs. Janice Baker
>
> 4423 Lake Tahoe Circle
>
> West Palm Beach, Florida 33409
>
> Rbaker4423@att.net

15

**Filing # 98431211 E-Filed 11/05/2019 06:20:28 PM**

DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA

FOURTH DISTRICT

JANICE BAKER                                      CASE No: 19-3261

      APPELLANT,                               T.C. Case No: 502016CA011132

VS.

MACY'S FLORIDA STORES LLC,

      APPELLEE,

RESPONSE THE APPELLEE 2nd MOTION FOR SANCTION

According to Appellant procedure 9.440 Attorney Dave Roy, never filed a

Motion with the 4th Appeal Circuit Court to withdraw himself from this case

And he should be doing this Petition Writ of Certiorari, after paying so much

Money to win this case in his Oral Argument which he used the Appellee

Evidence and not the Appellant on October 3, 2019

According to the Florida Constitution, Article V, Section 4, and Appellant

Rules 9.100 (g) (2) (3) (4), the evidence the Appellant gave on October 21, 2019

Are true documents that was filed at the lower court, 4th Appeals District Court

In this Petition of Writ of Certiorari and Petition Appendix. See 1980 Amendment

**1980 Amendment.** The rule was amended by deleting its reference to former rule 9.030(a)(2)(B) to reflect the 1980 revisions to article V, section 3(b), Florida Constitution that eliminated supreme court review by certiorari of non-final orders that would have been appealable if they had been final orders. The procedures applicable to discretionary supreme court review of district court decisions under rule 9.030(a)(2)(A) are governed by rule 9.120. The procedures applicable to supreme court discretionary review of trial court orders and judgments certified by the district

RECEIVED, 11/05/2019 07:16:14 PM, Clerk, Fourth District Court of Appeal

courts under rule 9.030(a)(2)(B) are set forth in rule 9.125. Subdivision (d) was amended to delete references to the district courts of appeal as the proper court for review of orders excluding the press and public, because the appropriate court could also be a circuit court or the supreme court.

According to Appellant Rules 9.410 (5) on Sanctions, I am in disbelief by the Appellee

the truth? why not look at the evidence at the lower court according to Florida Statues

57.105 (1) (a) (b) (2) (3) (a) (b).  I feel the Appellant FCRA is being violated by the Appellee

trying to keep the 4th Appeal District Circuit Court from investigating the truth in this case.

**1977 Amendment.** This rule replaces former rule 3.17. This rule specifies the penalties or sanctions that generally are imposed, but does not limit the sanctions available to the court. The only change in substance is that this rule provides for 10 days' notice to the offending party before imposition of sanctions.

**2010 Amendment.** Subdivision (b) is adopted to make rule 9.410 consistent with section 57.105, Florida Statutes (2009).

### Rules Blog Notes

Updated with both sets of rule changes effective January 1, 2019. See *In re Amendments to Florida Rules of Appellate Procedure-2017 Regular-Cycle Report*, 256 So. 3d 1218, 1219, No. SC17-152 (Fla. Oct. 25, 2018) [.pdf] and In re Amendments to Florida Rules of Civil Procedure, 257 So. 3d 66, 69 (Fla. 2018), reh'g denied, SC17-882, 2018 WL 6074437 (Fla. Nov. 20, 2018) [.pdf]. For more information about these changes, check out the Florida Appellate Procedure Blog.

I gave the Appellee all the Appellant evidence before I hired Attorney

Dave Roy, which includes a tape recording regarding the surveillance camera

that the Appellee is trying to keep from the 4th Appeal District Circuit Court,

and I informed lower court judge of my discovery, and these are the same

evidence that I submitted on October 21, 2019 in my Petitioner of Writ of

Certiorari and Petitioner of Appendix.

I would like for the 4th Appeal District Circuit Court to appoint me a private counselor

according to Florida Statues 57.082 (1) and 57.081(1) to get to the bottom of this case

why the lower court never closed the Appellant case, and why the Appellee was given

a Final Judgment when this case is still open at the lower case. As the Appellant pro-se

I should be treated fairly in this case just like the lawyers in this case.

**2008 Amendment.** Subdivision (b) was created to differentiate the treatment of original proceedings from appeals under this rule. Each subdivision was further amended to comply with statutory amendments to section 27.52, Florida Statutes, the legislature's enactment of section 57.082, Florida Statutes, and the Florida Supreme Court's opinion in In re Approval of Application for Determination of Indigent Status Forms for Use by Clerks, 910 So. 2d 194 (Fla. 2005).

### Rules Blog Notes

Updated with rule changes effective January 1, 2019. See In re Amendments to Florida Rules of Appellate Procedure-2017 Regular-Cycle Report, 256 So. 3d 1218, 1219, No. SC17-152 (Fla. Oct. 25, 2018) [.pdf]. For more information about these changes, check out the Florida Appellate Procedure Blog.

I hereby a certify copy of this letter will be e-filed or mailed to Robert J. Squire

And Resnick/Louis at 444 Brickell Avenue Suite #300, Miami, Florida 33131 on

This 5th day of November 2019

November 5, 2019

Mrs. Janice Baker

4423 Lake Tahoe Circle

West Palm Beach, Florida 33409

Rbaker4423@att.net

(561) 578-4336

Filing # 84742499 E-Filed 02/11/2019 04:10:07 PM

# IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA, FOURTH DISTRICT

## CASE NO. 4D18-3618
### L.T. 15th Cir. No. 502016CA011132XXXXMB

JANICE BAKER

      **Appellant,**

v.

MACY'S FLORIDA STORES, LLC,

      **Appellee.**

_____/

## APPELLANT'S MEMORANDUM IN RESPONSE TO MOTION TO DISMISS THE APPEAL OR STRIKE THE INITIAL BRIEF

Pursuant to Florida Rule of Appellate Procedure 9.300, Appellant, Janice Baker, by and through undersigned counsel, respectfully submits her Memorandum in Opposition to the Motion to Dismiss the Appeal or Strike the Initial Brief, and in support thereof states:

### Background

This action arose when Appellant filed a complaint against Appellee in the Circuit Court for the 15th Judicial Circuit in and for Palm Beach County, in connection with a slip and fall in the Appellee's department store. Although initially represented by counsel in the trial court proceeding, by the time the Appellee held a hearing on its Motion to Summary Judgment, the Appellant's counsel had withdrawn, and she was representing herself *pro se*.

RECEIVED, 02/11/2019 04:10:26 PM, Clerk, Fourth District Court of Appeal

Baker v. Macy's
Case No.: 4D18-3618
Memorandum in Response
Page 2 of 5

At that hearing, the trial court granted the motion for summary judgment and the Appellant has appealed that ruling, giving rise to the current appeal. Appellant continued to represent in the subject appeal, filing an Initial Brief with attached documents. After filing the Initial Brief, Appellant has retained undersigned counsel, who filed a Notice of Appearance on January 31, 2019.

### The Subject Motion

In the subject Motion, Appellee asserts that the Initial Brief is defective, failing to comply with the Florida Rules of Appellate Procedure for multiple reasons. These claims include the lack of a "coherent and complete record of the proceedings being challenged below," the Statement of the Case and Facts "fails to reference any sort of record or evidence from the proceedings below," the lack of a proper Summary of the Argument "with suitably numbered paragraphs consistent with the body," as well as a myriad of other claims deficiencies.

Based on the foregoing facts, Appellee asks this Court to dismiss a *pro se* commenced appeal or in the alternative, to strike the Initial Brief. Clearly, dismissal of the appeal is out of line and not warranted under the facts presented. The Court has authority to impose sanctions for failure to comply with requirements for

Baker v. Macy's
Case No.: 4D18-3618
Memorandum in Response
Page 3 of 5

submitting briefs. *In Interest of D.P.*, 683 So. 2d 1098 (Fla. 2d DCA 1996).[1]

Dismissal, however, is regarded as a harsh remedy and for that reason is normally

reserved for the most flagrant violations. *United Auto Ins. Co. v. County Line*

*Chiropractic Ctr.*, 8 So. 3d 1258 (Fla. 4th DCA 2009).

Rather, if a brief is filed on time but fails to meet the requirements of form or

content, an appellate court will ordinarily enter an order striking the brief with leave

to refile an amended brief. *See e.g., Sabawi v. Carpenter*, 767 So. 2d 585 (Fla. 5th

DCA 2000). Such orders have been justified in a variety of situations. For example,

an appellate court has ordered that an appellant's brief be stricken because it failed

to contain proper record references. *Harbor Beach Club, Ltd. v. Department of*

*Natural Resources*, 471 So. 2d 1380, 1381 (Fla. 1st DCA 1985).

But even though this Court has a variety of remedies to employ to ensure the

filing of a proper brief, sanctions may only be imposed under the appellate rules only

after the offending party has been warned of the nature of the violation and given an

opportunity to correct the deficiency. *See* Fla. R. App. P. 9.410; *Boulder Mgmt.,*

*Inc. v. Charis Healing Ministries*, 931 So. 2d 1058 (Fla. 4th DCA 2006).

---

[1] Florida Rule of Appellate Procedure 9.410 states that after tens days notice the appellate court may impose disciplinary remedies including "reprimand, contempt, striking of brief or pleadings, dismissal of proceedings, costs, attorney's fee or other sanctions."

Baker v. Macy's
Case No.: 4D18-3618
Memorandum in Response
Page 4 of 5

## Conclusion

Clearly, the fact that the Appellant was *pro se* when commencing this appeal bears both as a factor against dismissing the appeal, while it can also be viewed as the reason for the alleged deficiencies raised by the Appellee in its Motion.  Now Appellant has retained undersigned counsel, who is aware of the Florida Rules of Civil Procedure and has practiced before this Court on multiple occasions. Accordingly, Appellant believes the appropriate relief in this instance is to strike her *pro se* Initial Brief and to allow her counsel to file a proper, adhering to the rules of this Court, Initial Brief and Appendix within 20 days after the striking of the *pro se* Initial Brief.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a copy of the foregoing instrument was served via U.S. Mail if applicable, and/or electronic mail as printed below on the attached service list, and we have filed the foregoing with the Clerk by using the Florida Courts E-Filing Portal, dated this **<u>11th day of February 2019.</u>**

Baker v. Macy's
Case No.: 4D18-3618
Memorandum in Response
Page 5 of 5


Respectfully Submitted
**ROY & ASSOCIATES, P.A.**


By: _____ /s/: Dave K. Roy, Esq. _____
**DAVE K. ROY, ESQ. (FBN 92551)**
1665 Palm Beach Lakes Blvd., Suite 101
West Palm Beach, FL 33401
Telephone:      (561) 729-0095
Facsimile:      (267) 222-6953
E-Service: info@daveroylaw.com

**Service List:**
**Brian L. Harvell, Esq.,** 444 Brickell Avenue, Suite 300 Miami, FL 33131; E-Service: bharvell@rlattorneys.com, rsquire@rlattorneys.com, tharari@rlattorneys.com, aoliva@rlattorneys.com

Filing # 87025767 E-Filed 03/27/2019 10:29:21 AM

RECEIVED, 03/27/2019 10:29:50 AM, Clerk, Fourth District Court of Appeal

# IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA, FOURTH DISTRICT

## CASE NO. 4D18-3618
### L.T. 15th Cir. No. 502016CA011132XXXXMB

**JANICE BAKER**

       **Appellant,**

**v.**

**MACY'S FLORIDA STORES, LLC,**

       **Appellee.**

_____/

## APPELLANT'S RESPONSE REGARDING APPELLEE'S MOTION FOR EXTENSION OF TIME TO FILE BRIEF

Pursuant to Florida Rule of Appellate Procedure 9.300, Appellant, Janice Baker, by and through undersigned counsel, respectfully responds to the Appellee's Motion for an Extension of Time to File Appellee's Brief (the "Motion"), and in support thereof states:

1.    In the Motion, Appellee seeks an additional 10 days in which to file its Answer Brief. In short, Appellant does not oppose the Motion.

2.    Appellant does, however, take issue with Appellee filing a string of Motions in this Court without contacting Appellant as to whether Appellant can agree to the relief, or otherwise seek to resolve the issues raised in a motion prior to filing same with the Court.

Baker v. Macy's
Case No.: 4D18-3618
Response to Motion for Enlargement
Page 2 of 3

3.    Florida Rule of Appellate Procedure 9.300 provides, in part, that "[a] motion for an extension of time shall, and other motions if appropriate may, contain a certificate that the movant's counsel has consulted opposing counsel and that movant's counsel is authorized to represent that opposing counsel either has no objection or will promptly file an objection."

4.    The requirements of Rule 9.300 is not unique in our legal system – most Florida Circuit Courts and the United States District Court for the Southern District of Florida require similar statements be contained in either motions or notices of hearing as to motions.

5.    Had Appellee's counsel bother to pick up the phone in their Miami-Dade office and called Appellant's counsel, they would have learned that there was no objection to the relief sought in the Motion and there would have been compliance with Rule 9.300.

6.    Any future Motions filed by Appellee, without prior consultation with Appellant, should be summarily denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing instrument was served via U.S. Mail if applicable, and/or electronic mail as printed below on the attached

Baker v. Macy's
Case No.: 4D18-3618
Response to Motion for Enlargement
Page 3 of 3

service list, and we have filed the foregoing with the Clerk by using the Florida

Courts E-Filing Portal, dated this **27th day of March 2019.**

Respectfully Submitted
**ROY & ASSOCIATES, P.A.**


By: _____ /s/: Dave K. Roy, Esq. _____
**DAVE K. ROY, ESQ. (FBN 92551)**
1665 Palm Beach Lakes Blvd., Suite 101
West Palm Beach, FL 33401


E-Service: info@daveroylaw.com

**Service List:**
**Brian L. Harvell, Esq.,** 444 Brickell Avenue, Suite 300 Miami, FL 33131; E-Service:
bharvell@rlattorneys.com,     rsquire@rlattorneys.com,     tharari@rlattorneys.com,
aoliva@rlattorneys.com

Filing # 87025767 E-Filed 03/27/2019 10:29:21 AM

# IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA, FOURTH DISTRICT

## CASE NO. 4D18-3618
### L.T. 15th Cir. No. 502016CA011132XXXXMB

JANICE BAKER

      Appellant,

v.

MACY'S FLORIDA STORES, LLC,

      Appellee.

_____/

## APPELLANT'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS FOR FAILING TO PERFECT AND FILE THE RECORD ON APPEAL

Pursuant to Florida Rule of Appellate Procedure 9.300, Appellant, Janice Baker, by and through undersigned counsel, submits this memorandum in opposition to the Appellee's Motion to Dismiss for Failing to Perfect and File the Record on Appeal (the "Motion"), and respectfully request the Court to enter an Order denying the Motion, and in support thereof states:

1.    This action arose when Appellant filed a complaint against Appellee in the Circuit Court for the 15th Judicial Circuit in and for Palm Beach County, in connection with a slip and fall in the Appellee's department store. Although initially represented by counsel in the trial court proceeding, by the time the Appellee held a

RECEIVED, 03/27/2019 10:29:51 AM, Clerk, Fourth District Court of Appeal

Baker v. Macy's
Case No.: 4D18-3618
Memorandum in Opposition to Motion to Dismiss
Page 2 of 5

hearing on its Motion to Summary Judgment, the Appellant's counsel had

withdrawn, and she was representing herself *pro se*.

2.      At that hearing, the trial court granted the motion for summary

judgment and the Appellant has appealed that ruling, giving rise to the current

appeal.  Appellant continued to represent in the subject appeal, filing an Initial Brief

with attached documents.    After filing the Initial Brief, Appellant retained

undersigned counsel, who filed a Notice of Appearance on January 31, 2019.

3.      Appellee filed a Motion to Dismiss the Appeal or Strike the Initial Brief

asserting that Appellant's *pro se* Initial Brief was defective, failing to comply with

the Florida Rules of Appellate Procedure for multiple reasons.    Appellant then

retained undersigned counsel who agreed with Appellee's counsel and requested an

opportunity to file an amended Initial Brief.  The Court agreed directing Appellant

to file "[a]n amended brief in compliance with the Florida Rules of Civil Procedure"

within 20 days, which it did on March 11, 2019.

4.      It was not until Appellee filed the subject Motion on March 25, 2019

that Appellant's counsel was made aware that the Record on Appeal had not been

transmitted by the clerk of the lower court.  This was because on January 28, 2019

the clerk of the lower court had served a "Record on Appeal" on *pro se* Appellant

Baker v. Macy's
Case No.: 4D18-3618
Memorandum in Opposition to Motion to Dismiss
Page 3 of 5

and Appellee' counsel and it appears facially from the last page of this document, a "certificate of the clerk," that the record had been transmitted to this Court.

5.      On March 26, 2019, or within 24 hours of the receipt of the Motion, Appellant paid the necessary fees for the clerk of the lower court to transmit the Record on Appeal to this Court, which this Court has acknowledged.

6.      The Motion, however, brings up the larger issue of Appellee failing to contact Appellant's counsel regarding the relief sought in the Motion or issues generally related to this appeal, prior to filing a motion.  Indeed, Appellee has filed a string of Motions in this Court without contacting Appellant as to whether Appellant can agree to the relief, or otherwise seek to resolve the issues raised in a motion prior to filing same with the Court.

7.      Florida Rule of Appellate Procedure 9.300 provides, in part, that "[a] motion for an extension of time shall, and other motions if appropriate may, contain a certificate that the movant's counsel has consulted opposing counsel and that movant's counsel is authorized to represent that opposing counsel either has no objection or will promptly file an objection."

8.      In this instance, had Appellee's counsel bothered to pick up the phone in their Miami-Dade office and raised the issue of the Record on Appeal,

Baker v. Macy's
Case No.: 4D18-3618
Memorandum in Opposition to Motion to Dismiss
Page 4 of 5

undersigned counsel for Appellant would have promptly addressed the issue, as it has already done, obviating the need for the filing of the Motion.

9.   Instead, we appear to be in a game of procedural "gotcha," instead of trying to pave the way for a review of the issues in the appeal on the merits.

10.   In sum, Appellant's counsel was unaware of the issues related to the Record on Appeal because of the prior actions/inaction of the *pro se* Appellant, which issues have been addressed within 24 hours of being notified via the Motion filed by Appellee.

**WHEREFORE**, Appellant, Janice Baker, respectfully requests this Honorable Court deny Appellee's Motion to Dismiss for Failing to Perfect and File the Record on Appeal.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a copy of the foregoing instrument was served via U.S. Mail if applicable, and/or electronic mail as printed below on the attached service list, and we have filed the foregoing with the Clerk by using the Florida Courts E-Filing Portal, dated this <u>27th day of March 2019.</u>

Baker v. Macy's
Case No.: 4D18-3618
Memorandum in Opposition to Motion to Dismiss
Page 5 of 5

Respectfully Submitted
**ROY & ASSOCIATES, P.A.**


By:   /s/: Dave K. Roy, Esq.
**DAVE K. ROY, ESQ. (FBN 92551)**
1665 Palm Beach Lakes Blvd., Suite 101
West Palm Beach, FL 33401
Telephone:      (561) 729-0095
Facsimile:       (267) 222-6953
E-Service: info@daveroylaw.com

**Service List:**
**Brian L. Harvell, Esq.,** 444 Brickell Avenue, Suite 300 Miami, FL 33131; E-Service:
bharvell@rlattorneys.com,          rsquire@rlattorneys.com,          tharari@rlattorneys.com,
aoliva@rlattorneys.com

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

COPY
RECEIVED FOR FILING

JUL 26 2018

SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

JANICE BAKER,

          Plaintiff,

vs.

MACY'S FLORIDA STORES, LLC

          Defendant

Case No.: 502016CA011132 AK

REBUTTAL DEPOSITION OF THE DEFENDANT FILED BY JUNE S. SANDBERG

COME NOW, the plaintiff pro se Janice Baker, by and through its undersigned

counsel. And Pursuant to the Florida Rules of Civil procedure, rebuttal Deposition

of the Defendant filed by June S. Sandberg in accordance with the Florida Rule of

Civil Procedure, Rule 1.380, as follows:

1)   Page 4-line 11 when the defendant asks the plaintiff have she ever

     Did a deposition before? I told her yes! I never said I believe so,

     which is a typo by the court reporter, who are using a laptop and

     not a court reporter machine in this deposition.

2)   Page 5-line 17-25 and page 6 line 1-17, Attorney Bryan Boysaw

     ask about the surveillance video tape and the defendant states there

     was No! surveillance video tape, which the plaintiff states there is a

     video tape, because Macy's corporation called the plaintiff on 5/9/2016,

     "stating they saw how hard I hit the floor". Attorney Bryan Boysaw wrote

- 1

Filing # 90973032 E-Filed 06/12/2019 12:06:53 PM

APPEAL CASE NO. 4D18-3618

FLORIDA FOURTH CIRCUIT COURT OF APPEAL

On Appeal from the Circuit Court of the Fifteenth Judicial
Circuit in and for Palm Beach County, Florida

Circuit Court Case No. 50-2016-CA-011132-XXXX-MB

---

JANICE BAKER,

Appellant/Plaintiff

vs.

MACY'S FLORIDA STORES, LLC,

Appellee/Defendant

---

REPLY BRIEF OF APPELLANT, JANICE BAKER

ROY & ASSOCIATES, P.A.
Dave K. Roy, Esquire
1665 Palm Beach Lakes Blvd., Suite 101
West Palm Beach, FL 33401
Telephone: (561) 729-0095
Facsimile: (561) 222-6653
*Counsel for Appellant*

RECEIVED, 06/12/2019 12:07:29 PM, Clerk, Fourth District Court of Appeal

*Kersul v. Boca Raton Cmty. Hosp.*, 711 So. 2d 234 (Fla. 4th DCA 1998) ············ 7

*Krol v. City of Orlando*, 778 So. 2d 490 (Fla. 5th DCA 2001) ···················· 6

*Lotto v. Pointe E. Two Condo. Corp., Inc.*, 702 So. 2d 1361, 1362 (Fla. 3d DCA 1997) ········ 7

*Martin Petroleum Corp. v. Amerada Hess Corp.*, 769 So. 2d 1105, 1108 (Fla. 4th DCA 2000) ············ 5

*Mashni v. LaSalle Partners Mgmt., Ltd.*, 842 So. D 1035, 1039 (Fla. 4th DCA 2003) ············ 7

*McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170 (Fla. 4th DCA 2012) ············ 4, 11

*McCabe v. Walt Disney World Co.*, 350 So. 2d 814, 815 (Fla. 4th DCA 1977) ······ 5

*Moore v. Morris*, 475 So. 2d 666 (Fla. 1985) ···················· 5

*Spaz v. Embassy Home Care, Inc.*, 9 So. 3d 967, 698-99 (Fla. 4th DCA 2009) ······ 6

*Stewart v. Boho*, 493 So. 2d 95, 97 (Fla. 4th DCA 1986) ···················· 5, 8

*Vance v. Barton-Malow Thatcher, Inc.*, 680 So. 2d 492 (Fla. 1st DCA 1996) ······· 5

*Wolf v. Sam's E., Inc.*, 132 So. 3d 305, 307-08 (Fla. 4th DCA 2014) ············ 8

## III. PRELIMINARY STATEMENT

Throughout this Reply Brief, the parties will be referred to by their given names. Appellant, Janice Baker, will be referred to as "Ms. Baker," or "Appellant." Appellee, Macy's Florida Stores, LLC, will be referred to as "Macy's" or "Appellee."

3

References will be to the Record on Appeal filed on January 28, 2019 by the Clerk of Court of the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida.   For example, "(DE 2, Page 3)" refers to the 3rd page of 2nd document on the Record on Appeal.

## IV. ARGUMENT IN RESPONSE & REBUTTAL TO ANSWER BRIEF

Conspicuously absent from the Answer Brief of Appellee, Macy's Florida Stores, LLC ("Macy's"), is any statement, comment or otherwise in response to the primary argument of Appellant, Janice Baker ("Ms. Baker") in her Initial Brief regarding a trial court's ability, such as in this case, to enter summary judgment in a negligence matter.   Indeed, this Court has noted on numerous occasions, that the existence of negligence or contributory negligence is ordinarily a question for the jury and courts, as opposed to summary judgment motions.  *McCabe v. Walt Disney World Co.*, 350 So. 2d 814, 815 (Fla. 4th DCA 1977).   This is because negligence claims are generally more subjective and more fact intensive than certain kinds of routine commercial matters.   And in the context of summary judgment, the trial court was required to draw every possible inference against Macy's and in favor of Ms. Baker, as the party opposing the Motion.  *Hull v. Talcott*, 191 So. 2d 40 (Fla. 1966); *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170 (Fla. 4th DCA 2012).[1]

---

[1] The preference for jury determination of negligence issues is also buttressed by the rules governing summary judgments.   The party moving for summary judgment must not only show the non-existence of a genuine issue of material fact; he must do

4

Thus, it is an established rule that trial judges must be particularly cautious when granting summary judgment in negligence cases. *Moore v. Morris*, 475 So. 2d 666 (Fla. 1985); *Dalrymple v. Franzese*, 944 So. 2d 1240 (Fla. 4th DCA 2006); *Fisel v. Wynns*, 667 So. 2d 492 (Fla. 1996); *Vance v. Barton-Malow Thatcher, Inc.*, 680 So. 2d 492 (Fla. 1st DCA 1996). This is true even where there is no conflict in the evidence, provided that inferences reasonably deducible therefrom cast no doubt upon material issues. *McCabe*, 350 So. 2d at 815; *Martin Petroleum Corp. v. Amerada Hess Corp.*, 769 So. 2d 1105, 1108 (Fla. 4th DCA 2000)("it is true that, generally speaking, issues of negligence cannot be resolved on summary judgment").

Instead, Macy's sidesteps the issue asserting that the trial court properly granted summary judgment because the situation presented under the facts was "open and obvious." But this does not alter the analysis or somehow make it possible for the trial court to shift the summary judgment standard or, more importantly, enable conclusive factual determination in a negligence context. This is because the very nature of whether a situation was open and obvious and whether one acted

---

so by proof that is sufficient "to overcome all reasonable inferences which may be drawn in favor of the opposing party." *Hull v. Talcott*, 191 So.2d 40, 43 (Fla. 1966); *see Stewart v. Boho*, 493 So. 2d 95, 97 (Fla. 4th DCA 1986).

reasonably under the situation is one that normally cannot be determined by summary judgment.

The obvious danger doctrine provides that an owner or possessor of land is not liable for injuries to an invitee caused by a dangerous condition on the premises when the danger is known or obvious to the injured party, unless the owner or possessor should anticipate the harm despite the fact that the dangerous condition is open and obvious. *Ashcroft v. Calder Race Course, Inc.*, 492 So. 2d 1309 (Fla. 1986). This doctrine rests upon the generally accepted notion that owners and possessors of real property should be legally permitted to assume that those entering their premises will perceive conditions that are open and obvious to them upon the ordinary use of their senses. *Krol v. City of Orlando*, 778 So. 2d 490 (Fla. 5th DCA 2001). In order to determine whether the doctrine applies in a given case, the courts are required to consider all of the facts and circumstances surrounding the accident and the alleged dangerous condition. *Id.*; *Spatz v. Embassy Home Care, Inc.*, 9 So. 3d 697, 698-99 (Fla. 4th DCA 2009) ("[t]he obvious danger doctrine provides that an owner or possessor of land is not liable for injuries to an invitee caused by a dangerous condition on the premises when the danger is known or obvious to the injured party, unless the owner or possessor should anticipate the harm despite the fact that the dangerous condition is open and obvious").

6

But simply because a hazardous condition is open and obvious does not necessarily mean that the owners' duty to maintain the property in a reasonably safe condition is discharged. *See Kersul v. Boca Raton Cmty. Hosp., 711 So. 2d 234 (Fla. 4th DCA 1998); Mashni v. LaSalle Partners Mgmt., Ltd.,* 842 So. 2d 1035, 1039 (Fla. 4th DCA 2003). As explained in Comment F to the *Restatement (Second) of Torts, Section 343A:*

> [T]here are situations in which the landowner can and should foresee that the dangerous condition will cause harm to an invitee despite its known or obvious danger. A reasonable probability to expect harm to an invitee from known and obvious dangers may arise under the following circumstances: If a landowner may expect that the invitee's attention might be distracted, so that he or she will not discover what is obvious, or will forget such discovery, or fail to protect himself or herself against it, and if the landowner may expect that the invitee will encounter the known or obvious danger, because, to a reasonable person, the advantages of such encounters would outweigh the apparent risk.

*See Ahl v. Stone Southwest, Inc., 666 So. 2d 922, 924 (Fla. 4th DCA 1986)*(quoting *Restatement (Second) of Torts, § 343A, comment f*).

Thus, when an injured party, such as Ms. Baker, alleges that the owner or possessor breached the duty to keep the premises in a reasonably safe condition, an issue of fact is generally raised as to whether the condition was dangerous and whether the owner or possessor should have anticipated that the dangerous condition would cause injury despite the fact it was open and obvious. *See Lotto v. Point E. Two Condo. Corp., Inc.,* 702 So. 2d 1361, 1362 (Fla. 3d DCA 1997)("we do not think that the obviousness of the condition relieved the condominium association of

7

the duty to repair it. . . . We think there remains a factual issue whether the association should anticipate that condominium residents would use the sidewalk and proceed to encounter the cracked and uneven concrete, notwithstanding that the condition was obvious, and would be harmed thereby."); see also *Hogan v. Chupka*, 579 So. 2d 395 (Fla. 3d DCA 1991).

It also raises questions of foreseeability, another question typically reserved for the jury. *See Stewart v. Boho, Inc.*, 493 So. 2d 95, 97 (Fla. 4th DCA 1986)(noting that "Florida law embodies a strong preference for the resolution of foreseeability issues in negligence cases by a jury"); *Gibson v. Avis Rent-A-Car System, Inc.*, 386 So. 2d 520 (Fla. 1980)(Florida law embodies a strong preference for the resolution of foreseeability issues in negligence cases by a jury). While injuries caused by a condition that is not "dangerous" do not give rise to liability due to failure to maintain the premises in a reasonably safe condition, *see Wolf v. Sam's E., Inc.*, 132 So. 3d 305, 307-08 (Fla. 4th DCA 2014), whether a stand on which mannequins are placed in a Macy's store was a "dangerous condition" in the context of foreseeability is a question to be answered by the jury. *See De Cruz-Haymer v. Festival Food Mkt., Inc.*, 117 So. 3d 885, 888 (Fla. 4th DCA 2013).

In this case, Ms. Baker has consistently alleged (and provided sworn statements) that the situation presented was not open and obvious. Under the summary judgment standard that the trial court was required to apply that was

Baker v. Macy's
Case No.: 4D18-3618
Memorandum in Opposition to Motion to Dismiss
Page 2 of 5

hearing on its Motion to Summary Judgment, the Appellant's counsel had withdrawn, and she was representing herself *pro se*.

2.    At that hearing, the trial court granted the motion for summary judgment and the Appellant has appealed that ruling, giving rise to the current appeal. Appellant continued to represent in the subject appeal, filing an Initial Brief with attached documents.   After filing the Initial Brief, Appellant retained undersigned counsel, who filed a Notice of Appearance on January 31, 2019.

3.    Appellee filed a Motion to Dismiss the Appeal or Strike the Initial Brief asserting that Appellant's *pro se* Initial Brief was defective, failing to comply with the Florida Rules of Appellate Procedure for multiple reasons.   Appellant then retained undersigned counsel who agreed with Appellee's counsel and requested an opportunity to file an amended Initial Brief.  The Court agreed directing Appellant to file "[a]n amended brief in compliance with the Florida Rules of Civil Procedure" within 20 days, which it did on March 11, 2019.

4.    It was not until Appellee filed the subject Motion on March 25, 2019 that Appellant's counsel was made aware that the Record on Appeal had not been transmitted by the clerk of the lower court.  This was because on January 28, 2019 the clerk of the lower court had served a "Record on Appeal" on *pro se* Appellant

sufficient for Macy's motion to be denied.  In response to the Motion, Ms. Baker filed a Declaration Under Penalty of Perjury which directly contradicted the points raised by Macy's and/or raised issues of material fact precluding summary judgment (DE 46).   This was subsequently followed up by a Memorandum of Law in Opposition to the Motion which incorporated the Declaration (DE 48).

The Declaration refuted Macy's claim that the situation at hand was "open and obvious."  Consistent with the allegations of her Complaint,[2] Ms. Baker stated it was the *display stand* the mannequins were on, as opposed to the mannequins themselves, that was the cause of her injuries.  For example, Ms. Baker stated that while the Macy's store had dresses displayed on mannequins, and that she saw the mannequins, she never saw "the display stand the mannequins were placed on to bring the dresses up to eye level."  (DE 46, Page 2).  She added that it was not until she "tripped and fell on the display stand" that she "noticed it for the first time." (Id.).

Macy's tries to sidestep the issue of the trial court's error by claiming that Ms. Baker's affidavit in opposition to the summary judgment motion was inconsistent or

---

[2] According to the Complaint, Ms. Baker tripped and fell "over an impermissibly low standing mannequin floor display, base, platform or the like which was unreasonably designed and/or erected in a manner that left an elongated squared leading edge jutting into and/or immediately adjacent to customer walkway areas; the elongated squared edge jutted a significant distance away from the base of the standing mannequin(s)."  (DE 2, Page 2).

differed from that of her deposition testimony. This argument fails for two reasons. First, the plain fact is that there is no inconsistency as in her deposition Ms. Baker testified that she saw the mannequins prior to the accident, while the issue in this case has always been the base or the stand that the mannequins were placed upon that she did not see.[3]

Second, the so-called inconsistency on the part of Ms. Baker deposition testimony was never raised by Macy's to the trial court. Indeed, Macy's Reply in support of its Motion, did not raise this issue, as well as anything new as to the "open and obvious" issue or the display stand on which the mannequins were placed, as opposed to the mannequins themselves (DE 101). It is axiomatic that it is the function of the appellate court to review errors allegedly committed by trial courts, not to entertain for the first time on appeal issues which the complaining party could have, and should have, but did not, present to the trial court. *Johnston v. Hudlett*, 32 So. 3d 700, 703 (Fla. 4th DCA 2010).

---

[3] Macy's relied upon Ms. Baker's deposition testimony wherein Macy's asserted Ms. Baker stated that: (1) she shopped at Macy's on numerous occasions, about every 2-3 weeks; (2) she observed the *mannequin display* in the area where she fell while she was shopping prior to her fall; and (3) she was walking backwards toward the display and tripped over the corner *edge of the stand* the mannequins were displayed on.

## V. CONCLUSION

A trial judge may grant a motion for summary judgment only on a showing that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  In this instance, the only ground set forth by Macy's in its Motion was based on the "open and obvious" doctrine, or stated another way, the cause of Ms. Baker's injuries was so open and obvious that Macy's should be relieved of any liability.

The burden of establishing this defense was on Macy's as the moving party and the trial judge, in turn, was required to draw every possible inference against Macy's and in favor of Ms. Baker, as the party opposing the Motion.  *Hull v. Talcott*, 191 So. 2d 40 (Fla. 1966); *McLean v. JP Morgan Chase Bank Nat'l Ass'n*, 79 So. 3d 170 (Fla. 4th DCA 2012).  Here there was an obvious conflict, with Ms. Baker saying that she did not see the base of the display on which the mannequins were placed on top of, resulting in her injury.  Accordingly, this Court must vacate the summary judgment and the resulting Final Judgment and remand for a jury trial of Ms. Baker's claims.

## VI.  CERTIFICATE OF COMPLIANCE

I **HEREBY CERTIFY** that this Reply Brief complies with the font requirements of Florida Rule of Appellate Procedure 9.210(a)(2) in that the font used in the Reply Brief is 14-point Time New Roman.

11

## VII.  CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing instrument was served via electronic mail as printed below on the below service list, and we have filed the foregoing with the Clerk by using the Florida Courts E-Filing Portal, dated this **12th day of June 2019.**

Respectfully Submitted
**ROY & ASSOCIATES, P.A.**


By:   /s/: Dave K. Roy, Esq.
**DAVE K. ROY, ESQ. (FBN 92551)**
1665 Palm Beach Lakes Blvd., Suite 101
West Palm Beach, FL 33401
Telephone:      (561) 729-0095
Facsimile:      (267) 222-6953
E-Service: info@daveroylaw.com

**Service List:**
**Brian L. Harvell, Esq.,** 444 Brickell Avenue, Suite 300 Miami, FL 33131; E-Service:      bharvell@rlattorneys.com,                    rsquire@rlattorneys.com, tharari@rlattorneys.com **and** aoliva@rlattorneys.com

Filing # 87025767 E-Filed 03/27/2019 10:29:21 AM

# IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA, FOURTH DISTRICT

## CASE NO. 4D18-3618
### L.T. 15th Cir. No. 502016CA011132XXXXMB

JANICE BAKER

        Appellant,

v.

MACY'S FLORIDA STORES, LLC,

        Appellee.

_____/

## APPELLANT'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS FOR FAILING TO PERFECT AND FILE THE RECORD ON APPEAL

Pursuant to Florida Rule of Appellate Procedure 9.300, Appellant, Janice Baker, by and through undersigned counsel, submits this memorandum in opposition to the Appellee's Motion to Dismiss for Failing to Perfect and File the Record on Appeal (the "Motion"), and respectfully request the Court to enter an Order denying the Motion, and in support thereof states:

1.     This action arose when Appellant filed a complaint against Appellee in the Circuit Court for the 15th Judicial Circuit in and for Palm Beach County, in connection with a slip and fall in the Appellee's department store. Although initially represented by counsel in the trial court proceeding, by the time the Appellee held a

RECEIVED, 03/27/2019 10:29:51 AM, Clerk, Fourth District Court of Appeal

Baker v. Macy's
Case No.: 4D18-3618
Memorandum in Opposition to Motion to Dismiss
Page 4 of 5

undersigned counsel for Appellant would have promptly addressed the issue, as it has already done, obviating the need for the filing of the Motion.

9.     Instead, we appear to be in a game of procedural "gotcha," instead of trying to pave the way for a review of the issues in the appeal on the merits.

10.     In sum, Appellant's counsel was unware of the issues related to the Record on Appeal because of the prior actions/inaction of the *pro se* Appellant, which issues have been addressed within 24 hours of being notified via the Motion filed by Appellee.

**WHEREFORE,** Appellant, Janice Baker, respectfully requests this Honorable Court deny Appellee's Motion to Dismiss for Failing to Perfect and File the Record on Appeal.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a copy of the foregoing instrument was served via U.S. Mail if applicable, and/or electronic mail as printed below on the attached service list, and we have filed the foregoing with the Clerk by using the Florida Courts E-Filing Portal, dated this <u>**27th day of March 2019.**</u>

Baker v. Macy's
Case No.: 4D18-3618
Memorandum in Opposition to Motion to Dismiss
Page 5 of 5

Respectfully Submitted
**ROY & ASSOCIATES, P.A.**

By:   /s/: Dave K. Roy, Esq.
**DAVE K. ROY, ESQ. (FBN 92551)**
1665 Palm Beach Lakes Blvd., Suite 101
West Palm Beach, FL 33401
Telephone:        (561) 729-0095
Facsimile:        (267) 222-6953
E-Service: info@daveroylaw.com

<u>**Service List:**</u>
**Brian L. Harvell, Esq.,** 444 Brickell Avenue, Suite 300 Miami, FL 33131; E-Service:
bharvell@rlattorneys.com,        rsquire@rlattorneys.com,        tharari@rlattorneys.com,
aoliva@rlattorneys.com

CIRCUIT COURT OF THE 15ᵀᴴ JUDICIAL DISTRICT IN AND
FOR PALM BEACH COUNTY, FLORIDA

JANICE BAKER,

        Plaintiff,

vs.

MACY'S FLORIDA STORES, LLC

        Defendant

Case No.: 2016CA011132 AK

COPY
RECEIVED FOR FILING

JUN 1 8 2018

SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

### MOTION TO COMPEL

COME NOW, the plaintiff pro se Janice Baker, by and through its undersigned counsel,

And Pursuant to the Florida Rules of Civil procedure, and hereby requests the defendant,

Robert J. Squire at the office of RESNICK & LOUIS, P.C. to produce for inspection and/or

Copying in accordance with the Florida Rule of Civil Procedure, Rule 1.380, the following:

1)   True copies of all the exhibits from the Motion of Summary Judgement you filed

      on 3/24/2017 and deposition on 2/13//2017.

2)   True copies of medical bills related to my fall at Macy's on 5/7/2016, which

      Doesn't relate to the demand letter Attorney Bryan Boysaw place on 10/ 14/2016

      Regarding past injuries and not new injuries of right shoulder tear with surgery,

      Right hip trochanter bursitis (walking with a limp) and deep laceration of right

      Leg, and pre-existing injuries of lower back from this Macy's fall.

3)   Copies of all photographs that is used in the defendant case against the plaintiff,

- 1

1        Pro-se.

2

3    4)   True copies of the surveillance tape that Macy's recorded on the day of the plaintiff

4        Fall on 5/7/2016, which Macy's do have camera on the premises; how else would

5        They be able to catch shoplifters at Macy's Department Store, which I have

6        documents from the Palm Beach Gardens Police Department showing 65 shoplifting

7        events, which took place at the Palm Beach Garden Mall at Macy's from 2013

8        through 2016 this evidence was filed under exhibit D and letter Attorney

9        Bryan Boysaw wrote on 6/17/2016 asking for surveillance tape at the Palm

10       Beach Garden Mall at Macy's Department Store.

11

12   5)   As the plaintiff, pro-se, I received an email from Darwin Castillo on June 5, 2018 at

13       5:56 p.m. requesting me to send exhibit A-M to their office; when in fact the plaintiff,

14       pro se never received anything from Robert J. Squire of RESNICK & LOUIS office, so

15       I could see their evidence concerning their Motion of Summary Judgement and deposition

16       on 3/24/2017 and 02/13/2017 to see who are at fault concerning this Macy's case.

17

18   6)   Attorney Bryan Boysaw, who was the lawyer prior to Attorney Ware Cornell should have

19       Received every piece of evidence from the defendant office, which I never received anything

20       From neither lawyer after becoming the pro se in this Macy's case? The lawyers for the

21       Plaintiff should have provided the defendant every piece of evidence on 11/2/2016? I

22       believe Attorney Bryan Boysaw did provide this evidence to defendant but now they are

23       asking me to provide the evidence again, which I don't have a problem providing anything

24       to the defendant, because I do not have anything to hide, but they need to provide me with

25       every piece of evidence in this Macy's case that I am requesting for a fair trial hearing

26       under the 2016 Florida Handbook on Civil Discovery Practice.

27

28   7)   I would like copies of all checks paid out by Cynthia Rheude at Macy's Corporation

- 2

1      7 West 7ᵗʰ Street Cincinnati, Ohio 45202 regarding this demand letter in the amount

2      of 300,000; which this demand letter was never sent to the defendant, Robert J, Squire

3      at Resnick & Louis if they were representing Macy's in 10/14/2016? I was told by

4      Attorney Bryan Boysaw that he did received a check for 300,000 but sent it back due to

5      hip surgery.

6

7    8)   As a plaintiff, pro se I would like true copies of every piece of evidence and documents

8      That is related to this Macy's case, because I mailed the defendant the opposition to the

9      Motion of Summary, affidavit for Janice and Richard Baker, before the plaintiff exhibits

10     From A through M is issue out to the defendant, which are submitted at the Palm Beach

11     Circuit Court to show evidence in this Macy's trial, because as a pro-se it's not fair for

12     the defendant to have all the evidence that I sent and the plaintiff pro se have no evidence

13     from the defendant to show in court or trial.

14

15   9)   The plaintiff pro se would like an order from the Honorable Judge Sasser to allow exhibit

16     L, a tape recording between Attorney Bryan Boysaw and the plaintiff to be heard in

17     The courtroom for the hearing, which will prove to the court and Honorable Judge

18     Sasser that I am telling the truth about this surveillance tape which both lawyers are

19     Trying to keep out of court which is a violation under the Florida Statutes 1.380

20     Related to spoliation and sanctions.  Exhibit D also show a letter from Attorney Bryan

21     Boysaw asking for the surveillance tape and told the managers at Macy's to preserve

22     The surveillance tape for litigation and trail.

23

24

25                REMEDIES FOR LOSS OR DESTRUCTION OF EVIDENCE

26

27     Evidence can be lost or destroyed.  It can be lost or destroyed by the defendant or the plaintiff

28     And the act of losing or destroying evidence can be negligent or intentional.  Evidence can be

- 3

Lost or destroyed before any claim involving the evidence is made or after a lawsuit is pending

This issue is commonly referred to as spoliation.   The plaintiff pro se discovered Attorney

Bryan Boysaw ask for surveillance tape on 6/17/2016 and ask the managers at Macys to preserve

The surveillance tape for litigation and trail.  The plaintiff pro se discovered that Palm Beach

Gardens Police Department responded to 65 shoplifting from 2013 through 2016 at Macy's

At the Palm Beach Gardens Mall.   The essential elements of a spoliation cause of action are:

1) Existence of a potential civil action.

2) A legal or contractual duty to preserve evidence which is relevant to the potential civil action

3) Destruction of that evidence

4) Significant impairment in the ability to prove the lawsuit

5) A causal relationship between the evidence destruction and the inability to prove the lawsuit

6) Damages

## SANCTIONS FOR FIRST PARTY SPOLIATION:

The court, in Martino, determined that the remedy against a first party defendant for spoliation of

Evidence should be the Valcin presumption and sanctions, if found to necessary.  To determine

Whether sanctions are warranted and if so, what sanctions is appropriate, the court shall determine

(1) Whether the evidence existed at one time.  (2) whether the spoliator had a duty to preserve the

Evidence and (3) whether the evidence was critical to an opposing party being able to prove

Its prima facie case or a defense.    If a party destroyed relevant and material information

(and that information is so essential to the opponent's defense that it cannot proceed) then striking

Of pleadings may be warranted.

While striking pleadings and/or dismissal with prejudice is considered a harsh sanction, doing so is

Justified in some cases.

In Tramel v. Bass, the trial court struck a defendant's answer and affirmative defenses and entered a

- 4

1   Default judgment after finding that the defendant had altered critical videotape evidence.  The First

2   District upheld the trial court's action, stating:

3   The reasonableness of a sanction depends in part on the willfulness or bad faith of the party.  The

4   Accidental or negligent destruction of evidence often justifies lesser sanctions directed toward

5   Compensating the victims of evidence destruction.  The intentional destruction or alteration of

6   Evidence undermines the integrity of the judicial process and, accordingly, may warrant imposition

7   Of the most severe sanction of dismissal of a claim or defense, the striking of pleadings, or entry

8   Of default. Thus, in the case of the intentional alteration of evidence, the most severe sanctions

9   Are warranted as much for their deterrent effect on others as for the chastisement of the wrong

10  Doing litigant.

11

12  In Tramel, the egregious nature of the defendant's misconduct justified the entry of a default

13  Judgement. Note, however, that a default judgment can be entered without a finding of fraud

14  Or willful misconduct.  If a plaintiff cannot proceed without certain evidence and the defendant

15  Fails to preserve that evidence, a default judgment may be entered against the defendant on that

16  Basis.  A finding of bad faith is not imperative.  Conversely, in cases where evidence is destroyed

17  Unintentionally and the prejudice is not fatal to the other party, lesser sanctions should usually be

18  Applied.

19

20  In Figgie International, Inc v. Alderman, the trial court entered a default judgment against a

21  Defendant for numerous discovery violations, including destruction of relevant documents.

22  On appeal, the Third District Court of Appeal affirmed.  It agreed with the trial court that

23  Defendant violated the discovery rules willfully and in bad faith, and that the most severe

24  Sanction was justified.

25

26  As the Third District observed in Figgie International, severe sanctions are justified when a

27  Party willfully fails to comply with discovery obligations.  Therefore, destruction of

28  Documents aloe can trigger a default order as long as the destruction is willful.  In

- 5

1   Figgie International, however, there was more than document destruction involved.

2   The trial court also found the defendant presented false and evasive testimony through

3   Its safety director and provided incomplete discovery responses.   That conduct provided

4   Additional support for the trial court's decision to enter a default judgment.

5

6   After reading 2016 Florida Handbook on Civil Discovery Practice I feel I been bullied,

7   Taken advantage and Civil Rights of 1992, Chapter 760.01, 760.02 and 760.11 and

8   disability violations involving senior citizens, person who has disability, military

9   service member, or the spouse or dependent child of a military service member, civil

10  penalties Presumption Florida Statutes 501.2077 have been violated in this Macy's case

11  By Attorney Bryan Boysaw and Attorney Robert J. Squire, which I would like Honorable

12  Judge Meenu Sasser to grant this Macy's case in the plaintiff pro se favor due to malice.

13

14  I hereby and certify a copy of my request for production will be mailed to Robert

15  J. Squire for RESNICK&LOUIS at 1001 Brickell Bay Drive, Suite 2716

16  Miami, Florida 33131.

17

18

19                                        June 18, 2018

20                                        Janice Baker

21                                        4423 Lake Tahoe Circle

22                                        West Palm Beach, Florida 33409

23                                        Rbaker4423@att.net

24

25

26

27

28

        —6

CASE # 2016-CA-011132 AK

# CHAPTER TWO

## REMEDIES FOR LOSS OR DESTRUCTION OF EVIDENCE

Evidence can be lost or destroyed.  It can be lost or destroyed by the defendant or the plaintiff and the act of losing or destroying evidence can be negligent or intentional. Evidence can be lost or destroyed before any claim involving the evidence is made or after a lawsuit is pending.   This issue is commonly referred to as spoliation, and an entire handbook can be written concerning these issues.

## SPOLIATION CLAIMS:

The essential elements of a spoliation cause of action are:

1.      existence of a potential civil action;

2.      a legal or contractual duty to preserve evidence which is relevant to the potential civil action;

3.      destruction of that evidence;

4.      significant impairment in the ability to prove the lawsuit;

5.      a causal relationship between the evidence destruction and the inability to prove the lawsuit; and

6.      damages.[1]

The Florida Supreme Court clarified the application of spoliation law to parties and nonparties. In *Martino v. Wal-Mart Stores, Inc.*,[2] the Court held that the remedy for spoliation against a first party defendant is not an independent cause of action for spoliation. Rather, the remedy is imposition of discovery sanctions and a rebuttable

---

[1] *Hagopian v. Publix Supermarkets, Inc.*, 788 So. 2d 1088, 1091 (Fla. 4th DCA 2001); *see also Sullivan v. Dry Lake Dairy, Inc.*, 898 So. 2d 174 (Fla. 4th DCA 2005).
[2] 908 So. 2d 342 (2005).

13



# BRYAN BOYSAW P.A.
Accident Injury & Negligent Security Attorney

June 17, 2016

**Sent By Fax to:**
(561)775-2330

**CERTIFIED MAIL #7011 2970 0002 7307 2581**
RETURN RECEIPT REQUESTED

Macy's
Manager and/or Michelle Languedoc
3107 PGA Boulevard
Palm Beach Gardens, FL 33410

| | |
|---|---|
| Our Client: | Janice Baker |
| Date of Incident: | May 7, 2016 |
| Location of Incident: | Palm Beach Garden Store |
| Area of Fall: | Women's Department near Karen & Karen Section |

Dear Manager(s) :

Our client fell during her visit to your store on the date and at the approximate time and at the location set forth above.   As a direct result of that fall, our client was injured.  More specifically, the fall occurred at or near the women department.

You have a video surveillance recording of the incident. This video surveillance recording is needed to rebut your company's anticipated denial of our client's fall in the manner stated by our client.   In fairness and in anticipation of litigation, if necessary, please make these tapes available for our immediate viewing.  In the alternative, if you or any investigating employee disputes that my client fell as a direct result of a foreign substance being located on the floor, it is absolutely necessary that you preserve the video surveillance of  my client's fall and the condition of the premises at the time of the fall.

We are requesting that you immediately provide us with surveillance of the incident. We will pay for the reasonable copying charges associated with copying the surveillance video.

As the store manager, it is extremely important that you personally ensure that the relevant video is preserved or that you direct an employee to preserve the above referenced evidence.

Thank you for your immediate attention and your anticipated cooperation with respect to the above requested information.

Very truly yours,

Deloris J. Johnson
Civil Trial Case Manager

**** CASE NUMBER: 502016CA011132XXXXMB Division: AD ****

Filing # 47119825 E-Filed 09/30/2016 09:15:40 AM

Sep 29 2016

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY,
FLORIDA

Exhibit E

JANICE BAKER,

CASE NO:

      Plaintiff,

CASE #4N8-3618
L.T. No. 502016CA011132
XXXXMB

vs.

MACY'S FLORIDA STORES, LLC.,
a Foreign Limited Liability Company,

      Defendant.

_____/

## COMPLAINT

Plaintiff, JANICE BAKER, by and through her undersigned attorneys, sues Defendant,

MACY'S FLORIDA STORES, LLC, (hereafter "MACYS") and states:

1.    This is an action seeking money damages in excess of $15,000.00 dollars.

2.    JANICE BAKER is a resident of Palm Beach County, Florida and is majority age.

3.    MACYS was doing business in Palm Beach County, Florida.

4.    Venue is proper in Palm Beach County, Florida.

## MACY'S NEGLIGENCE

5.    Plaintiff adopts and re-alleges all of the allegations contained in paragraphs 1 through 4

as if specifically set forth herein.

6.    At all material times, MACYS was in possession, custody and/or control of premises

located at 3170 PGA Blvd., Palm Beach Gardens, Palm Beach County, Florida,

7.    On or about May 7, 2016, JANICE BAKER, an invitee, entered the aforementioned

CASe#4D18-3618
2)

Exhibit E

premises for the purpose of shopping. L.T.No.50-2016CAC11132XXXXMB

8.    At some point during her shopping experience, the plaintiff was walking in an area that she recognized as the ladies department.  She was carrying merchandise which she intended to purchase because Macy's business mode of operation does not provide shopping carts or sufficient readily available and/or observant staffing to assist and carry merchandise for customers.  Instead, Macy's business mode of operation required its customers to select and carry their own merchandise through the store.

9.    Unbeknownst to the plaintiff, she tripped over an impermissibly low standing mannequin floor display, base, platform or the like which was unreasonably designed and/or erected in a manner that left an elongated squared leading edge jutting into and/or immediately adjacent to customer walkway areas;  the elongated squared leading edge jutted a significant distance away from the base of the standing mannequin(s).   There was no warning signage or ornamental design element surrounding the display such as "red velvet rope or the like" to either alert customers of the dangerous leading squared edge or to entirely separate customers from inadvertently coming into contact with the leading squared edge of the display.

10.    The impermissibly low standing floor display, base, platform or the like significantly extended beyond the base(s) of the standing mannequin(s) display. The low standing display, base, platform or the like also created a dangerous condition that was not observed by the plaintiff because the dangerous condition was camouflaged within its surroundings;  for example, it was raised above floor level within or in close proximity of the customer walkway areas, it was colored in a manner that was insufficiently contrasted with the surrounding area, its was in close proximity to raised merchandising elements designed to purposefully raise



CASE# 4D18-3618
L.T.No 502016 CA011132XXXX MB

aggravation, depression, mental anguish, inconvenience and loss of enjoyment of life, aggravation of preexisting conditions past and future lost earnings, earning capacity and other economic losses, as well as other damages. JANICE BAKER has incurred and will continue to incur medical, psychological, hospital, physical, vocational and occupational therapy and nursing expenses in the care and treatment arising from said injuries, all of which are permanent or continuing in nature. Moreover, Macys is responsible for any injuries or damages arising from surgical or post surgically related complications and expenses, if any.

WHEREFORE, Plaintiff, JANICE BAKER, demands judgment for damages against MACY'S together with interest, costs and any other relief allowable under the law.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this matter.

Signed and dated on September 29, 2016.

LAW OFFICES OF BRYAN BOYSAW
& ASSOCIATES, P.A.

BY:

Bryan K. Boysaw, Esquire
501 North Rosemary Avenue
West Palm Beach, FL 33401
Florida Bar No.:0910279
(561) 650-1481 (Phone)
(561) 650-1485 (Fax)
bryan@boysawlaw.com (Primary Email)
johnny@boysawlaw.com (Secondary Email)

IN THE DISTRICT COURT OF APPEAL OF FOURTH DISTRICT OF FLORIDA

**JANICE BAKER**                                   CASE NO: 4D18-3618

            Appellant/Petitioner,

vs.                                                L.T. NO: 502016CA011132XXXXMB

**MACY'S FLORIDA STORE LLC**

            Appellee/Respondents

PM 2: 00

2018 DEC 21

NOTICE TO FILE

COMENOW, the Plaintiff pro-se Janice Baker submitting a Notice to file transcript taken By Phipps Reporting in the case Janice Baker vs. Macy's Florida Stores hearing before Judge Meenu Sasser on 12/6/2018 in accordance with the Florida Rules of Civil Procedure 1.380 and 1.530 and as grounds there of states as follows:

1.) Page 4 line 9 -13 Plaintiff pro-se send the Defendant these pictures showing the original Scene and Linda Davis pictures which were both identical showing a Macy's employee Assisting the Plaintiff on the floor these pictures were presented to Judge Meenu Sasser On 12/6/2018 for the Motion of Summary Judgment. Exhibit A and I

2.) Page 4-line 15-18 Defendant present their case using new set-up showing a Karen Kane Sign standing 8 feet in length, 2 feet wide, and 8 inches off the ground in this Motion Of Summary Judgment which are not the same identical pictures the Defendant spoke About on Page 4 line15. The mannequins were sitting on top of the table toward the edge Of the walkway. Exhibit M Defendant pictures they are using in the Motion of Summary Judgment.

3.) Page 4 line 19 -22 Plaintiff never testified in her Deposition she was at Macy's 20 To 30 mins prior to her accident, Plaintiff told the Defendant she went to different Department on 5/7/2016 before coming to Karen Kane Department, also Plaintiff Never review the Deposition for 2/13/2017 and the Plaintiff name was forged while

DEFENDANT'S NAME - 1

Attorney Bryan Boysaw was still the lawyer in this case.

4.) Page 4 Line 23 Page 5 Line 1-7 Defendant states Florida case law has held that things such as rugs, floor mats in department stores, and most particularly in Pope versus Target, that clothing racks are considered conditions that are open and obvious such that if a Customer just uses it ordinary senses, they could avoid this incident.  We don't have A duty to warn against things like that. This mannequin display is probably twice or Three times the size of a clothing rack.  According to Florida Statue 768.0755 states Florida Statue 768.0755 anged the rules of slip and fall liability claims by requiring

that a plaintiff prove that a property or business owner not only acted unreasonably

in the upkeep of his or her property, but also that he or she knew (actually or constructively)

that there was a dangerous condition that could pose a safety concern. Actual knowledge

is self-explanatory, as it requires that the business or property owner knew of a spill, leak

or other instance of a danger that could cause a slip and fall. Constructive knowledge

imputes knowledge upon a business or property owner and can be proven using inference.

For instance, a business owner may be deemed to have constructive knowledge of a spill

if there was liquid in an area that liquid frequently gathered or was spilled. Also, constructive

knowledge can be imputed in instances where the spill or instance of liquid creating a dangerous

slip and fall situation was present for an extended period of time and should have been detected

by an employee.

5.) Page 5 Line 8 –15 Defendant states Plaintiff previous lawyer took pictures of the scene

At Macy's also the Defendant states the Plaintiff have the same identical photographs

Like she does in her Motion of Summary Judgment which is not true, Plaintiff pictures

Are totally different from the Defendant pictures showing the Karen Kane sign, which

The Plaintiff try so hard explaining and showing Judge Meenu Sasser the original pictures

And Linda Davis pictures which doesn't look like the Defendant pictures at all and Attorney

Bryan Boysaw put into docket at the Palm Beach Circuit Courthouse on 11-14-2016 to inspect

The premises at Macys.  Exhibit M are the Defendant pictures and Exhibit H previous attorney

Asking to inspect premises in 11/14/2016 no other dates in docket.

DEFENDANT'S NAME - 2

CASE# 4D18-3618
L.T. No: 50 2016 CA 011132 XXXX MB

JANICE BAKER

*vs.*

MACY'S FLORIDA STORES

Hearing before:

JUDGE MEENU SASSER

December 06, 2018

# PHIPPS REPORTING

*Raising The Bar...*

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA
CASE NO.: 50-2016-CA-0111132-XXXX-MB

JANICE BAKER,

        Plaintiff/Petitioner,

vs.

MACY'S FLORIDA STORES, LLC,

        Defendant/Respondent.

TRANSCRIPT OF HEARING PROCEEDINGS
(Pages 1 - 19)

DATE TAKEN: Thursday, December 6, 2018
TIME:  9:44 a.m. - 9:59 a.m.
PLACE: Palm Beach County Courthouse
       205 North Dixie Highway
       West Palm Beach, Florida 33401
BEFORE:   MEENU SASSER, Circuit Judge

    This cause came on to be heard at the time and
place aforesaid, when and where the following
proceedings were stenographically reported by:

BARBIE GALLO, RMR-CRR
www.phippsreporting.com
888-811-3408

Page 2

1    APPEARANCES:

2    On behalf of the Plaintiff/Petitioner:
         JANICE BAKER, PRO SE
3        4423 Lake Tahoe Circle
         West Palm Beach, Florida 33409
4        drbaker4423@att.net
         rbaker4423@att.net
5

6
     On behalf of the Defendant/Respondent:
7        RESNICK & LOUIS, P.C.
         1001 Brickell Bay Drive
8        Miami, Florida 33131-4900
         (786)975-1999
9        BY:   TAL HARARI, ESQUIRE
         tharari@rlattorneys.com
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24        .

25

1   Thereupon,

2   the following proceedings began at 9:44 a.m.:

3                *   *   *

4         THE COURT:  You guys ready on Baker?

5   Everybody ready?

6         MS. HARARI:  I am.

7         Good morning, everyone.  Could counsel and

8   parties please state their appearances for the

9   record.

10        MS. HARARI:  Good morning, Your Honor.

11   Tal Harari on behalf of Defendant Macy's.

12        THE COURT:  Yes, ma'am.

13        MS. BAKER:  Hi.  I'm Janice Baker, the

14   plaintiff, pro se, for my case against Macy's

15   Corporation.

16        THE COURT:  Okay.  Good morning.  This is

17   the motion for summary judgment, which I had a

18   chance to read.  And you may proceed when you're

19   ready.

20        MS. HARARI:  Good morning, Your Honor.

21   We're here on our motion for summary judgment.

22   This resolves around an incident that happened

23   at Palm Beach Gardens.  Plaintiff tripped and

24   fell around a mannequin display.  We filed a

25   motion for summary judgment under the

1    doctrine of open and obvious.

2         THE COURT:  Open and obvious, yes.

3         MS. HARARI:  Open and obvious, yes.  So we

4    initially were in front of Your Honor back in

5    May on this motion.  You had wanted to give

6    plaintiff an opportunity to file a response and

7    attach the photographs that she took on the date

8    of loss since that was her issue on this case.

9         She attached those photographs.  We had an

10   opportunity to look at those photographs.  I

11   agree with her when she says that the clothing

12   on the mannequin is different.  It's a clothing

13   store in a mall.  They change pretty much every

14   single day.  Aside from that, the display is

15   identical.  It's about 8 feet long, 2 feet wide,

16   8 inches off of the ground.  It is a huge

17   display.  Nothing is covering it.  There are

18   about dozens of them on that floor alone.

19        She testified in her deposition she was

20   there for about 20, 30 minutes before.  She

21   testified she did see the mannequin display at

22   some point prior to.

23        Florida case law has held that things such

24   as rugs, floor, mats in department stores, and

25   most particularly in Pope versus Target, that

Page 5

1   clothing racks are considered conditions that

2   are open and obvious such that if a customer

3   just uses its ordinary senses, they could avoid

4   this incident.  We don't have a duty to warn

5   against things like that.  This mannequin

6   display is probably twice or three times the

7   size of a clothing rack.

8       I was there in person with her former

9   attorney.  The photographs that I took, the

10  photographs that she took, they're identical in

11  terms of the size and the placement of the

12  display.  Yes, the clothing is different.  But

13  as a matter of law, Your Honor, there's no

14  dispute as to those facts.  There's -- we are

15  entitled to summary judgment as a matter of law.

16      I know that plaintiff's initial concern was

17  the surveillance video.

18      THE COURT:  Correct.

19      MS. HARARI:  When I was here, I had

20  presented to the court that we didn't have

21  surveillance video.  She did urge on it.  I

22  went.  I did my due diligence.  I triple

23  checked.  I spoke to the operations manager.

24  She filed an affidavit.

25      THE COURT:  I saw that.

Page 6

1        MS. HARARI:  She went back and looked.  We

2   spoke to everyone.  There is no surveillance.

3   If there was -- I wish there was.  Even if there

4   was surveillance, it would just show her falling

5   over the mannequin display, which is not in

6   dispute on our end.  So I'm sorry that I don't

7   have the surveillance, but the photographs used

8   were identical.  Everything else that plaintiff

9   has filed in her opposition isn't relevant in

10  terms of her injuries and things of that nature.

11  That's not what this motion is about.

12       THE COURT:  Sure.  This is as to liability,

13  not damages.

14       MS. HARARI:  Yes.  That's a separate issue

15  that, you know, if this motion isn't granted we

16  can deal with at a later date.  But I just want

17  to make sure that we're really focused today on

18  the issues at hand --

19       THE COURT:  Sure.

20       MS. HARARI:  -- and that is the MSJ on a

21  theory of open and obvious.

22       THE COURT:  Okay.  All right.  Thank you so

23  much.

24       Do you want to respond, Mrs. Baker?

25       MS. BAKER:  I would love to respond to what

Page 7

```
 1    she is saying.  Your Honor, I, as a plaintiff
 2    pro se, I did a lot of research and
 3    investigation.  And what the defendant is saying
 4    to you is incompletely true -- it is
 5    incompletely false.  The manne -- the pict --
 6    the pictures that I took on my phone reads beta
 7    seven of twenty-six -- twenty-six-sixteen [sic].
 8    And it was dealing with a different picture, not
 9    the one that the defendant is showing in the
10    Karen Kane, with the Karen Kane sign.  I did not
11    take any pictures or anything like that.
12        And Linda Davis, my witness who were here
13    with me in May of 2017, she send my husband and
14    I pictures that is totally different than what
15    the defendant is telling you.  And these are the
16    pictures that my -- may I bring it to you if you
17    don't mind?
18        THE COURT:  Sure.
19        MS. BAKER:  Thank you.
20        THE COURT:  Did you file it in the court
21    file?  It's a motion for summary judgment.  This
22    stuff needs to be filed in the court file if it
23    hasn't been done so.
24        MS. BAKER:  And they have been docketed into
25    the docket.
```

Page 8

1      THE COURT:  Okay.  They're in the court

2  file?  You can hand it to the bailiff.  That's

3  fine.

4      MS. BAKER:  These are the pictures that's

5  showing -- can I just tell you --

6      THE COURT:  Sure, that's fine.  Go ahead.

7  Go ahead, Mark.  She's fine.  Go ahead, Ms

8  Baker.  That's fine.

9      MS. BAKER:  These are the pictures Ms. Linda

10  Davis took.  As you can see, these are the same

11  pictures that I took on my phone showing the

12  same setup.

13      THE COURT:  Okay.

14      MS. BAKER:  These are the injuries [sic]

15  that caused my injuries from that fall as well.

16      THE COURT:  Okay.

17      MS. BAKER:  As you could see, a deep

18  laceration.

19      THE COURT:  And I'm really sorry about the

20  injuries, Ms. Baker.  But this is -- they're

21  making a legal argument saying it was open and

22  obvious; you should have seen it is what they're

23  saying.

24      MS. BAKER:  Ms. -- Judge Mizer [sic] --

25  Sizer [sic], I did not see this at all because

1    when I was looking at --

2        THE COURT:  But they're saying you should

3    have because it's a giant mannequin, and you

4    shouldn't have -- you should have seen it there

5    is what they're saying.

6        MS. BAKER:  Your Honor, just to let you

7    know, the sign from the -- from the -- from the

8    ceiling of Macy's, it was beaming across

9    these (indicating) -- these, the -- this table,

10   and the mannequins were covering this table.

11   And the thing is that she is showing is totally

12   different.  This is towards the -- towards the

13   edge of the aisle way, not far from the aisle

14   way, so it was not obvious.  And it was not --

15   not -- not -- I was not able to see that at all.

16       And another thing I would like to bring to

17   your attention, if you don't mind --

18       THE COURT:  Sure, of course.

19       MS. BAKER:  -- I read up on -- on -- I read

20   up on the Florida Handbook of Civil Discovery

21   Practice.

22       THE COURT:  Okay.

23       MS. BAKER:  And it states, if you don't mind

24   me telling you --

25       THE COURT:  Sure.

Page 10

1        MS. BAKER:  -- that remedies for loss of
2   destruction of evidence, evidence can be lost or
3   destroyed.  It can be lost or destroyed by the
4   defendant or the plaintiff, and the act of
5   losing and destroying evidence can be negligent
6   and intentional.  Evidence can be lost or
7   destroyed before any claim involving the
8   evidence is made or after a lawsuit is pending.
9   This issue is commonly referred to as
10  spoliation, and the entire handbook can be
11  written concerning these issues.
12       And the reason why I say these things to
13  you --
14       THE COURT:  Yes.
15       MS. BAKER:  -- is because I feel that the
16  videotape is a destruction of evidence.
17       THE COURT:  They're saying there never was a
18  videotape.  It doesn't exist.
19       MS. BAKER:  Your Honor, there was a
20  videotape.
21       THE COURT:  What proof do you have of this?
22       MS. BAKER:  Your Honor, I've been going to
23  Macy's all my life, and when you walk inside the
24  store, there's cameras.
25       THE COURT:  A lot of times those cameras

1   aren't working.

2      MS. BAKER:  They are working, Your Honor,

3   because when I did a research with Palm Beach

4   Gardens Police Department and I asked them to

5   send me evidence dealing with shoplifters, they

6   arrested 65 shoplifters from 2013 to 2016 around

7   the time I was hurt.

8      THE COURT:  But that doesn't mean there was

9   a camera when you fell, Ms. Baker.

10      MS. BAKER:  Your Honor, how else would a

11   person get arrested if they didn't have camera

12   for shoplifting?

13      THE COURT:  Then an officer catches them in

14   the act of shoplifting.

15      MS. BAKER:  And another thing, Your Honor,

16   you know, I know that I am telling the truth

17   here and nothing but the truth.  And just to let

18   you know, I put in a motion to compel.  I also

19   put in a request for them to send me all the

20   evidence.

21      THE COURT:  Okay.

22      MS. BAKER:  These people send me the

23   deposition and interrocategory [sic] questions,

24   which was forged.  I never reviewed the

25   deposition, which I rebuttled [sic] them.

Page 12

```
 1        THE COURT:  You're saying the court reporter

 2   forged the deposition?

 3        MS. BAKER:  It was done --

 4        THE COURT:  Why would the court reporter

 5   forge a deposition?

 6        MS. BAKER:  The deposition was done in

 7   Attorney Bryan Boysaw's office.

 8        THE COURT:  But the court reporter,

 9   independent court reporter writes the

10   testimony --

11        MS. BAKER:  Your Honor, I feel that that was

12   not a court reporter because, guess what?  She

13   was to doing all this -- she was taking all my

14   evidence on a laptop.

15        THE COURT:  But they do that.  Court

16   reporters do use laptops sometimes to take down

17   the testimony.

18        MS. BAKER:  I just want to bring to your

19   attention, Your Honor, when we did my deposition

20   on 2013, Bryan Boysaw sat right there and told

21   this defendant if -- if the surveillance camera

22   come about that my deposition would not be

23   relevant.

24        THE COURT:  Okay.

25        MS. BAKER:  It would not be used against me.
```

1        THE COURT:   Okay.

2        MS. BAKER:   And by them forging my name on a

3   deposition without me reviewing it, I think

4   that's wrong.   And my civil rights have been

5   violated against Attorney Bryan Boysaw and

6   these -- and the defendant.

7        And another thing I would like to say to you

8   is that we had -- my husband is my witness that

9   would tell you that Bryan Boysaw states that

10   they are not going to give the surveillance

11   camera.   And I have a flash drive to prove that

12   to you as well.

13        THE COURT:   Okay.   All right.   Anything

14   else?   I need to take you back and focus you on

15   the motion.   Anything else in response to Macy's

16   motion?

17        MS. BAKER:   Well, I would like to say

18   something else, Your Honor.

19        THE COURT:   Sure.

20        MS. BAKER:   I have mediation on January the

21   17th, 2018.

22        THE COURT:   Don't talk about that.   That's

23   supposed to be confidential.   I'm not allowed to

24   know anything.   Mediation is supposed to be

25   confidential.

Page 14

1    MS. BAKER:  Your Honor, the judge, Judge

2    Garrison, ordered this mediation.  And you know

3    the reason why?  Is because the defendant and my

4    attorney, Mr. Ware Cornell, did not take this

5    case, the case to court.  They just kept on

6    cancelling the court hearing.

7        THE COURT:  Okay.

8        MS. BAKER:  They kept on doing a lot of

9    things.  I should -- me and my husband showed up

10   at court on October the 30 of 2017.

11       THE COURT:  Okay.  Can we focus it back on

12   the motion?  Because I need -- we have limited

13   time.

14       MS. BAKER:  Well, by me having my mediation

15   I feel that this motion should not be dismissed

16   based on the fact that I had a mediation, and I

17   am here to give you all my evidence and

18   everything to prove to you that they are in the

19   wrong and I am not.

20       THE COURT:  Anything else?  And then I want

21   to hear rebuttal from the other side.  Anything

22   else, Ms. Baker, in response to the motion?

23   We're talking about the motion.  That's what's

24   before us today.

25       MS. BAKER:  I understand that, Your Honor.

1    But, like I said to you, we went to mediation

2    for the motion.

3         THE COURT:

4         MS. BAKER:  And Judge Garrison ordered

5    this -- a mediation for the motion because I

6    emailed him and felt that I been bullied, taken

7    advantage --

8         THE COURT:  I'm so sorry.

9         MS. BAKER:  -- as a person with disability,

10   and I should not be bullied like that.

11        THE COURT:  All right.  Thank you very much,

12   Ms. Baker.

13        Any rebuttal?

14        MS. HARARI:  Yes, Your Honor.  My only

15   rebuttal is that we stay focused on the motion

16   for summary judgment under the theory of open

17   and obvious.  Nothing that plaintiff has just

18   suggested has any bearing on our motion other

19   than the photographs, which, once again, show

20   the display.  I understand her injuries are in

21   the photographs.  But the display is still

22   there.  It's still identical to the photographs

23   you provided.  Those are the photographs in my

24   reply.  I never represented to her that the

25   photographs that I took at the site inspection

1    with her attorney was even in my picture.

2        MS. BAKER:  Your Honor, these are --

3        THE COURT:  Please don't interrupt.  It's

4    okay.

5        MS. HARARI:  We would just like to, again,

6    focus on the fact that this is a huge mannequin

7    display, massive, four times my size.  And it's

8    open and obvious.  She should have seen it.  We

9    have absolutely no duty to warn her over things

10   that she could have just seen in the ordinary

11   sense, as the law states in Florida.  We're

12   entitled to summary judgment on this.

13       THE COURT:  I'll get a written order out,

14   then.  All right.  Thank you so much.  Have a

15   good day, everyone.

16       MS. BAKER:  No, Your Honor, I would like to

17   say something to you.

18       THE COURT:  Sure.  You're welcome to do so,

19   Ms. Baker.  Go ahead.

20       MS. BAKER:  The defendant is lying.  We did

21   not take the same pictures.

22       THE COURT:  But we don't try to use that

23   word in my courtroom.

24       MS. BAKER:  Well, I'm sorry.

25       THE COURT:  I don't want to accuse anyone of

1   being a liar.

2        MS. BAKER:  I apologize to you.  Your Honor,

3   these are the pictures that I took --

4        THE COURT:  Okay.

5        MS. BAKER:  -- where you could see that this

6   table and this right here (indicating) is

7   towards the walkway.

8        THE COURT:  Okay.

9        MS. BAKER:  I was standing right here

10  (indicating) looking at this white shirt

11  (indicating), and when I turned and turned

12  forward, that's when I tripped over that.  And

13  it was not obvious, as well as you can see the

14  mannequins is covering that.  So the defendant

15  is not telling the truth here.

16       And, see, as you can see -- and if you want

17  me to, I could give you copies of these.

18       THE COURT:  Just make sure they're in the

19  court file.  Okay?

20       MS. BAKER:  Your Honor, they are in the

21  court file.

22       THE COURT:  Okay.  That's all you need to

23  do.

24       MS. BAKER:  And this young lady that worked

25  at Macy's came in to assist me.

1        THE COURT:  Okay.

2        MS. BAKER:  So what she is saying is not

3  true under the courts of law.

4        THE COURT:  All right.  I'll get a written

5  order out.

6        MS. BAKER:  And for this to be spoliation,

7  and sanctions should be applied to them

8  for using the --

9        THE COURT:  Okay.  Thank you.  Thank you,

10  everyone.

11        MS. HARARI:  Is the motion granted, Your

12  Honor?

13        THE COURT:  I'm going to go ahead and issue

14  a written order.  Thank you.  Thank you, guys.

15  Thank you, everyone.

16  (Thereupon, the proceedings were concluded at

17  9:59 a.m.)

18

19

20

21

22

23

24

25

```
1                          COURT CERTIFICATE              Page 19

2

3

4      STATE OF FLORIDA          )

5      COUNTY OF PALM BEACH       )

6

7

8          I, BARBIE GALLO, RMR-CRR, Registered Merit

9      Reporter, Certified Realtime Reporter, State of Florida

10     at Large, certify that I was authorized to and did

11     stenographically report the foregoing proceedings and

12     that the transcript is a true and complete record of my

13     stenographic notes.

14

15         Dated this 18th day of December, 2018.

16

17

18

19         _____
           BARBIE GALLO, RMR-CRR
20

21

22

23

24

25
```

IN THE DISTRICT COURT OF APPEAL OF FOURTH DISTRICT OF FLORIDA

JANICE BAKER,

                    Appellant/Petitioner,

vs.

MACY'S FLORIDA STORE LLC,

                    Appellee/Respondents

CASE NO: 4D18-3618

L.T. NO: 502016CA011132XXXXMB

Appeal from the Circuit Court for the 15th Judicial Circuit, Palm Beach County;

Judge Meenu Sasser; L.T. Case No: 502016CA011132XXXMB

Plaintiff pro-se Janice Baker, West Palm Beach, for Appellant/Petitioner

Robert J. Squire Resnick & Louis, Miami for Appellee/ Respondents

PER CURIAM,

1.) In this slip and fall case at Macy', the Plaintiff pro-se Janice Baker, appeal a granted Motion of Summary Judgment enter in favor of Defendant for Macy's Stores of Florida. Defendant filed a final Motion of Summary Judgment on 12/11/2018 at 4:12 p.m. Plaintiff pro-se is still waiting on Judge Meenu Sasser signature, so she could submit the final order regarding the Motion of Summary Judgment to the 4th District Court of Appeal Exhibit A copies of the unsigned signature for the final judgment.

DEFENDANT'S NAME - 1

**INTRODUCTION OF FACTS:**

2.) The facts set out in the Plaintiff-pro se verified Motion for Rehearing are undisputed.

When Plaintiff arrived for the Summary Judgment hearing at the scheduled time on

12/6/2018 at 9:45 with ADA Accommodation.  Defendant was able to explain her

Case without showing any type of evidence or facts, and withholding surveillance

Camera from Macy's Department Store, after Attorney Bryan Boysaw submit a letter

On June 17, 2016 asking manager Michelle Languedoc to preserve the surveillance

Camera for litigation, and looking on you tube seeing customers being arrested for

Shoplifting at Macy in other parts of Florida. The Plaintiff filed a Motion to Compel

and 1st Request for production, which Plaintiff was denied all evidence except

Interrogatories Questionnaire and Deposition by the Defendant, after the Plaintiff

showed the judge the original pictures and witness pictures Linda Davis at the hearing

to prove the Karen Kane sign picture was not the correct pictures in the Defendant

Motion of Summary Judgment.

Plaintiff pro-se with ADA Accommodation was not allowed to present her case with

Other evidence showing Exhibits A through M, affidavits, tape recordings on flash drive,

Opposition to the Defendant Motion of Summary Judgment, witness who did an affidavit

and came to the hearing on 12/6/2018.  After showing the original pictures from Plaintiff

and witness pictures Linda Davis, the judge was not able to give a verdict in the courtroom,

but the Defendant later send the Plaintiff a granted Motion of Summary Judgment by email

and the said part about this verdict? Plaintiff already had mediation on 1/17/2018, which

this case should have gone to trial, instead of the Defendant being awarded the Motion for

Summary Judgment by the judge. Plaintiff and husband Richard Baker saw the Defendant

speaking with the Sheriff asking him to let her see the judge, after being told by the judge

she could not make a ruling concerning this case.  The Plaintiff pro-se appealed.

DEFENDANT'S NAME – 2

1

2

3    The standard of review applicable to a trial court's entry of summary judgment is

4    De novo. Everett Painting Co., Inc. v. Padula & Wadsworth Const., Inc., 856 So. 2d 1059,

5    1061 (Fla. 4th DCA 2003).  Likewise, the issue of whether a party has been denied procedural

6    Due process is reviewed de novo.  Residential Mortg. Servicing Corp. v. Winterlakes Prop.

7    Owners Ass'n, 169 So. 3d 253, 255 (Fla. 4th DCA 2015).

8

9    3.)  Plaintiff Pro-se with ADA Accommodation was denied the rights to be heard in court and

10    Found the trial court abused its discretion in refusing to allow Plaintiff to present argument

11    At the hearing. See Love v. Gruner, 658 So. 2d 1180, 1181 (Fla. 4th DCA 1995) (it is an

12    Abuse of discretion for a trial court to deprive a party of an opportunity to be heard at a

13    Hearing; Phillips 66 Co, v. Int'l Tele-Coin Co., 564 So. 2d 1219,1120 (Fla. 3d DCA 1990)

14    (due process requires that before summary judgment is entered, the non-moving party must

15    Have a full and fair opportunity to contest the proposition that there is no genuine issue

16    Of material fact): see also Carmona v. Wal-Mart Stores, E., LP, 81 So. 3d 461, 464, (Fla.

17    2d DCA 2011 (a summary judgment proceeding must be "essentially fair").

18

19    4.)  Plaintiff pro-se had to Rebuttal the Deposition after discovering the answer were not

20    Correct and Plaintiff name was forged by the Defendant, and Interrogatories Questionnaire

21    Was answer and numbered by the Plaintiff on plain white copy paper, but the Plaintiff pro-se

22    answers were later change by previous lawyer and forged Plaintiff signature on file.

23

24    The standard of review for an order granting summary judgment is de novo." 5th Ave. Real

25    Estate Dev., Inc. v. Aeacus Real Estate Ltd. P 'ship, 876 So 2d 1220, 1221 (Fla. 4th DCA 2004).

26    "When reviewing a ruling on summary judgment, an appellate court must examine the record and

27    Any supporting affidavits in the light most favorable to the non-moving party."  Weinstein Design

28    Group, Inc. v. Fielder, 884 So. 2d 990, 997 (Fla. 4th DCA 2004). Summary Judgment cannot b

DEFENDANT'S NAME - 3

1    Granted unless the pleadings, depositions, answers to interrogatories, and admissions on file

2    Together with affidavits, is any, conclusively show that there is no genuine issue as to any material

3    Fact and that the moving party is entitled to a judgment as a matter of law. Fla. R. Civ. P. 1.510

4    ©. The burden is upon the party moving for summary judgment to show conclusively the complete

5    Absence of any genuine issue of material fact." Albelo v. S. Bell, 682. So. 2d 1126, 1129 (Fla. 4th

6    DCA 1996). "When a defendant moves for summary judgment, the court is not called upon to

7    Determine whether the plaintiff can actually prove his cause of action. Rather, the court's function

8    is solely to determine whether the record conclusively shows that the claim cannot be proved

9    as a matter of law. "Jennaro v. Bonita-Fort Myers Corp., 752 So. 2d 82, 83, (Fla. 2d DCA 2000).

10

11   5.)  Plaintiff received a $150.00-dollar gift card by the Defendant, who accused the Plaintiff of

12        Negligence; when in fact the Defendant is responsible for the Plaintiff injuries to the right

13        Shoulder, right hip and laceration of leg, which are new injuries and pre-existing injuries to

14        The lower back.  Attorney Bryan Boysaw filed a complaint and demand letter showing the

15        Dangerous Hazard area at the walkway of the aisle showing No! Karen Kane sign standing

16        12 feet tall in front of the women clothing rack across from the mannequin sitting on top

17        Of a table in his complaint and demand letter that caused the Plaintiff pro-se injuries on 5/7/2016.

18

19                                   CONCLUSION:

20   I Janice Baker, who are competent, and sound minded is telling the 4th District Court of

21   Appeal the truth and nothing but the truth and I would like Punitive damages from

22   Both lawyers who violated my FCRA for disability discrimination, destruction of evidence

23   Regarding the surveillance camera which is known as spoliation under Florida Rules 1.380,

24   forgery of name on the Interrogatories Questionnaire, Deposition, Loss of Cortisorium

25   and whatever awards the 4th District Court of Appeals feel I am entitled too after having

26   severe injuries to right shoulder and surgery was performed, right trochanter bursitis walking

27   with a limp, deep laceration of right leg which are new injuries and pre-existing injury to

28   lower back. All exhibits from A through M have been filed into docket at the Palm Beach

DEFENDANT'S NAME - 4

1     Circuit Court except flash drive which was not excepted by the courts, after informing

2     Judge Meenu Sasser to allow the flash drive so the truth could be revealed when

3     Attorney Bryan Boysaw states that the Defendant was not going to give up the

4     surveillance camera, I would like for the 4th District Court of Appeals to force the

5     Defendant to turn over the surveillance camera, which the Plaintiff have observe

6     camera while shopping at the Palm Beach Gardens Mall at Macy's from 2009 to

7     present and getting a police reports from Palm Beach Garden Police Department

8     from 2013 to 2016 for shoplifting.

9

10     WHEREFORE, Plaintiff pro-se hereby requests the 4th District Court of Appeals

11     for a new hearing, after receiving a granted Motion of Summary Judgment and still

12     waiting for a final order from Judge Meenu Sasser.

13

14     I hereby certify I have e-filed or mailed a copy of this request to Attorney Robert J. Squire

15     Of Resnick & Louis, P.C. 444 Brickell Avenue, Suite 300 Miami, Florida 33131 on the

16     14th of December of 2018

17

18                  December 14, 2018

19                  Mrs. Janice Baker

20                  4423 Lake Tahoe Circle

21                  West Palm Beach, Florida 33409

22                  Rbaker4423@att.net

23

24

25

26

27

28

DEFENDANT'S NAME – 5

1

IN THE DISTRICT COURT OF APPEAL OF FOURTH DISTRICT OF FLORIDA

2

3   JANICE BAKER,                                    Case No.: 4D18-3618

4              Appellant/Petitioner,

5   vs.                                              L.T. NO: 502016CA011132XXXX MB

6   MACY'S FLORIDA STORE LLC,

7              Appellee/Respondents

8
                        MOTION FOR RECONSIDERATION
9

10

11   COME NOW, the Plaintiff pro-se, submits Motion for Reconsideration due to the

12   Defendant granted Motion of Summary Judgment in accordance with the Florida

13   Rules of Civil Procedure 1.530 and 1.380 as grounds thereof states as follows:

14

15   1.)  Plaintiff pro-se hearing took place at the Palm Beach County Courthouse

16        On 12/6/2018 at 9:45 a.m. held by Judge Meenu Sasser in room 10A.

17

18   2.)  Defendant states the area was open and obvious showing a Karen Kane sign

19        Which I believe the Defendant said in court it stands 8 feet in height, which

20        Is not true because the Karen Kane sign was never present on 5/7/2016.

21        Exhibit M Defendant's pictures use in the motion

22

23   3.)  Plaintiff pro-se showed Judge Meenu Sasser pictures of original pictures on the

24        Day of the incident on May 7, 2016, which the witness Linda Davis have these

25        Same exact pictures showing the same clothing, employee of Macy's helping

26        Victim on the floor, table at the end of the walking aisle, and mannequin covering

27        The table with the sun beaming from the roof of Macy's store to cause the Plaintiff

28        Injury which is not obvious. Exhibit A and I Plaintiff and witness pictures supposed

L.T. NO: 502016CA011132XXXX MB – 1

Filing # 64860704 E-Filed 12/01/2017 03:18:24 PM

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

Case No.: 2016 CA 011132 AD

JANICE BAKER,
    *Plaintiff,*

v.

MACY'S FLORIDA STORES, LLC.
A FOREIGN LIMITED LIABILITY COMPANY,
    *Defendant.*
_____/

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

    JANICE BAKER, by counsel, submits the following Memorandum of Law in Opposition to the Defendant's Motion for Summary Judgement:

#### *Summary Judgment Standard*

    In order to prevail on a motion for summary judgment, even a motion for partial summary judgment, "the burden of proving the absence of a genuine issue of material fact is upon the non-moving party. Until it is determined that the movant has successfully met this burden, the opposing part is under no obligation to show that issues do remain to be tried". <u>Holl v. Talcot</u>, 191 So. 2d 40, 43 (Fla, 1966). Once the moving party meets it burden, then the party opposing entry of a summary judgment must prove the existence of genuine triable issues. *Holl*, 191 So. 2d at 43-44.

    If the Court considers that the issue presented is a mixed question of law and fact, the issues is inappropriate for summary judgment. *Scott v. Gordon*, 321 So. 2d 619 (Fla. 3d DCA 1975).

As the Fifth District put it succinctly:

    To be entitled to a summary judgment, a party moving for summary judgment must conclusively demonstrate the nonexistence of an issue of material fact, and the court must

1

draw every possible, reasonable inference in favor of the party against whom the summary judgment is sought. This is a difficult bar to reach for a moving party and it is meant to be so. Florida has a long-standing policy in favoring jury trials and determination on the merits.

Speedway Superamerica v. DuPont, 933 So. 2d 75 (Fla. 5th DCA 2006), petition for review dismissed as improvidently granted April 15, 2007.

*Why the Defendant's Motion Fails*

Summary judgment in a negligence case is generally disfavored:

The Holl court additionally stated that the burden on parties moving for summary judgment is greater than the burden which the Plaintiff must carry at trial, because the movant must prove a negative the nonexistence of a genuine issue of material fact. Id. at 43. Movant's burden is even more onerous in negligence actions where summary

Inc., 214 So. 2d 776 (Fla. 3d DCA 1968); Suhr v. Dade County, 198 So. 2d 837 (Fla. 3d DCA 1967).

Wills v. Sears, Roebuck & Co., 351 So. 2d 29, 30 (Fla. 1977)

Simply put, the filing of a deposition of the Plaintiff who tripped in a department store with a visual hazard, does not conclusively establish anything.

*Conclusion*

On October 3, 2017 Plaintiff filed her Declaration Under Penalty of Perjury, (enclosed as Exhibit A) along with corresponding photographs that Plaintiff immediately took of the scene the day the subject matter of this lawsuit occurred. Plaintiff did not see the mannequin stand that the mannequins were placed on top of until it was too late and she tripped and fell suffering serious injuries. The photographs the Defendants' included in their Motion for Summary Judgment do not accurately depict the scene on the day the incident occurred. Instead, the photographs submitted by Defendants' illustrate an entirely different set up than how the area was actually arranged on May 7, 2015. You will notice that the location of the mannequin stands, the clothing the mannequins are dressed in and the Karen Kane display differ between the two sets of

submitted photographs.

**WHEREFORE**, Plaintiff, JANICE BAKER, respectfully moves that this Honorable Court deny the Defendant's Motion for Summary Judgment.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via the Court's E-Portal E-Service to: Robert J. Squire, Esq., rsquire@rlattorneys.com of Resnick & Louis, P.C., 1001 Brickell Bay Drive, Suite 2716, Miami, Fla. 33131, this 1st day of December, 2017.

BY: _/s/ G. Ware Cornell, Jr._
G. Ware Cornell, Jr., Esq.
Fla. Bar No.: 203920
ware@warecornell.com

**CORNELL & ASSOCIATES, P.A.**
2645 Executive Park Drive
Weston, Fla. 33331
Tel: (954) 618-1041
Fax: (954) 944-1969

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

Case No.: 2016 CA 011132 AD

JANICE BAKER,
    *Plaintiff,*

v.

MACY'S FLORIDA STORES, LLC,
    *Defendants.*
_____/

## DECLARATION UNDER PENALTY OF PERJURY OF JANICE BAKER

1.    My name is Janice Baker. I was born September 1, 1964 in Jackson, Mississippi.

2.    On May 7, 2016, I was shopping at Macy's located in Palm Beach Gardens in the Karen Kane dress department.

3.    The store had dresses displayed on mannequins. I saw the mannequins.

4.    I never saw the display stand the mannequins were placed on to bring the dresses up to eye level.

5.    After I had tripped and fell on the display stand, I, of course, noticed it for the first time.

6.    The photographs used in my deposition (Exhibit A) did not accurately depict the scene.

7.    I took pictures of the scene on the same day the incident occurred, (Exhibit B), which show the differences between the sets of photographs. i.e. different outfits dressing mannequins', display stand location, Karen Kane display, ect.

Pursuant to 92.525 Florida Statues, and under the penalties of perjury, I declare that I have read

the forgoing instrument and that the facts stated in it are true.

Executed this 3rd day of October, 2017 within the State of Florida.







Exhibit A
Original pictures
from incident on
5-7-16

CN#### 7D18 - 3618
LT No; Sxxxxx + Gxxxxxxx MR





IN THE CIRCUIT COURT OF THE 15TH JUDICIAL
CIRCUIT, IN PALM BEACH COUNTY, FLORIDA

JANICE BAKER,                          ) Case No.:   2016CA011132 AK
                                       )
                    Plaintiff,         ) PLAINTIFF'S OPPOSITION TO DEFENDANT'S
                                       ) MOTION FOR SUMMARY JUDGEMENT
vs.                                    )
                                       )
MACY'S FLORIDA STORES, LLC            )
                                       )              COPY
A FOREIGN LIMITED LIABILITY COMPANY   )       RECEIVED FOR FILING
                                       )
                    Defendant,         )          MAY 16 2018
_____
                                               SHARON R. BOCK
                                            CLERK & COMPTROLLER
                                            CIRCUIT CIVIL DIVISION

COME NOW, pro-se plaintiff submits it Opposition to Motion

for Summary Judgement in accordance with the Florida Rules

of Civil Procedure and as grounds thereof states as follows:


                        BACKGROUNDFACTS

1) This case is about a slip and fall which happen at Macy's

   Store at the Palm Beach Gardens Mall in Palm Beach Gardens,

   Florida before Mother's Day on 05/7/2016.


2) The defendant used the wrong pictures in deposition on 2/14/2017

   Showing the Karen Kane sign. Exhibit A are the correct pictures

   I took on the day of my incident which was 05/7/2016.


3) The court reporter used a laptop in deposition, which I never

   Told the court reporter or the defendant that I saw the table

   in the deposition transcript, and the use of a laptop anybody


        PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT - 1

could type or change words around to favor their case. Attorney
Bryan Boysaw have camera around his building and inside his office
it will show the court reporter carrying a laptop to take down the
testimony on 2/14/2017.

4) The Interrogatories Questionnaire given to the plaintiff by
the defendant, but the plaintiff answers were change and name
forged under Florida Statues of forgery Chapter 831.01 and
I answer these Interrogatories Questionnaire on white copy paper
numbered and return the papers to Johnny Neal from Attorney Bryan
Boysaw office. Exhibit B will show copies of the defendant
Interrogatories Questionnaire compared to the answers, that I
wrote on white copy papers.

5) The defendant asks for Medicare information on plaintiff to gain
Power of Attorney or become the plaintiff's personal assistant
because she gets Social Security Benefits through Medicare.
Exhibit C will show copies of Medicare forms I fill out, so the
Defendant could have PHI information on plaintiff, but not Power
of Attorney or become my Personal Representative.

6) Attorney Bryan Boysaw had this Macy's case in May 16, 2016, and
Waited until 09/20/2016 to file his complaint. Exhibit D copies
Of letters I received from Attorney Bryan Boysaw regarding this
Surveillance tape and contract of agreement to become my lawyer
for this Macy's case.

7) I believe Attorney Bryan Boysaw and the defendant for Macy's are

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT - 2

Hiding the video tape especially when Attorney Bryan Boysaw ask

for the surveillance tape on June 17, 2016. Exhibit D number#6

page 1-line 26-29 will show letters from Attorney Bryan Boysaw.

8) I believe Attorney Bryan Boysaw sold my Macy's case to the defendant,

And destroy all my evidence that I gave to him when I hired him to

Represent me. Exhibit C show the defendant asking for Medicare forms

To be signed by the Plaintiff who are not my lawyers in this Macy's

Case. Number#5-page 1 line 20-25.

9) On May 9, 2016, I received a call from Macy's Corporation who told

Me? they saw on video tape how hard I hit the floor and they will be

sending me a gift card. Exhibit E A gift card in the amount of $150.00

Dollars from EGC General Liability.

10) Attorney Bryan Boysaw send in a demand letter for past medical bills;

Which I do not owe any money and I believe he put in a demand letter

For reinjures to my lower back since I fell at Macy's store? This

Demand letter never include any of my new paralysis of the right

Shoulder, right trochanter bursitis of hip and deep laceration of

Right leg. Exhibit F copy of the demand letter showing past medical

Bills pertaining to three funding applications, and not new paralysis.

11) When I fell on 5/7/2016, I had an MRI of the right hip, right shoulder,

and Physical Therapy for these injuries. Exhibit G copies of diagnostic

Tests for right hip, right shoulder, and Physical Therapy progress

Notes concerning new injuries.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT - 3

12) Due to right trochanter bursitis of the right hip, right shoulder tear with surgery and deep laceration of right leg, I am still getting Physical Therapy and unable to have surgeries of the right hip. Exhibit H copies of pending orders for trochanter bursitis removal And picture of the right laceration of leg.

13) Linda Davis whom showed up for court on 5/14/2018 at 8:45 a.m. as a Witness; couldn't show the judge her pictures of how I was lying down On the floor at Macy's Store, due to the way I filed for a hearing For Motion of Summary Judgement, but she did show Richard Baker and Janice Baker the pictures on her phone. Exhibit I Linda Davis, witness In this case left a message on the plaintiff answering machine stating "How I was lying down on the floor at Macy's store", and copy of CD/ Flash drive will be provided, so the judge could listen for herself if the witness doesn't show up for court.

14) Attorney Bryan Boysaw put a lien on this Macy's case to keep From rebuttal this Motion of Summary Judgement by the defendant Which was done on 3/24/2017 and stating I cancel the mediation For 05/3/2017, which Attorney James Munsey was the one who canceled The mediation due to personal reasons. Exhibit J will show the Cancelation for mediation by Attorney James Munsey, emails that were Sent by Attorney James Munsey to Attorney Bryan Boysaw and Janice Baker showing, he had to cancel mediation for personal reason.

15) Since my injuries, I am not able to perform the necessary duties As a wife like I use too. I used to be able to clean up the bathrooms, mop floors, but not anymore but I am able to cook

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT - 4

and do laundry but not for a long period of time standing, and

sex life with my husband went from 3 times a week to month and

I feel my husband deserves loss of consortium in his Macy's case.

Exhibit K will show copies of pre-existing and new injuries.

16) On 1/17/2018 the defendant tried to offer me 25,000 to 50,000

Dollars for reinjures to lower back, right shoulder tear and

Surgery, right hip trochanter bursitis and deep laceration with

Pending surgeries and nothing for loss of consortium in this Macys

Case. Exhibit G & F shows copies of diagnostic test, progress notes

of Physical Therapy pg3 number 11 line 53-56 and page 3 number 10

Line 46-52.

17) Attorney Bryan Boysaw and his client (Janice Baker), had a

meeting sometime in November of 2016, I got permission to

tape our conversation, which includes Delores Johnson,

Attorney Bryan Boysaw, Janice Baker, Richard Baker and

Johnny Neal and in this conversation.

Attorney Bryan Boysaw states that the defendant not going to

Give up the video tape to show Macy's was at fault. Exhibit L

CD/flash drive of conservation between Attorney Bryan Boysaw

And his client admitting on tape the defendant is not going

To hand over the video tape for Macy's.

18) Ware Cornell did a Declaration under penalty of perjury of

Janice Baker showing everything I said in the affidavit is

True, because I signed my signature towards the end to show

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT - 5

1    That I was telling the truth regarding my Macy's pictures.

2    Exhibit M, a copy of Attorney Ware Cornell Declaration and

3    Pictures that Janice Baker took at the time of her injuries

4    And the defendant pictures showing the Karen Kane sign.

5    19) As a client of Attorney Bryan Boysaw and Robert J. Squire,

6    I feel I was bullied, taken advantage, misrepresented and

7    my Civil Rights Act of 1992, Chapter 760.01 760.02 and

8    760.11 and Disability violations involving senior citizen,

9    person who has disability, military service member, or

10    the spouse or dependent child of a military service member,

11    civil penalties Presumption- Florida Statutes 501.2077.

12

13    For the above stated reasons, a genuine issue of material fact

14    Remains in the above captioned matter. Wherefore, plaintiff

15    Respectfully requests this court deny the opposing party's Motion

16    Of Summary Judgement in its entirety. Dated this 20th of May 2018.

17

18    PLAINTIFF'S MEMORANDUM IN OPPSOSITION TO DEFENDANT'S

19    MOTION FOR SUMMARY JUDGEMENT

20

21    JANICE BAKER, pro-se submits the following Memorandum of law in

22    Opposition to the Defendant's Motion for Summary Judgement:

23

24    SUMMARY JUDGEMENT STANDARD

25    In order to prevail on a motion for summary judgement, even a motion

26    Partial summary judgement, "the burden of proving the absence of a genuine

27    Issue of material fact is upon the non-moving party. Until it is determined

28    That the movant has successfully met this burden, the opposing part is

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT - 6

1    Under no obligation to show that issues do remain to be tried". Holl vs

2    Talcot, 191 So.2d 40,43(Fla,1966). Once the moving party meets it burden,

3    Then the party opposing entry of a summary judgement must prove the

4  existence

5    of genuine triable issues. Holl 191, So.2d at 43-44. IF the court considers

6    that the issue presented is a mixed question of law and fact, the issues

7    are inappropriate for summary judgement. Scott vs Gordon, 321 So 2d 619

8    (Fla. 3d DCA 1975).

9

10   As the Fifth District put it succinctly:

11   To be entitled to a summary judgement, a party moving for summary

12   Judgement must conclusively demonstrate the nonexistence of an issue

13   of material fact and the court must draw every possible, reasonable

14   inference in favor of the party against whom the summary judgement

15   is sought. This is a difficult bar to reach for a moving party and

16   it is meant to be so. Florida has a long-standing policy in favoring

17   jury trials and determination on the Merits.

18

19   Speedway SuperAmerica vs Dupont, 933 So 2d 75(Fla. 5th DCA 2006),

20   petition for review dismissed as improvidently granted April 15, 2007.

21

22                    Why the Defendant's Motion Fails

23   Summary judgement in a negligence case is generally disfavored:

24   The Holl court additionally stated that the burden on parties moving

25   For summary judgement is greater than the burden which the Plaintiff

26   Must carry at trial, because the movant must prove a negative the non-

27   Existence of a genuine issue of material fact. Id. At 43. Movant's

28   Burden is even more onerous in negligence actions where summary

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT - 7

1  judgement procedures historically have been employed with special care.

2  Holl vs Talcott, supra; Stephens vs Moddy, 225 So. 2d 586 (Fla 1st DCA

3  1969), Maury vs City Stores, Inc. 214 So 2d 776(Fla 3d DCA 1968); Suhr

4  vs Dade County, 198 So. 2d 837 (Fla.3d DCA 197).

5  Wills vs Sears. Roebuck & Co. 351 So. 2d 29,30(Fla 1977)

6  Simply put, the filing of a deposition of the Plaintiff who tripped in a

7  Department store with a visual hazard, does not conclusively establish

8  Anything.

9

10                                 CONCLUSION

11  On May 16, 2018 Plaintiff, filed her Affidavit to show photographs

12  Were taken immediately at the scene before her lawsuit occurred.

13  Plaintiff did not see the mannequin stand that the mannequins were

14  placed on top at the time of plaintiff fall.

15

16  The plaintiff saw the table when she was lying down hurt that cause

17  her serve injuries to right shoulder, right trochanter bursitis,

18  reinjures to lower back and deep laceration of right leg.

19

20  The photographs the Defendants included in their Motion for Summary

21  Judgement do not accurately depict the scene on the day the incident

22  Occurred instead, the photographs submitted by Defendants illustrate

23  an entirely different set up from the original set-up on May 7, 2016.

24

25  The pictures the defendants used shows a Karen Kane sign, the

26  mannequin was dressed differently from the original pictures.

27  Exhibit A page 1 Number #2 line 4-6 will be the correct

28  Pictures and not the pictures in the Motion of Summary Judgement

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT - 8

1   Wherefore, Plaintiff, Janice Baker, respectfully moves that this

2   Honorable Court deny the Defendant's Motion for Summary Judgement.

3

4

5

6   I hereby certify a copy will be mailed to Robert J. Squire of

7   Resnick & Louis, P.C. 1001 Brickell Bay Drive, Suite 2716 Miami,

8   Fla 33131 this 16th of May 2018.

9

10

11

12                              Janice Baker

13                              4423 Lake Tahoe Circle

14                              West Palm Beach, Florida 334009

15                              561-578-4336

16                              Rbaker4423@att.net

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT - 9

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

JANICE BAKER,

        Plaintiff,

vs.

MACY'S FLORIDA STORES, LLC,

        Defendant

Case No.: 2016-CA-011132AK

COPY
RECEIVED FOR FILING

NOV 2 9 2018

SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

REBUTTAL TO DEFENDANT REPLY TO PLAINTIFF'S OPPOSITION TO

TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.

COME NOW, PLAINTIFF'S pro-se Janice Baker submits a REBUTTAL to the Defendant's

Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgement and as grounds

Thereof states as follows:

    1.)  Paragraph 1 is correct by the Defendant

    2.)  Paragraph 2 is correct by the Plaintiff, Defendant is using the wrong pictures

        Showing the Karen Kane sign which wasn't present when Plaintiff fell on

        5/7/2016.

    3.)  Honorable Meenu Sasser gave the Plaintiff pro-se 30 day's to get another lawyer

        For this Macy's case, after Attorney Ware Cornell withdrew himself from this

        Case without a lien, because the Plaintiff pro-se refused to dismiss Attorney

- 1

Bryan Boysaw, and Robert J. Squire from the Florida Bar complaint. Plaintiff

pro-se unsuccessfully obtained another lawyer due to a lien on the Plaintiff

pro-se case. Exhibit A emails from Attorney Ware Cornell trying to get me to

dismiss my complaint against both lawyers from the Florida Bar.

4.) On May 16, 2018, Plaintiff filed an Opposition to Defendant's Motion for Summary

Judgment but exhibits were filed on 5/18/2018, but Affidavit by Janice Baker was

Filed on 5/16/2018 with the Opposition to Defendant's Motion for Summary Judgment.

5.) Paragraph 2 by the Plaintiff pro-se is true and the Defendant is lying regarding there

Evidence states as follows:

a.) The photographs used in support of Defendant's Motion of Summary Judgment

Taken by the Defendant in front of the Plaintiff's counsel is not true, because

Attorney Bryan Boysaw had copies of the Plaintiff pictures when I hired him

To represent me on May 16, 2016.   A request for permission to inspect premises

Filed by my previous counsel was on 11/14/2016 and not January 26, 2017; I

Know for a fact Macy's Corporation made some changes at this store showing a

Karen Kane sign, moving the table away from the edge of the aisle near walkway,

Mannequin clothes were changed, which these things were never present when

The Plaintiff fell on 5/7/2016. Exhibit B showing the Defendant's pictures showing

the Karen Kane sign.

b.) Plaintiff's pictures were given to her previous counsel on May 16, 2016 and

Pictures were taken on May 7, 2016 on the date of the Plaintiff incident causing

Right shoulder injury, right hip trochanter bursitis walking a limp and deep

Laceration of right leg without having any type of surgery; which should have

Been provided by the previous Attorney Bryan Boysaw. Exhibit C copies of

- 2

1    Plaintiff pictures and Linda Davis pictures showing how the plaintiff was

2    Severely hurt.

3

4    c.)  Defendant's paragraph 5 (c) The Plaintiff believe there is a destruction of

5    Evidence base on the Plaintiff and witness Linda Davis pictures, because

6    Linda Davis pictures shows the mannequins sitting on top of the table

7    toward the edge of the walk way, the mannequins are showing the same

8    clothing, and the injury I sustain while lying on the floor being helped by

9    Macy's employee. A Declaration Under Penalty of Perjury of Janice Baker

10   Done by Attorney Ware Cornell.  Exhibit D copy of my Declaration Under

11   Penalty of Perjury by Janice Baker showing a copy of Defendant and Plaintiff

12   pictures filed on 10/3/2017.

13

14   d.)  Paragraph number 5 (d) is not true the mannequin was obvious from a distance,

15   But the table at the edge of the walk way was not obvious and open because in

16   Attorney Bryan Boysaw complaint states something totally different what the

17   Defendant trying to say.  Exhibit E copy of Attorney Bryan Boysaw complaint

18   Filed on 9/30/2016 and Demand letter which is Exhibit N

19

20   6.)  Paragraph 3 is correct by the Plaintiff and the Defendant attached pages 43, 44, 50,

21   51 and 52, some things were correct except page 50, 51 and 53, I explained myself

22   IN the rebuttal of this deposition filed on 7/26/2018, which was never reviewed by

23   the Plaintiff in Attorney Bryan Boysaw office, and my name was forged to incorrect

24   information pertaining to this deposition on 2/13/2017. Exhibit F a copy of the

25   Plaintiff's Rebuttal to the Deposition filed on 7/26/2018 at the courthouse.

26

27   7.)  Paragraph 4 is correct by the Plaintiff and the Interrogatories Questionnaire that was

28   Given to the Plaintiff by Attorney Bryan Boysaw was answered on white copy paper

- 3

Numbered. I did not answer questions 2,3,4,6,7,8,11,17,19, and 21 these questions were

Answered by Attorney Bryan Boysaw office and my name was forged and notarized by

Attorney Bryan Boysaw and his associates on December 13, 2016.  Exhibit G

shows the Defendants and Plaintiff Interrogatories Questionnaire written on white copy

paper and numbered.


8.) Paragraph 7 is correct by the Plaintiff, In the Handbook of Florida Civil Rules 1.380

Under Chapter Two regarding REMEDIES FOR LOSS OR DESTRUCTION OF

EVIDENCE, which states evidence can be lost or destroyed by the Defendant or

The Plaintiff, and the act of losing or destroying evidence can be negligent or

intentional.  Evidence can be lost or destroyed before any claim involving the

evidence is made or after a lawsuit is pending.

This issue is commonly referred to as spoliation, and Plaintiff will provide the

reasons why they are spoliation:


a.)  Attorney Bryan Boysaw, Civil Trail Case Manager wrote a letter to Manager

and Operations Michelle Languedoc, and not Judy Collins at Macy's in the

Palm Beach Gardens Mall on June 17,2016, asking Macy's manager to preserve

the video surveillance and other employees. Exhibit H letter to Macy's manager

at the Palm Beach Gardens Mall written by Delores Johnson.


b.)  Plaintiff did some research and investigation showing Palm Beach Gardens

Police Department reported to Macy's at the Palm Beach Gardens Mall

Arresting 44 shoplifting from 01/01/2013 to 12/31/2013, 31 shoplifting from

01/01/2014 to 12/31/2014, 19 shoplifting from 01/01/2015 to 12/31/2015, and

38 shoplifting from 01/01/2016 to 12/31/2016 this report came from the emails

I sent to Palm Beach Gardens Police Department, and Mrs. Christine Yoder at

the Palm Beach Gardens Police Department in the Police Records Department

- 4

1     emailed this information to Plaintiff to prove Macy's does have surveillance

2     video from these dates listed above.

3      Exhibit I emails from the Police Dept from Palm Beach Gardens regarding

4     shoplifting from 2013 to 2016.

5

6     c.)  Plaintiff recently discovered on October 16, 2018 at 10:11a.m. at the Paddock Mall

7     in Florida, a customer went into one of the Macy's Store, and set lingerie on fire,

8     and they had surveillance video like they have in all the Macy's Stores in Florida.

9     Exhibit J report showing surveillance camera in the Florida Store at Macys from

10    Paddock Mall.

11

12    d.)  Plaintiff and husband report to Attorney Bryan Boysaw office for a meeting,

13    which I got permission to record myself, husband Richard Baker, Attorney

14    Bryan Boysaw, and his staff.  This tape-recording states by Attorney Bryan

15    Boysaw that the Defendant is not going to hand over the surveillance video

16    which is known as spoliation. (destruction of evidence) Exhibit K Defendant

17    have a copy of this tape recording from the Plaintiff email, and a copy of

18    my husband Affidavit stating, he heard Attorney Bryan Boysaw said the

19    Defendant is not going to hand over the surveillance video.

20

21   9.)  Plaintiff Paragraph 9 is correct, Plaintiff did receive a 150.00-dollar gift card

22    from Macy's store, how else would the Plaintiff knew about the gift card if

23    the Plaintiff didn't speak with someone from Macy's store? The female lady

24    told the Plaintiff, she saw how hard I hit floor from the surveillance video and

25    ask the Plaintiff how she was feeling? They will be sending me a gift card in the

26    amount of 150.00 dollars from EGC General Liability. Plaintiff have a business

27    card with the phone number from the risk management office is 1-800 677-0693,

28    which proves there is surveillance camera on the premises at Macy's in the Palm

- 5

Beach Mall, and a copy of a letter with the security and Plaintiff information

regarding how this incident took place.  Exhibit L copy of the business card,

gift card showing 150.00 from EGC General Liability, and letter from the security

guard and Plaintiff regarding the incident.

10.) The Plaintiff Opposition to the Defendant Motion Summary Judgment is correct

and nothing irrelevant nor immaterial regarding the evidence the Plaintiff have

provided to the courts and Defendant including voicemails from Attorney Bryan Boysaw,

stating the Defendant is not going to give the surveillance video tape and Linda Davis

stating how she saw the Plaintiff lying on the Macy's floor is completely true. Exhibit

M copies of voicemails will be provided to Honorable Judge Meenu Sasser, after

writing her a letter asking her to allow my flash drive to be heard in court and Plaintiff

Provided the Defendant a copy of Honorable Judge Meenu Sasser Letter through e-filing.

11.)  Plaintiff's Opposition to Defendant Motion did provided old evidence which includes

Attorney Bryan Boysaw Demand Letter showing the" dangerous conditions" that caused

The Plaintiff's injury of right shoulder which included surgery, right hip trochanter bursitis

With pending surgery that never happen and walking with a limp, and deep laceration of

right leg which plastic surgery never took place because Attorney Bryan Boysaw never

included my new injuries in the Demand Letter, but past injuries related to my lower back

which took place again when I fell at Macy's on 5/7/2016.  Exhibit N copy of the Demand

Letter and new evidence will be the surveillance camera taken place at Paddock Mall which

Is Exhibit J

12.) Defendant is not entitled to Summary Judgment base on Attorney Bryan Boysaw

Complaint and Demand Letter, showing the Plaintiff was injured due to Macy's

Not keeping Karen Kane department safe, and the Defendant did not have a Karen

- 6

1   Kane sign present at the time of injury on 5/7/2016, the table was at the edged of the

2   Walk way area where the incident took place, and the mannequin was place on top

3   Of the table at the edged near the walk way aisle, and the Defendant pictures are

4   incorrect pictures which are showing the wrong scene of what really happen to the

5   Plaintiff, so I ask Honorable Judge Meenu Sasser to dismiss this case in the Plaintiff

6   favor due to Spoliation which is Destruction of Evidence, which tampering took place

7   with the new set-up in the Karen Kane Department showing a Karen Kane sign,

8   mannequin clothes were changed, table was moved away from the edged of the

9   walk way, mannequin was moved away from the edged-on top of the table and

10   surveillance video tape is now missing, after the manager at Macy's was told to

11   preserve it for this Macy's case by Attorney Bryan Boysaw office written by

12   Mrs. Delores Johnson, the Civil Trail Manager. I feel my FCRA of disability

13   Discrimination is being violated by the Defendant, Attorney Bryan Boysaw

14   Throughout this Macy's case.

15

16   The Plaintiff pro-se ask respectably for Honorable Judge Meenu Sasser

17   And the courts to have the Defendant to release surveillance video showing the

18   New set-up for Macy's in the Karen Kane department to show proof where the

19   Plaintiff injured herself, because from 5/7/2016 to 11/29/2018, the Plaintiff

20   Never step foot inside Macy at the Palm Beach Garden mall, since the Defendant

21   Want to use the new pictures for there Motion for Summary Judgment to have

22   The Plaintiff case dismissed.

23

24   WHEREFORE, Plaintiff pro-se hereby requests that this Honorable Court grants Plaintiff

25   Pro-se Opposition to the Defendant Summary Judgment in its favor, and any other relief

26   It deems just and proper.

27

28

- 7

1   I hereby certify a copy will be e-filed or mailed to Robert J. Squire of Resnick & Louis,

2   P.C. 444 Brickell Avenue, Suite 300 Miami, Florida 33131 on this 29th day of November

3   2016

4

5                                         November 29, 2018

6                                         Mrs. Janice Baker

7                                         4423 Lake Tahoe Circle

8                                         West Palm Beach, Florida 33409

9                                         Rbaker4423@att.net

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 8

# EXHIBIT 4

Filing # 96983222 E-Filed 10/09/2019 01:23:07 PM

IN THE U.S SUPREME COURT OF FLORIDA, TALLAHASSEE, FLORIDA

JANICE BAKER,

        PETITIONER,

vs.

MACY'S FLORIDA STORES LLC,

        RESPONDENT

Case No.: 4D18-3618

L.T. CASE NO: 50-2016-CA-011132XXXXMB

BRIEF OF PETITIONER ON JURISDICTION
ON APPEAL FROM THE FOURTH DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA

JANICE BAKER
4423 LAKE TAHOE CIRCLE
WEST PALM BEACH, FLORIDA 33409
561-578-4336
RBAKER4423@ATT.NET

L.T. CASE NO: 50-2016-CA-011132XXXXMB - 1

9.  I learn that the lawyer who I gave thousands of dollars Too? I believe he did not use the correct cases in the Petitioner initial brief to win this case, and not providing the 4th Appeals District Circuit Court the Affidavits of my husband and I, pictures from Petitioner and witness Linda Davis, Rebuttal Deposition, taper recording of Attorney Bryan Boysaw admitting to the Respondent have the surveillance camera but not going to give it up. Petitioner have Documents from the Palm Beach Gardens Police Department Arresting 65 shoplifter at Macy's store.

10. I pray once the U.S. Florida Supreme look at the Petitioner Evidence, the results will be reverse in the Petitioner favor because as a person with a disability. I believe in honesty and my Civil Rights have been violated by these lawyers in this Macy's case accept Dave Roy.

I hereby a certify copy will be e-filed or mail to Robert J. Squire of Resnick & Louis P.C. 444 Brickell Avenue, Suite 300 Miami, Florida 33131 on this 9th day of January 2019

21

October 9, 2019

Mrs. Janice Baker

4423 Lake Tahoe Circle

West Palm Beach, Fl 33409

Rbaker4423@att.net

L.T. CASE NO: 50-2016-CA-011132XXXXMB - 22

iling # 97461665 E-Filed 10/17/2019 03:19:20 PM

Fourth District Court Of Appeal

RECEIVED   10/17/2019 3:25 pm

# Supreme Court of Florida

### THURSDAY, OCTOBER 17, 2019

CASE NO.: SC19-1783

Lower Tribunal No(s).:

4D18-3618; 502016CA011132XXXXMB

JANICE BAKER                vs.      MACY'S FLORIDA STORES, LLC.

Petitioner(s)                                  Respondent(s)

This case is hereby dismissed. This Court lacks jurisdiction to review an unelaborated decision from a district court of appeal that is issued without opinion or explanation or that merely cites to an authority that is not a case pending review in, or reversed or quashed by, this Court. *See Wells v. State*, 132 So. 3d 1110 (Fla. 2014); *Jackson v. State*, 926 So. 2d 1262 (Fla. 2006); *Gandy v. State*, 846 So. 2d 1141 (Fla. 2003); *Stallworth v. Moore*, 827 So. 2d 974 (Fla. 2002); *Harrison v. Hyster Co.*, 515 So. 2d 1279 (Fla. 1987); *Dodi Publ'g Co. v. Editorial Am. S.A.*, 385 So. 2d 1369 (Fla. 1980); *Jenkins v. State*, 385 So. 2d 1356 (Fla. 1980).

No motion for rehearing or reinstatement will be entertained by the Court.

A True Copy

Test:



John A. Tomasino

Clerk, Supreme Court

td

Served:

ROBERT J. SQUIRE
JANICE BAKER
HON. SHARON REPAK BOCK, CLERK
HON. LONN WEISSBLUM, CLERK
HON. MEENU TALWAR SASSER, JUDGE

IN THE 4TH DISTRICT COURT OF APPEAL OF FLORIDA

JANICE BAKER,

        Plaintiff/Petitioner

vs.

MACY'S FLORIDA STORES,

        Defendant/Respondent

Case No. 4D18-3618

L.T. CASE NO. 50-2016-CA-011132

NOTICE TO INVOKE DISCRETIONARY JURISDICTION

NOTICE IS GIVEN that Plaintiff/Petitioner pro-se, Janice Baker invokes

The discretionary jurisdiction of the Florida Supreme Court to review the

Decision of this Honorable Court rendered on October 3, 2019. The decision

is within the Jurisdiction of the Supreme Court pursuant to Florida Constitution

Article V, Section 3 and Florida Rule of Appellate Procedure 9.030(a) (2) (A)

(iii), as the opinion directly addresses the validity of Article I, Section 2 and

Florida Statues 760.01. The decision expressly and directly conflicts with

A decision with the 15th Judicial Circuit Court of the Palm Beach for these

Reasons as follow:

1.) Attorney Dave Roy did not use the correct cases in his brief to show negligence

By the Defendant, also he did not give the correct evidence for the oral argument

After paying him so much money to fight for my rights as his client.

2.) Attorney Dave Roy never used his Plaintiff and witness Linda Davis pictures

Showing how the old set-up was at Macy's

3.) Affidavits for Janice and Richard Baker wasn't never used as evidence to show

Macy's surveillance camera does exist to capture the injuries the Plaintiff sustain.

4.) Letter from Attorney Bryan Boysaw, where he is asking for the surveillance camera

L.T. CASE NO. 50-2016-CA-011132 - 1

# EXHIBIT 5

**CIRCUIT COURT OF THE 15th JUDICIAL DISTRICT**
**IN AND FOR PALM BEACH COUNTY, FLORIDA**

**CASE NO.: 502016CA011132XXXXMB**

**JANICE BAKER,**

      **Plaintiff,**

**v.**

**MACY'S FLORIDA STORES, LLC**

**Defendant.**

_____/

### AFFIDAVIT – JUDY COLLINS

    I, the undersigned, being first duly sworn, do hereby state under oath and under penalty of perjury that the following facts are true:

1. I am over the age of 18 and am a resident of the State of Florida.

2. I have personal knowledge of the facts herein, and, if called as a witness could testify competently thereto.

3. I, Judy Collins, Operations Asset Protection Manager for Macy's The Gardens, affirm that there was no surveillance footage of the subject incident dated May 7, 2016.

_____
Signature

_____
Date   11/27/18

State of Florida

County of _Palm Beach_

Sworn to (or affirmed) and subscribed before me this __27__ day of __November__, 2018, by

JUDY COLLINS.

(Seal)

KASEY A. MORENO
Commission # FF 965159
Expires March 12, 2020
Bonded Thru Troy Fain Insurance 800-385-7019

_____
Signature of Notary Public
Print, Type/ Stamp Name of Notary

Personally known: _____
OR Produced Identification: __FL DL__
Type of Identification Produced: __N234-421-62-793-1__

Filing # 125452637 E-Filed 04/22/2021 04:34:00 PM

**IN THE FOURTH DISTRICT COURT OF APPEAL**
**STATE OF FLORIDA**

JANICE BAKER,

        Appellant,                      CASE NO.: 4D21-1183

*v.*                                       L.T. CASE NO.: 50-2016-CA-011132

MACYS FLORIDA STORES LLC.,

        Appellee.

_____/

**APPELLEE'S MOTION TO DISMISS FOR NONCOMPLIANCE**
**WITH ORDER, FRIVOLOUS APPEAL, AND MOTION FOR SANCTIONS**

For Appellee Macy's Florida Stores, LLC's ("Macy's") *Motion to Dismiss for Noncompliance with Order, Frivolous Appeal, and Motion for Sanctions*:

**I.**      **INTRODUCTION**

**A.**    **Initial Case in Circuit Court**

In 2016, Appellant Janice Baker ("Baker"), filed a claim for alleged injuries allegedly suffered during an alleged trip and fall over an alleged hazard at a Macy's store, in Case Number 2016-CA-11132 ("11132"). For reasons unknown, Baker's counsel withdrew from the case and Baker proceeded *pro se*. Based on the undisputed facts that the alleged hazard was open and obvious; the trial court determined that Macy's was entitled to a judgment as a matter of law. Baker sought relief from the summary judgment in the Circuit Court and, after being denied relief, she filed a motion for reconsideration, which was also denied.

**B.**    **Initial Appeal of Initial Case**

On December 7, 2018, Baker, *pro se*, filed an appeal from that trial court judgment in this Court, Case Number 4DCA-18-3618 ("3618"). After many failed attempts to perfect the appeal, the matter was fully briefed. On October 3, 2019, this Court issued its *per curium Opinion*

Resnick & Louis, P.C. 444 Brickell Avenue, Suite 300, Miami, Florida 33131

affirming the summary judgment. Exhibit 1. Baker, nonetheless, filed unauthorized, repetitive so-called *Petitions for Writs of Certiorari.*

## C.    Unauthorized, Serial, Repetitive 4ᵗʰ DCA Appeals

Unwilling to wait for rulings on the frivolous filings in the initial appeal ending in 3618, on October 21, 2019, Baker filed for unauthorized, serial, repetitive relief in a new appellate filing in this Court, Case Number 4DCA-19-3261 ("3261"). Exhibit 2. Baker again filed a so-called *Petition for Writ of Certiorari* again seeking the same relief for alleged grievances arising out of the initial circuit court case number 11132 and the initial appeal in 3618. Macy's filed motions seeking sanctions for Baker's history of frivolous filings and requested an order barring Baker from future filings as a *pro se* litigant. Those motions were denied by this Court, which also dismissed Baker's filing in 3261. On October 31, 2019, acknowledging that the action in 3261 was connected to the initial appeal in 3618, this Court ruled that, to the extent the filing in 3261 was a request for relief in 3618, it was denied as untimely. Exhibit 3.

Undeterred, on November 3, 2019, Baker again filed for unauthorized, repetitive relief, seeking to amend the dismissed, so-called *Petition for Writ of Certiorari.* Exhibit 4. Macy's again filed a *Motion for Sanctions* for Baker's continued pattern of frivolous and abusive filings. On November 6, 2019, this Court treated Baker's *Amended Petition for Writ of Certiorari* as a request for rehearing of its October 31, 2019, *Order* denying her relief, and again denied Baker any relief. It also denied Macy's *Motion for Sanctions.* Exhibit 5.

True to form, on November 14, 2019, Baker filed another so-called *Petition for Writ of Certiorari* in this Court, again seeking relief in connection with the same grievances disposed of in appeal 3618 on October 3, 2019 by *Per Curiam Order.* Exhibit 6. On November 15, 2019, this Court struck that filing as "unauthorized," and warned Baker that "no further filings were

permitted," and "any further frivolous filing may result in sanctions, including a bar on *pro se*

filing in this Court." Exhibit 7.

**D.      Florida Supreme Court Appeal**

Simultaneously to seeking relief in this Court in appeal number 3261, Baker was filing

for relief in the Florida Supreme Court also seeking relief from the results in appeal 3618.

Exhibit 8. The relief continuously sought throughout Baker's appellate filings, to the extent it is

intelligible, appears to have been seeking review of the summary judgment entered in circuit

case number 11132. After several attempts at filing a perfected appeal, the Florida Supreme

Court issued its opinion dismissing the appeal because it lacked jurisdiction to review this

Court's *Order* disposing of appeal number 3618. Recognizing Baker's *modus operandi* of

frivolous filings, the Florida Supreme Court proactively warned Baker not to file motions for

rehearing or reinstatement. Exhibit 9.

**E.      SCOTUS Appeal**

On November 19, 2019, Baker continued her legal odyssey by filing for transfer for

review of appeal numbers 3618 and 3261 to the United States Supreme Court. Exhibit 10. There

was nothing new in Plaintiff's request, she sought relief from the summary judgment entered in

circuit court case 11132. On February 24, 2020, the Supreme Court of the United States denied

Baker's petition for transfer. Exhibit 11. There is no nonfrivolous argument that Baker had any

legally or procedurally viable option for seeking relief after this date, yet here we are.

**F.      Instant Appeal**

On March 30, 2021, without any authorized appellate options, Baker has nonetheless

filed this appeal of nothing. Exhibit 12. Baker's *Notice of Appeal* failed to attach the order or

judgment being appealed as required by Rule of Appellate Procedure 9.110(d). On March 31,

2021, this Court ordered Baker to comply with the Rule and file the order or judgment being appealed within fifteen (15) days, or by April 15, 2021. Exhibit 13. True to Baker's *modus operandi* of lodging frivolous filings and failing to comply with the Rules, to date Baker has not complied with this Court's *Order*. Without more, that is grounds to dismiss Baker's latest frivolous filing, but this record clearly shows that merely dismissing this appeal is insufficient to deter Baker from continuing to make frivolous filings.

## II.   **RELIEF REQUESTED**

In a real sense, Baker's latest filing runs afoul of this Court's November 15, 2019, *Order* striking Baker's serial, repetitive filings as "unauthorized," and warning Baker that "no further filings were permitted," and that "any further frivolous filing may result in sanctions, including a bar on pro se filing in this Court." Baker's instant appeal picks up precisely where her last filing in appeal 3621 left off, by seeking relief that, if authorized, could have been sought in the initial appeal number 3618. There is no procedure that authorizes this appeal, assuming it is directed to the summary judgment entered in 11132, appeals 3261 or 3618. If the appeal is not directed to those cases, then there is no lower court action that even theoretically could authorize this appeal. Either way, this Court should conclude that this latest appeal violates its November 15, 2019, *Order* admonishing Baker to stop filing frivolous actions.

Macy's urges this Court to look at this *Motion* not from the point of view of defending this one frivolous appeal, but rather a continuous set of costly, both in time and money, actions all taken by Baker without merit. The original circuit case, filed on September 30, 2016, was decided upon the undisputed material facts establishing that Baker was aware of the alleged hazard that she allegedly tripped over and allegedly injured herself. The alleged hazard was open and obvious, and Macy's was entitled to judgment as a matter of law. Baker had no case.

From there, Baker's repeated filings failed to comply with the Rules, raised nothing of merit, and had no basis in law of fact. Here we are in April of 2021, still defending a suit that is now over five (5) years old and still lacks all merit in fact and law. When does it stop? When can Macy's get peace, avoid unnecessary costs, achieve justice? It needs to stop here, now.

As mentioned in this Court's November 15, 2019, *Order*, this Court has the authority to impose sanctions on Baker, including costs. Most importantly, however, this Court has the power and authority to bar Baker from further *pro se* filings. <u>Johnson v. Bank of New York Mellon Trust Co.</u>, 136 So. 3d 507, 508 (Fla. 2014); <u>Riethmiller v. Riethmiller</u>,133 So. 3d 926 (Fla. 2013); <u>May v. Barthet</u>, 934 So. 2d 1184, 1186 (Fla. 2006). If Baker's conduct does not justify this relief, it is hard to imagine what case will. Baker has demonstrated both the intent to abuse the process and the willingness to endlessly pursue Macy's for relief she is not entitled to receive. Macy's has suggested in prior motions for sanctions that Baker will never stop filing for relief until a court stops her. That seems self-evident now. Macy's should be free from Baker's continued harassment, as well as the wasted costs, fees, and time imposed by her conduct.

## III.   <u>CONCLUSION</u>

This Court should strike Baker's filings in this action as unauthorized and frivolous. Additionally, this Court should bar Baker from making further *pro se* filings and require any future filings to be made by legal counsel. To the extent this Court thinks imposing monetary sanctions on Baker will help deter her conduct and defray the unnecessary fees and costs imposed on Macy's, it is welcome. This Court has inherent power to stop frivolous filings and abusive practices. It should use it.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a copy of the foregoing via E-Service E-Mail on this 22nd day of April, 2021, upon all persons using the E-services, by email on Janice Baker at rbaker4423@att.net, by regular US Mail on Janice Baker's last known mailing address and electronically filed the foregoing with the Fourth District Court of Appeal by using the Florida Courts eFiling Portal.

Respectfully submitted.

**RESNICK & LOUIS, P.C.**
444 Brickell Avenue, Suite 300
Miami, Florida 33131
Telephone: (786) 312-1302
E-Mail: bharvell@rlattorneys.com
E-Mail: aiftikhar@rlattorneys.com
E-Mail: agarcia@rlattorneys.com
E-Mail: tblair@rlattorneys.com

By: _____
BRIAN L. HARVELL, ESQ.
Florida Bar No.: 1001026
ALI IFTIKHAR, ESQ.
Florida Bar No. 121865

Filing # 128621992 E-Filed 06/11/2021 05:22:38 PM

## IN THE FOURTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

JANICE BAKER,

     Appellant,

*v.*

MACYS FLORIDA STORES
LLC.,

     Appellee.

_____/

CASE NO.: 4D21-1183

L.T. CASE NO.: 50-2016-CA-011132

## APPELLEE'S RESPONSE TO APPELLANT'S MOTION TO REOPEN AND MOTION TO DISMISS FOR FRIVOLOUS APPEAL, AND MOTION FOR SANCTIONS

For Appellee Macy's Florida Stores, LLC's ("Appellee") *Response to Appellant's Motion to Reopen and Motion to Dismiss for Frivolous Appeal, and Motion for Sanctions*:

## I.   INTRODUCTION

## A.   Appellant's *Motion to Reopen*

Appellant is again making Appellee's repeated warnings that Appellant will never stop frivolous filings until a court stops her seem prescient. Appellant's May 7, 20121, *Motion to Reopen* must be considered in the context of the procedural history of the case and not as a serious motion with any merit. Until a court forces

Resnick & Louis, P.C. 444 Brickell Avenue, Suite 300, Miami, Florida 33131

Appellant to stop bringing frivolous actions, Appellant will always have a next excuse or pretext for another frivolous filing.

Appellant's *Motion to Reopen* should be denied whether its unbelievable premise that Appellant did not receive **any notice** that she was required to file a conformed copy of the order or judgment being challenged by her appeal is factually supported or not, because no appealable order can be attached in this case, since no appealable order exists. The primary reasons that Appellant could not comply with the Court's various *Orders* are: (1) the appeal she was pursuing was not authorized by any Rule, (2) it was not directed to any prior court action that qualified as a grievance ripe for appellate adjudication, (3) Appellant is not an "aggrieved party" entitled to an appeal, and (4) there is no extraordinary basis for this Court to have exercised jurisdiction. As of February 24, 2021, the date Appellant lost her appeal of the original summary judgment filed in the Supreme Court of the United States, Appellant had no viable appellate recourse and no Rule authorized further appeals. See Section II for full discussion.

If the Court is not convinced that no appealable order exists, without the benefit of an evidentiary hearing and credibility determinations, the only way to evaluate Appellant's claims supporting her *Motion to Reopen*, is to review the procedural history leading to this juncture to reveal the absurdity of Appellant's claims. For the *Motion to Reopen* to have merit, this Court must believe that: (1) Appellant did not receive the initial March 30, 2021, *Order* from the Court directing her to file the conformed copy of the order being appealed (see docket attached as Exhibit 1. (App. 002). showing filing dates for each item), but; (2) Appellant in fact received this Court's March 30, 2021, *Order* directing her to obtain a finding of indigency from the trial court or to pay the $300.00 filing fee, and on April 8, 2021, Appellant filed a *Motion to Extend* the time to pay the filing fee, and then complied by paying the filing fee, and; (3) Appellant did not receive Appellee's April 22, 2021, *Motion to Dismiss* for failing to file a conformed copy of the order or judgment being appealed (which put Appellant on notice to file the conformed copy) per the original March 30, 2021, *Order*, and; (4) Appellant did not receive this Court's April 23, 2021, *Show Cause*

*Order,* requiring Appellant to explain within fifteen (15) days why the appeal should not be dismissed for failing to file a conformed copy of the order or judgment being appealed as required by the Court's March 30, 2021, *Order,* or to file the conformed order within ten (10) days, but; (5) nonetheless in a random coincidence, on April 29, 2021, Appellee filed a largely incoherent *Response* to Appellee's *Motion to Dismiss* and the Court's *Show Cause Order,* without ever filing a conformed copy of the order being appealed, and; (6) Appellant miraculously began receiving her emails again by May 5, 2021, to timely receive this Court's *Orders* dismissing the appeal for failing to provide a conformed copy of the order or judgment being appealed.

Additionally, assuming Appellant's "Experian Report" attached to the *Motion to Reopen* is authentic and accurate (Exhibit 2). (App. 005), it merely indicates that her email address and password were found somewhere on the "dark web," **but it does not show that her account was actually accessed, or that information was pilfered**. It also shows the report was dated April 29, 2021, or that was the date the information was discovered on the "dark web,"

which happens to be the same date that she "randomly" responded to the *Motion to Dismiss* and *Show Cause Order* that she supposedly had not received. If Appellant's email and password truly were found on the "dark web" on April 29, 2021, this is after the dates she was electronically served an original order, a motion directed to complying with the original order, and a subsequent show cause order to file a conformed copy. How could that alleged "dark web" disclosure date have interfered with her prior emails?

It appears that, minimally, Appellant could have advised this Court that her email account had been compromised in her April 29, 2021, filing. Why did she not add a secondary email to the ECF system on April 29, 2021? These steps seem like the rational things to do once an email address used for formal proceedings had been compromised. That these steps were not taken indicates that Appellant is fabricating this "dark web" excuse to have another bite at the apple.

The truth is that Appellant has a problem accepting that her case has been long concluded and that she lost. Appellee is truly a victim of Appellant's denial, and her abuse of the legal system to

wrongfully harass Appellee, costing it valuable time and money. Appellant never had a viable lawsuit and has been afforded a level of due process and access to the courts that would make Kafka's protagonist in *The Trial*, Josef K.'s, head spin. Appellant's continued abusive filings must be stopped. The following gives the complete context.

**B.** **Initial Case in Circuit Court**

In 2016, Appellant filed a claim for alleged injuries allegedly suffered during an alleged trip and fall over an alleged hazard at a Macy's store, in Case Number 2016-CA-11132 ("11132"). For reasons unknown, Appellant's counsel withdrew from the case and Appellant proceeded *pro se*. Based on the undisputed facts that the alleged hazard was open and obvious; the trial court determined that Appellee was entitled to a judgment as a matter of law. Appellant sought relief from the summary judgment in the Circuit Court and, after being denied relief, she filed a *Motion for Reconsideration*, which was also denied.

**B.**    **Initial Appeal of Initial Case**

On December 7, 2018, Appellant, *pro se*, filed an appeal from that trial court judgment in this Court, Case Number 4DCA-18-3618 ("3618"). After many failed attempts to perfect the appeal, the matter was fully briefed. On October 3, 2019, this Court issued its *per curium Opinion* affirming the summary judgment. Exhibit 3. (App. 007). Appellant, nonetheless, filed unauthorized, repetitive so-called *Petitions for Writs of Certiorari*.

**C.**    **Unauthorized, Serial, Repetitive 4th DCA Appeals**

Unwilling to wait for rulings on the frivolous filings in the initial appeal ending in 3618, on October 21, 2019, Appellant filed for unauthorized, serial, repetitive relief in a new appellate filing in this Court, Case Number 4DCA-19-3261 ("3261"). Exhibit 4. (App. 008). Appellant again filed a so-called *Petition for Writ of Certiorari* again seeking the same relief for alleged grievances arising out of the initial circuit court case number 11132 and the initial appeal in 3618. Appellee filed motions seeking sanctions for Appellant's history of frivolous filings and requested an order barring Appellant from future filings as a *pro se* litigant. Those motions were denied

by this Court, which also dismissed Appellant's filing in 3261. On October 31, 2019, acknowledging that the action in 3261 was connected to the initial appeal in 3618, this Court ruled that, to the extent the filing in 3261 was a request for relief in 3618, it was denied as untimely. Exhibit 5 (App.037).

Undeterred, on November 3, 2019, Appellant again filed for unauthorized, repetitive relief, seeking to amend the dismissed, so-called *Petition for Writ of Certiorari.* Exhibit 6 (App. 040). Appellee again filed a *Motion for Sanctions* for Appellant's continued pattern of frivolous and abusive filings. On November 6, 2019, this Court treated Appellant's *Amended Petition for Writ of Certiorari* as a request for rehearing of its October 31, 2019, *Order* denying her relief, and again denied Appellant any relief. It also denied Appellee's *Motion for Sanctions.* Exhibit 7 (App.067).

True to form, on November 14, 2019, Appellant filed another so-called *Petition for Writ of Certiorari* in this Court, again seeking relief in connection with the same grievances disposed of in appeal 3618 on October 3, 2019, by *Per Curium Order.* Exhibit 8 (App.068). On November 15, 2019, this Court struck that filing as

"unauthorized," and warned Appellant that "no further filings were permitted," and "any further frivolous filing may result in sanctions, including a bar on *pro se* filing in this Court." <u>Exhibit 9 (App.097)</u>.

### D.   <u>Florida Supreme Court Appeal</u>

Simultaneously to seeking relief in this Court in appeal number 3261, Appellant was filing for relief in the Florida Supreme Court also seeking relief from the results in appeal 3618. <u>Exhibit 10 (App.098)</u>. The relief continuously sought throughout Appellant's appellate filings, to the extent it is intelligible, appears to have been seeking review of the summary judgment entered in circuit case number 11132. After several attempts at filing a perfected appeal, the Florida Supreme Court issued its opinion dismissing the appeal because it lacked jurisdiction to review this Court's *Order* disposing of appeal number 3618. Recognizing Appellant's *modus operandi* of frivolous filings, the Florida Supreme Court proactively warned Appellant not to file motions for rehearing or reinstatement. <u>Exhibit 11 (App.119)</u>.

**E.**    **SCOTUS Appeal**

On November 19, 2019, Appellant continued her legal odyssey by filing for transfer for review of appeal numbers 3618 and 3261 to the United States Supreme Court. Exhibit 12 (App.120). There was nothing new in Plaintiff's request, she sought relief from the summary judgment entered in circuit court case 11132. On February 24, 2020, the Supreme Court of the United States denied Appellant's petition for transfer. Exhibit 13 (App.149). *There is no nonfrivolous argument that Appellant had any legally or procedurally viable option for seeking relief after this date, yet here we are.*

**F.**    **Instant Appeal (No Appealable Order or Judgment Exists)**

Appellant's loss before the Unites States Supreme Court on February 24, 2020, ended all **theoretically viable appellate review options**. Nonetheless, on March 30, 2021, Appellant nonetheless filed this appeal of nothing. Exhibit 14 (App.150). Appellant's *Notice of Appeal* failed to attach the order or judgment being appealed as required by Rule of Appellate Procedure 9.110(d). On March 31, 2021, this Court ordered Appellant to comply with the Rule and file the order or judgment being appealed within fifteen (15) days, or by

April 15, 2021. Exhibit 15 (App.223). We are now entertaining Appellant's *Motion to Reopen* because she claims she did not receive notice to file the conformed copy. Without expounding, this Court should look to Section I, A for the listing of reasons to deny Appellant's *Motion* without further inquiry. If the Court is satisfied, it should save time by skipping the next paragraphs and deny Appellant's *Motion*. It should also enter the sanctions requested below.

If still reading, a few things should by now be painfully obvious. First, Appellant will not stop frivolous filings until she is stopped by the courts. Second, there is no valid order or judgment under which Appellant is an aggrieved party entitled to an appeal or to extraordinary relief. Third, if the case is reopened, the outcome will be the same, the case must be dismissed because this Court's jurisdiction cannot be invoked as a matter of law. Fourth, Appellant's claims that her email was compromised, if assumed true, does not present a credible basis to believe that Appellant did not receive notice that she had been ordered to file a conformed copy of the order or judgment being appealed, based upon the total

record and procedural history. Fifth, Appellant knew that she had filed the appeal and, like all litigants, had a duty to monitor the case docket for activity, and she should have checked the online docket since she is capable of doing that based upon the second exhibit attached to her *Motion to Reopen*. Sixth, Appellee has suffered years of frivolous and abusive filings by Appellant.

It is mind-boggling that Appellee is still fighting this case after all this time.

## II.  **RELIEF REQUESTED**

Looking past the *Motion to Reopen* and in a real sense, Appellant's latest appellate effort runs afoul of this Court's November 15, 2019, *Order* striking Appellant's serial, repetitive filings as "unauthorized," and warning Appellant that "no further filings were permitted," and that "any further frivolous filing may result in sanctions, including a bar on pro se filing in this Court." Appellant's instant appeal picks up precisely where her last filing in appeal 3621 left off, by seeking relief that, if authorized, could have been sought in the initial appeal number 3618. There is no procedure that authorizes this appeal, assuming it is directed to the

summary judgment entered in 11132, appeals 3261 or 3618. If the appeal is not directed to those cases, then there is no lower court action that even theoretically could authorize this appeal. Either way, this Court should conclude that this latest appeal violates its November 15, 2019, *Order* admonishing Appellant to stop filing frivolous actions.

Appellee urges this Court to look at this *Motion* not from the point of view of defending this one frivolous appeal, but rather a continuous set of costly, both in time and money, actions all taken by Appellant without merit. The original circuit case, filed on September 30, 2016, was decided upon the undisputed material facts establishing that Appellant was aware of the alleged hazard that she allegedly tripped over and allegedly injured herself. The alleged hazard was open and obvious, and Appellee was entitled to judgment as a matter of law. Appellant had no case. From there, Appellant's repeated filings failed to comply with the Rules, raised nothing of merit, and had no basis in law of fact. Here we are in April of 2021, still defending a suit that is now over five (5) years old and still lacks all merit in fact and law. When does it stop? When

can Appellee get peace, avoid unnecessary costs, achieve justice? It needs to stop here, now.

As mentioned in this Court's November 15, 2019, *Order*, this Court has the authority to impose sanctions on Appellant, including costs. Most importantly, however, this Court has the power and authority to bar Appellant from further *pro se* filings. Johnson v. Bank of New York Mellon Trust Co., 136 So. 3d 507, 508 (Fla. 2014); Riethmiller v. Riethmiller, 133 So. 3d 926 (Fla. 2013); May v. Barthet, 934 So. 2d 1184, 1186 (Fla. 2006). If Appellant's conduct does not justify this relief, it is hard to imagine what case will.

Appellant has demonstrated both the intent to abuse the process and the willingness to endlessly pursue Appellee for relief she is not entitled to receive. Appellee has suggested in prior motions for sanctions that Appellant will never stop filing for relief until a court stops her. That seems self-evident now. Appellee should be free from Appellant's continued harassment, as well as the wasted costs, fees, and time imposed by her conduct.

# III.  <u>CONCLUSION</u>

This Court should deny Appellant's *Motion to Reopen*. It should further find that Appellant's underlying appeal is unauthorized and frivolous. Additionally, this Court should bar Appellant from making further *pro se* filings and require any future filings to be made by legal counsel. To the extent this Court *sua sponte* thinks imposing monetary sanctions on Appellant will help deter her conduct and defray the unnecessary fees and costs imposed on Appellee, it is welcome. This Court has inherent power to stop frivolous filings and abusive practices. It should use it.

[Certificates on following page]

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a copy of the foregoing via E-Service E-Mail on this June 11, 2021, upon all persons using the E-services, by email on Janice Appellant at rbaker4423@att.net, by regular US Mail on Janice Appellant's last known mailing address and electronically filed the foregoing with the Fourth District Court of Appeal by using the Florida Courts eFiling Portal.

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that this Response complies with the Rules governing font type and size.

**RESNICK & LOUIS, P.C.**
444 Brickell Avenue, Suite 300
Miami, Florida 33131
Telephone: (786) 312-1302
E-Mail: bharvell@rlattorneys.com
E-Mail: aiftikhar@rlattorneys.com
E-Mail: agarcia@rlattorneys.com
E-Mail: tblair@rlattorneys.com

By: _____
BRIAN L. HARVELL, ESQ.
Florida Bar No.: 1001026

Filing # 128621992 E-Filed 06/11/2021 05:22:38 PM

## IN THE FOURTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

JANICE BAKER,

      Appellant,

v.

                              CASE NO.: 4D21-1183
                              L.T. CASE NO.: 50-2016-CA-011132

MACYS FLORIDA STORES
LLC.,

      Appellee.

_____/

## APPELLE'S APPENDIX IN SUPPORT OF ITS RESPONSE TO APPELLANT'S MOTION TO REOPEN AND MOTION TO DISMISS

**RESNICK & LOUIS, P.C.**
444 Brickell Avenue, Suite 300
Miami, Florida 33131
Telephone: (786) 312-1302
E-Mail: bharvell@rlattorneys.com
E-Mail: agarcia@rlattorneys.com
E-Mail: tblair@rlattorneys.com


By:_____
BRIAN L. HARVELL, ESQ.
Florida Bar No.: 1001026
ATTORNEYS FOR APPELLEE

Florida Fourth District Court of Appeal Docket

Case Docket

Case Number: 4D21-1183

Final Civil Other Notice from Palm Beach County

JANICE BAKER vs. MACY'S FLORIDA STORE, LLC

Lower Tribunal Case(s):502016CA011132

6/11/2021 12:03:09 PM

| Date Docketed | Description | Filed By | Notes |
|---|---|---|---|
| 03/30/2021 | Notice of Appeal Filed | Janice D. Baker *C* | |
| 03/31/2021 | Appellant to File Order Appealed-Civil | | ORDERED that appellant is directed to file, within fifteen (15) days from the date of this order, a conformed copy of the order being appealed. See Florida Rule of Appellate Procedure 9.110(d). This copy must contain a legible stamp from the clerk of the lower tribunal, showing the date and time the order being appealed was filed in that office. |
| 03/31/2021 | ORD-Pay Filing Fee - pro se civil appeal | | The jurisdiction of this court was invoked by filing of a Notice of Appeal in the lower tribunal. The $300.00 filing fee, or a circuit court clerk's determination of indigent status, did not accompany the Notice of Appeal as required in Florida Rules of Appellate Procedure 9.110(b) and 9.140(a). The filing fee is due and payable at the time of filing REGARDLESS OF WHETHER THE APPEAL IS LATER DISMISSED VOLUNTARILY OR ADVERSELY. ORDERED, appellant shall pay the $300.00 filing fee or file the circuit court clerk's determination of indigent status in this court within ten (10) days from the date of the entry of this order. The fee may be paid electronically through the Florida Courts E-Filing Portal – see the court's website for details. Failure to comply within the time prescribed will result in dismissal of this cause and may result in the court sanctioning of any party, or the party's attorney, who has not paid the filing fee. If appellant has already been found indigent for purposes of proceedings in the lower tribunal, in this case, appellant shall file a copy of that order in this court. If appellant does not have an order or a determination of indigent status and believes that he or she is insolvent, appellant shall complete the enclosed application and mail to the Clerk of the Circuit Court within fifteen (15) days from the date of this order. A Notice of Compliance |

002

| | | | that you have applied for indigent status, must also be filed with this court. The Clerk of the Circuit Court shall forward the Clerk's Determination to this court within ten (10) days of receipt. Failure of appellant to comply with this order will result in the dismissal of this appeal. **NOTE: This order does not toll the time for filing any pleadings necessary to prosecute this appeal and no extensions of time will be entertained. Once the fee is paid, it is not refundable. Except for dismissal, this court will take no action in this appeal until the filing fee is paid or until a circuit court clerk's determination of indigent status is filed. |
|---|---|---|---|
| 03/31/2021 | Acknowledgment Letter | | |
| 04/05/2021 | Determination of Indigent Status | | **NOT INDIGENT** |
| 04/08/2021 | Motion for Extension of Time | Janice D. Baker *C* | |
| 04/09/2021 | Grant Extension of Time | | ORDERED that appellant's April 8, 2021 motion is treated as a motion for extension of time to pay the filing fee and is granted. Appellant shall pay the filing fee on or before April 30, 2021. |
| 04/13/2021 | ORD-FROM CIRCUIT COURT/AGENCY | | ***NOT INDIGENT |
| 04/13/2021 | Notice of Appearance | Ali Iftikhar | |
| 04/16/2021 | Case Filing Fee | | |
| 04/22/2021 | Motion To Dismiss | Brian L Harvell 1001026 | FOR NONCOMPLIANCE WITH ORDER, FRIVOLOUS APPEAL, AND MOTION FOR SANCTIONS |
| 04/23/2021 | Order to Show Cause-Appeal Dismissal | | ORDERED that appellant is directed to show cause in writing, if any there be, within ten (10) days from the date of this order, why the above-styled case should not be dismissed or other sanctions imposed for failure to comply with this court's March 31, 2021 order requiring a conformed copy of the order being appealed to be filed with this court. If the order is filed within this ten (10) day period, this order to show cause will be considered automatically discharged without further order. |
| 04/29/2021 | Response | Janice D. Baker *C* | |
| 05/03/2021 | ORD-Granting Aplee's Motion to Dismiss | | Upon consideration of appellant's April 29, 2021 response, it is ORDERED that appellee's April 22, 2021 motion to dismiss is granted. The above-styled appeal is dismissed for appellant's failure to comply with this court's March 31, 2021 order requiring a conformed copy of the order being appealed to be filed with this court. GROSS, GERBER and KLINGENSMITH, JJ., concur. |
| 05/03/2021 | Dismissed - Order | | |

003

| | by Judge | | |
|---|---|---|---|
| 05/07/2021 | Motion For Rehearing | Janice D. Baker *C* | |
| 05/11/2021 | Appendix | Janice D. Baker *C* | TO MOTION FOR REHEARING |
| 06/01/2021 | ORD-Appellee to File Response | | ORDERED that appellee is directed to respond, within ten (10) days from the date of this order, to appellant's May 7, 2021 motion for rehearing. |

Filing # 91329180 E-Filed 06/19/2019 11:10:52 AM

**IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA**
**FOURTH DISTRICT, 110 SOUTH TAMARIND AVENUE, WEST PALM BEACH, FL 33401**

January 22, 2019

**CASE NO.: 4D18-3618**
L.T.No.:502016CA011132XXXXMB

JANICE BAKER

v.

MACY'S FLORIDA STORES, LLC

Appellant / Petitioner(s)

Appellee / Respondent(s)

**APPELLEE'S REQUEST FOR ORAL ARGUMENT**

Per Rule 9.320 Appellee requests oral argument, because it will help the Court decide the

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I served a copy of the foregoing via E-Mail: rbaker4423@att.net and First Class Certified US Mail (7018 290 0000 5499 0404); 4423 Lake Tahoe Circle, West Palm Beach, FL 33409 upon Appellant, Janice Baker, on this June 19, 2019.

Respectfully submitted,

**RESNICK & LOUIS, P.C.**
444 Brickell Avenue, Suite 300
Miami, FL 33131
Telephone and Fax: (786) 312-1302
E-mail: bharvell@rlattorneys.com
E-mail: rsquire@rlattorneys.com
E-mail: tharari@rlattorneys.com
E-mail: aoliva@rlattorneys.com

By:   /s/ Brian L. Harvell
       Brian L. Harvell, Esq.
       Florida Bar No.: 1001026

       Robert J. Squire, Esq.
       Florida Bar No.: 584169

Resnick & Louis, P.C. 444 Brickell Avenue, Suite 300, Miami, Florida 33131

District Court of Appeal

RECEIVED, 06/19/2019 11:11:35 AM, Clerk,

Filing # 97916578 E-Filed 10/25/2019 06:13:42 PM

**IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA FOURTH DISTRICT, 110 SOUTH TAMARIND AVENUE, WEST PALM BEACH FL 33401**

March 25, 2019

CASE NO.: 4D18-3618
L.T.No.:502016CA011132XXXXMB

JANICE BAKER      v.      MACY'S FLORIDA STORES, LLC

Appellant / Petitioner(s)          Appellee / Respondent(s)

## APPELLEE'S MOTION FOR SANCTIONS

For Macy's Florida Stores, LLC's ("Macy's") *Motion for Sanctions* it states:

1.       On October 3, 2019, this Court issued its per curium *Opinion* affirming the trial court judgment. <u>Exhibit A.</u>

2.       Janice Baker filed documents with the Florida Supreme Court seeking discretionary review.

3.       On October 17, 2019, the Florida Supreme Court entered its *Order* dismissing this appeal for lack of jurisdiction. <u>Exhibit B.</u>

4.       The *Order* expressly stated that no motion for rehearing or reinstatement will be entertained by the Court. <u>Id.</u>

5.       Despite the Supreme Court's *Order*, on October 21, 2019, Janice Baker filed something titled "*Petitioner of Writ of Certiorari*" before the Fourth District Court of Appeals.

6.       This is not an authorized filing and, to the extent it is given any meaning, should be treated as a motion for rehearing or reinstatement, in violation of the Supreme Court's *Order*.

7.       Additionally, the filing is incoherent and does not articulate any authorized basis for further appellate review.

RECEIVED, 10/25/2019 06:14:29 PM, Clerk, Fourth District Court of Appeal

8.      To the extent it can be treated as a Petition for Certiorari, it should be immediately

denied, because it is requesting this Court review the decision of the Florida Supreme Court,

which is not how the system works.

9.      The filing lack all merit at law, in fact, and is frivolous.

10.     Janice Baker's history as a *pro se* litigant of filing defective briefs and for seeking

unauthorized review constitutes an abuse of the legal system.

11.     This Court has inherent authority to control litigants' conduct in court.  Lussy v.

Damsel, 890 So. 2d 1184, 1185 (Fla. 4ᵗʰ DCA 2004), *citing* Lussy v. Fourth Dist. Court of

Appeal, 828 So. 2d 1026, 1027 (Fla. 2002)

12.     A deliberate and contumacious disregard of the Court's authority will justify

application of this severest of sanctions, as will bad faith, willful disregard or gross indifference

to an Order of the Court or conduct which evinces deliberate callousness. Belle Glade

Chevrolet—Cadillac Buick Pontiac Oldsmobile, Inc. v. Figgie, 54 So.3d 991 (Fla. 4th DCA

2010); America's Yate de Costa Rica v. Armco Mfg., Inc., 82 So.3d 882 (Fla. 4th DCA 2011);

Cook v. Custom Marine Distrib., Inc., 29 So.3d 462 (Fla. 4th DCA 2010).

13.     This Court should dismiss Janice Baker's "*Petitioner of Writ of Certiorari*" and

follow the mandate issued by the Supreme Court.

14.     This Court should sanction Janice Baker to punish her frivolous filing, but also to

deter her from repetitive filing for unauthorized relief, by applying a financial sanction and

requiring Janice Baker to file further pleadings in this matter only through a licensed attorney.

Resnick & Louis, P.C. 444 Brickell Avenue, Suite 300, Miami, Florida 33131

WHEREFORE, Appellee prays that this Court dismiss Janice Baker's frivolous filing, enter an opinion consistent with the mandate, sanction Janice Baker accordingly and for other relief deemed proper and just.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a copy of the foregoing via E-Service E-Mail on this 25th day of March, 2019 upon all persons using the E-services, by email on Janice Baker at rbaker4423@att.net, and by regular US Mail on Janice Baker's

Respectfully submitted,

**RESNICK & LOUIS, P.C.**
444 Brickell Avenue, Suite 300
Miami, FL 33131
Telephone and Fax: (786) 312-1302
E-mail: bharvell@rlattorneys.com
E-mail: rsquire@rlattorneys.com
E-mail: tharari@rlattorneys.com
E-mail: aoliva@rlattorneys.com

By:   /s/ Brian L. Harvell
      Brian L. Harvell, Esq.
      Florida Bar No.: 1001026

      Robert J. Squire, Esq.
      Florida Bar No.: 584169

Filing # 86920646 E-Filed 03/25/2019 04:04:28 PM

# IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA FOURTH DISTRICT, 110 SOUTH TAMARIND AVENUE, WEST PALM BEACH FL 33401

March 25, 2019

**CASE NO.: 4D18-3618**
L.T.No.:502016CA011132XXXXMB

JANICE BAKER      v.      MACY'S FLORIDA STORES, LLC

Appellant / Petitioner(s)            Appellee / Respondent(s)

## APPELLEE'S MOTION TO DISMISS FOR FAILING TO PERFECT AND FILE THE RECORD ON APPEAL

For its *Motion to Dismiss for Failing to Perfect and File the Record on Appeal* pursuant to Rule 9.200(e), Appellee states that Appellant has failed to comply with the Rules of Appellate Procedure and the appeal should be dismissed.[1]

## I.    INTRODUCTION

Pro se Appellant filed a defective Initial Brief, failed to perfect and file the Record on Appeal, and it did not file a compliant Appendix because it does not reference the Record on Appeal nor does it provide conformed copies of various documents. Appellee moved to dismiss for the various defects. Appellant hired counsel who sought leave to file a substitute Initial Brief. Appellee did not object. On March 11, 2019, Appellant filed an Amended Initial Brief, and an Appendix. Appellant still has not complied with the relevant Rules in that she has not paid for

---

[1] All references to "Rule" or "Rules" shall refer to the then applicable Florida Rules of Appellate Procedure.

Resnick & Louis, P.C. 444 Brickell Avenue, Suite 300, Miami, Florida 33131

RECEIVED, 03/25/2019 04:12:33 PM, Clerk, Fourth District Court of Appeal

the Record on Appeal to be transmitted to the court and the parties and the

Appendix does not reference the Record on Appeal, nor does it contained

conformed copies of documents.

**II.    APPELLANT HAS FAILED TO PERFECT THE APPEAL**

Appellant has failed to comply with the Florida Rules of Appellate

Procedure by failing to cause the Record on Appeal to be filed in this case.

Instead, it merely attached uncertified materials in an Appendix.  Rule 9.200, *et*

*seq.*, and particularly (e).  Thomas v. Thomas, 498 So. 2d 668, 670 (Fla. 5th DCA

1986)("[A]ppellant has the burden to submit to the appellate court a record

adequate to support the appeal. [...] As the 1977 Advisory Committee and Court's

Commentary noted, the purpose of the rule is to assure portions of the record

material to a decision will be available to the appellate court.")(ellipses added); *see*

*also*, Rule 9.210(b)(3).  Greenfield v. Westmoreland, 156 So. 3d 1-2 (Fla. 3d DCA

2007) (Striking Appellant's initial brief for failing to cite to the record in

accordance with the Rule).

**III.    THE APPEAL SHOULD BE DISMISSED**

Appellant's failure to comply with the Rules governing the Record on

Appeal, and thus briefing, without showing prejudice to Appellee, is a sufficient

reason for this Court to decline review of the appeal and immediately affirm the

trial court.  This Court is responsible for adjudication of thousands of cases each

year, which amounts to hundreds of cases per judge, and it simply cannot expend

the monumental amount of time it would take to decipher defective briefs or divine

issues from noncompliant appeals. F.M.W., pp. 377-378 ("Accordingly, proper

organization of briefs pursuant to the Florida Rules of Appellate Procedure is not

only desirable and convenient, it has become an absolute necessity.").

This is Appellant's second attempt to perfect this appeal. This should

dispose of the issues and this Court should decline review and affirm the trial court

or strike Appellant's *Amended Initial Brief*.

## IV.   CONCLUSION

Appellant has the burden to cause the Record on Appeal to be transmitted

to the parties. Failing to do so warrants an order compelling Appellant to comply

by providing the Records on Appeal or an order to show cause why the appeal

should not be dismissed.

**[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

Resnick & Louis, P.C. 444 Brickell Avenue, Suite 300, Miami, Florida 33131

Baker v. Macy's Florida Stores, LLC.
CASE NO.: 4D18-3618
L.T.No.:502016CA011132XXXXMB

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a copy of the foregoing via E-Service E-Mail on this 25th day of March, 2019 upon Dave K. Roy, Esq. of ROY & ASSOCIATES, P.A. – E-Service: info@daveroylaw.com.

Respectfully submitted,

**RESNICK & LOUIS, P.C.**
444 Brickell Avenue, Suite 300
Miami, FL 33131
Telephone and Fax: (786) 312-1302
E-mail: bharvell@rlattorneys.com
E-mail: rsquire@rlattorneys.com
E-mail: tharari@rlattorneys.com
E-mail: aoliva@rlattorneys.com

By:    /s/ Brian L. Harvell
        Brian L. Harvell, Esq.
        Florida Bar No.: 1001026

        Robert J. Squire, Esq.
        Florida Bar No.: 584169

Filing # 89189698 E-Filed 05/08/2019 02:47:00 PM

**IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA FOURTH DISTRICT, 110 SOUTH TAMARIND AVENUE, WEST PALM BEACH, FL 33401**

May 8, 2019

**CASE NO.: 4D18-3618**
L.T.No.:502016CA011132XXXXMB

JANICE BAKER          v.          MACY'S FLORIDA STORES, LLC

Appellant / Petitioner(s)                    Appellee / Respondent(s)

**NOTICE OF WITHDRAWAL OF APPELLEE'S MOTION FOR AN EXTENSION OF TIME TO FILE APPELLEE'S BRIEF**

COMES NOW, Appellee, MACY'S FLORIDA STORES, LLC, by and through the undersigned counsel and hereby withdraws its Motion for an Extension of Time to file Appellee's Brief filed on May 7, 2019 (Filing number 89145894). Appellee's Motion for an Extension of Time to file Appellee's Brief has been rendered Moot.

[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

RECEIVED, 05/08/2019 02:47:27 PM, Clerk, Fourth District Court of Appeal

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a copy of the foregoing via E-Service E-Mail on this May 8, 2019, upon Dave K. Roy, Esq. of ROY & ASSOCIATES, P.A. – E-Service: info@daveroylaw.com.

**RESNICK & LOUIS, P.C.**

444 Brickell Avenue, Suite 300
Miami, FL 33131
Telephone and Fax: (786) 312-1302
E-mail: bharvell@rlattorneys.com
E-mail: rsquire@rlattorneys.com
E-mail: tharari@rlattorneys.com
E-mail: aoliva@rlattorneys.com

By:   /s/ Brian L. Harvell
        Brian L. Harvell, Esq.
        Florida Bar No.: 1001026

        Robert J. Squire, Esq.
        Florida Bar No.: 584169

Filing # 89189089 E-Filed 05/08/2019 02:43:01 PM

**IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT, 110 SOUTH TAMARIND AVENUE, WEST PALM
BEACH, FL 33401**

May 8, 2019

**CASE NO.: 4D18-3618**
L.T.No.:502016CA011132XXXXMB

JANICE BAKER                v.        MACY'S FLORIDA STORES, LLC

_____

Appellant / Petitioner(s)                Appellee / Respondent(s)

**NOTICE OF AGREED EXTENSION TO FILE ANSWER BRIEF**

For its Notice of Agreed Extension for Appellee to file Answer Brief, Appellee states:

1.    The undersigned, as counsel for Appellee, and Macy's Florida Stores, LLC has agreed with Dave K. Roy, Esq., counsel for Appellant and Janice Baker that the time for serving Appellee's Answer Brief may be further extended for one (1) day to May 8, 2019.

2.    By Administrative Oder No. 2018-1 no order or further action is sought.

[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

RECEIVED, 05/08/2019 02:43:27 PM, Clerk, Fourth District Court of Appeal

Baker v. Macy's Florida Stores, LLC.
CASE NO.: 4D18-3618
L.T.No.:502016CA011132XXXXMB

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a copy of the foregoing via E-Service E-Mail on this May 8, 2019, upon Dave K. Roy, Esq. of ROY & ASSOCIATES, P.A. – E-Service: info@daveroylaw.com.

Respectfully submitted,

**RESNICK & LOUIS, P.C.**
444 Brickell Avenue, Suite 300
Miami, FL 33131
Telephone and Fax: (786) 312-1302
E-mail: bharvell@rlattorneys.com
E-mail: rsquire@rlattorneys.com
E-mail: tharari@rlattorneys.com
E-mail: aoliva@rlattorneys.com

By:   /s/ Brian L. Harvell
        Brian L. Harvell, Esq.
        Florida Bar No.: 1001026

        Robert J. Squire, Esq.
        Florida Bar No.: 584169

2

Filing # 86920646 E-Filed 03/25/2019 04:04:28 PM

# IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA FOURTH DISTRICT, 110 SOUTH TAMARIND AVENUE, WEST PALM BEACH, FL 33401

March 25, 2019

**CASE NO.: 4D18-3618**
L.T.No.:502016CA011132XXXXMB

JANICE BAKER      v.      MACY'S FLORIDA STORES, LLC

Appellant / Petitioner(s)      Appellee / Respondent(s)

## MOTION FOR AN EXTENSION OF TIME TO FILE APPELLEE'S BRIEF

For its Motion for an Extension of Time to File Appellee's Brief states Appellee states:

1. Appellant filed her Amended Initial Brief on March 11, 2019.

2. Appellee's Brief is due within 20 days thereof, or April 1, 2019.

3. Appellee has been working on a Brief but needs an additional ten (10) days to complete the work.

4. This request is not intended to delay resolution of the case to prejudice any party, but rather permit an answer that is as cogent as possible.

WHEREFORE, Appellee prays that this Court grant its motion and for other relief deemed proper and just in the circumstances.

### [THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

*RECEIVED, 03/25/2019 04:12:31 PM, Clerk, Fourth District Court of Appeal*

Baker v. Macy's Florida Stores, LLC.
CASE NO.: 4D18-3618
L.T.No.:502016CA011132XXXXMB

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a copy of the foregoing via E-Service E-Mail on this 25th day of March, 2019 upon Dave K. Roy, Esq. of ROY & ASSOCIATES, P.A. – E-Service: info@daveroylaw.com.

Respectfully submitted,

**RESNICK & LOUIS, P.C.**
444 Brickell Avenue, Suite 300
Miami, FL 33131
Telephone and Fax: (786) 312-1302
E-mail: bharvell@rlattorneys.com
E-mail: rsquire@rlattorneys.com
E-mail: tharari@rlattorneys.com
E-mail: aoliva@rlattorneys.com

By: __/s/ Brian L. Harvell__
Brian L. Harvell, Esq.
Florida Bar No.: 1001026

Robert J. Squire, Esq.
Florida Bar No.: 584169

Filing # 89146076 E-Filed 05/08/2019 12:45:02 AM

# IN THE FOURTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

### On Appeal from the Circuit Court of the Fifteenth Judicial Circuit
### Palm Beach County, Florida

JANICE BAKER,

     Plaintiff-Appellant,

v.

MACY'S FLORIDA STORES, LLC,

     Defendant-Appellee.

Appellate Case No: 4D18-3618

L.T. Case No: 502016CA011132XXXXMB

## ANSWER BRIEF OF APPELLEE

Robert J. Squire, Esq.
Brian L. Harvell, Esq.
Resnick & Louis, PC
Florida Bar No.: 584169
444 Brickell Avenue, Suite
300Miami, Florida 33131
Telephone and Fax: 305-432-9772
E-Mail: bharvell@rlattorneys.com
Secondary: rsquire@rlattorneys.com
Attorneys for Appellee

RECEIVED, 05/08/2019 12:46:38 AM, Clerk, Fourth District Court of Appeal

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................ 3

STATEMENT OF CASE AND FACTS .......................................... 4

SUMMARY OF ARGUMENT.................................................... 5

ARGUMENT........................................................................ 5
*Standard of Review* .............................................................. 5
*Analysis* ............................................................................ 5

I.     **THE TRIAL COURT DID NOT ERR IN GRANTING MACY'S
       MOTION FOR SUMMARY JUDGMENT, BECAUSE THERE WERE**


       **TO THE EXTENT THE DISPLAY TABLE PRESENTED ANY RISK,
       IT WAS AN OPEN AND OBVIOUS CONDITION.**

CONCLUSION.................................................................... 17

CERTIFICATE OF FONT COMPLIANCE ................................... 17

CERTIFICATE OF SERVICE ................................................... 18

## TABLE OF AUTHORITIES

**Florida Rules**

Florida Rule of Civil Procedure 1.510 ...................................................11

**Cases**

Aaron v. Palatka Mall, L.L.C.,
908 So. 2d 574, 576 – 577 (Fla. 5th DCA 2005)..................................12, 16

Brookie v. Winn-Dixie Stores, Inc.,
213 So. 3d 1129, 1132 (Fla. 1st DCA App. 2017).................................14

Cruz v. Wal-Mart Stores E., LP,
44 Fla. L. Weekly D 765, p. 5 (Dist. Ct. App. 2019)..............................11

Fla. Bar v. Greene, 926 So. 2d 1195, 1200 (Fla. DCA 3d 2006)...................11

Martin Petroleum Corp. v. Amerada Hess Corp.,
769 So. 2d 1105, 1108 (Fla. 4th DCA 2000)........................................11

Slominski v. Citizens Prop. Ins. Corp.,
99 So. 3d 973, 977 (Fla. 4th DCA 2012)..............................................13

Sokoloff v. Oceania I Cond. Ass'n.,
201 So. 3d 664, 664 (Fla. 3d DCA 2016)......................................12, 13, 15

**Secondary Sources**

*Restatement (Second) of Torts: Dangerous Conditions Known to or
Discoverable by Possessor, Section 343A*....................................16

Prof. Keeton, *Personal Injuries Resulting From Open and Obvious
Conditions*, 100 U. Pa. L. Rev. 642 – 43 (1952).............................16

modify a state-court judgment lodged . . . by 28 U.S.C. § 1257 exclusively in" the United States Supreme Court, federal district courts may properly dismiss cases that come within the *Rooker-Feldman* doctrine's ambit for lack of subject matter jurisdiction. *Id.* at 283–84.

Here, I find that the *Rooker-Feldman* doctrine applies as a jurisdictional bar because: (1) Plaintiff indicates that she litigated and lost in state court (which is what led to the instant action); and (2) Plaintiff essentially is asking this Court to review the legal propriety of state trial and appellate court actions and grant her relief therefrom. Because federal district courts may not sit in review of state court decisions, the *Rooker-Feldman* doctrine operates as a jurisdictional bar to this lawsuit. Therefore, I will dismiss this case without prejudice.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Plaintiff's Complaint (DE 1) is **DISMISSED** without prejudice.

(2) The Clerk of Court shall **CLOSE THIS CASE** and **DENY AS MOOT** all pending motions.

**SIGNED** in Chambers at West Palm Beach, Florida this 30th day of July, 2021.

Donald M. Middlebrooks
United States District Judge

cc:    Janice Baker, *pro se*
4423 Lake Tahoe Circle
West Palm Beach, FL 33409

5



HOME INSPECTED

U.S. POSTAGE
PM 1-DAY
$15.50
33417 0005
Date of sale
08/06/21
06  25  SSK
11487169

PRIORITY MAIL 1-DAY®

0005

PRIORITY
MAIL®

PRIORITY MAIL
MEDIUM FLAT RATE
POSTAGE REQUIRED

FROM:

Mrs. Janice Baker
4423 Oak Terrace Circle
West Palm Beach, FL 33409

TO:

Clerks Office
United States District Court
Southern District of Florida
400 North Miami Avenue, 8th09
Miami, Florida 33128-7716

UNITED STATES
POSTAL SERVICE®

PRIORITY®
MAIL



PS00011000001

PRESS FIRMLY TO SEAL